UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

DANIEL EDWARD CALLAHAN,

    Plaintiff,

v.                                                                                                  Hon. Paul L. Maloney

JUDY ELLEN BREGMAN, et al.,                                              Case No. 1:19-CV-1034

    Defendants.

## REPORT AND RECOMMENDATION

### I. Introduction

Plaintiff initiated this matter on December 9, 2019, against Judy Ellen Bregman and Mark Howard Welch. Having granted Plaintiff's motion to proceed as a pauper, the Court has conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this initial review, the Court concludes that Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.

### II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

When evaluating a complaint under Rule 12(b)(6), a court may consider the complaint and any exhibits attached thereto, public records, and items appearing in the record of the case. *See Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Cont'l Identification Prods., Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich. Jan. 2, 2008) (stating that "an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 F. App'x 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

2

**III.   Discussion**

Although the background is not entirely clear, it appears that Plaintiff was a defendant in a state-court domestic relations action brought by his ex-girlfriend, Veronica Ann Marota, several years ago. (ECF No. 1 at PageID.3.) Defendants, who are attorneys, represented Ms. Marota in that litigation. More recently, Plaintiff sued Ms. Marota in a state-court action in which Defendants also represented Ms. Marota. In connection with the later-filed action, Defendants were awarded attorneys' fees against Plaintiff. (ECF No. 1-5.) Defendants attempted to collect the fee award by garnishing Plaintiff's checking account at JP Morgan Chase Bank. (ECF No. 1-4.) Plaintiff alleges that the funds Defendants garnished from his account consisted of Plaintiff's Social Security Disability benefits. (ECF No. 1 at PageID.2.)

Plaintiff alleges various claims arising under federal law. First, Plaintiff alleges that Defendants violated his right to due process under the Fourteenth Amendment to the United States Constitution. In order to establish a due process violation, Plaintiff must show that Defendants were state actors. *Waeschle v. Dragovic*, 576 F.3d 539, 544 (6th Cir. 2009); *see also Krukemyer v. Forcum*, 475 F. App'x 563, 566 (6th Cir. 2012) ("Indeed, there is no constitutional right to be free from harm inflicted by private actors. A due process claim lies only against a governmental defendant."). It is well established that private attorneys are not state actors for purposes of constitutional claims under 42 U.S.C. § 1983. *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981); *see also Geiling v. Wirt Fin. Servs., Inc.*, No. 14-11027, 2014 WL 8473822, at *68 (E.D. Mich. Dec. 31, 2014) (stating that "attorneys do not become state actors either by virtue of their position or by using court procedures, such as subpoenaing evidence"). Thus, Plaintiff has no due process claim against Defendants.

Next, Plaintiff alleges that Defendants are liable for mail fraud pursuant to 18 U.S.C. § 1341, extortion pursuant to 18 U.S.C. § 876, and conspiracy pursuant to 18 U.S.C. § 371. These statutes are all federal criminal statutes, which do not create private rights of action. *Sefa v. Kentucky*, 510 F. App'x 435, 438 (6th Cir. 2013); *see also Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1178–79 (6th Cir. 1979) (holding that 18 U.S.C. § 1341 does not create a private cause of action); *DIRECTV, Inc. v. Shea*, No. 5:03-CV-61, 2003 WL 23200250, at *2 (W.D. Mich. Oct. 20, 2003) (dismissing claims based on 18 U.S.C. § 876 because it "is a criminal statute that does not authorize a civil cause of action"); *Smith v. Taylor-Pederson*, No. 5:17-cv-11532, 2018 WL 2376567, at *6 (E.D. Mich. Apr. 30, 2018) (dismissing claims under numerous criminal statutes, including 18 U.S.C. § 371, for lack of a private right of action). Thus, these claims are subject to dismissal.

Plaintiff also alleges that Defendants violated 42 U.S.C. § 407(a). This provision, which is part of the Social Security Act, provides:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

Plaintiff alleges that Defendants violated this provision when they garnished his bank account.

Plaintiff may maintain suit under § 407(a) only if it creates a private right of action. None of the federal courts of appeals has considered the issue, but "virtually all of the District Courts that have done so have held that § 407 does not create a private right of action." *Strine v. Genesee Valley Fed. Credit Union*, No. 11CV633A, 2013 WL 636469, at *8 (W.D.N.Y. Jan. 29, 2013) (citing *Alexander v. Bank of Am.*, No. 07-4039-CV-C-NKL, 2007 WL 3046637 (W.D. Mo. Oct. 17, 2007)); *see, e.g., Pearson v. Bank of Am., N.A.*, No. CV-16-03402-PHX-JJT, 2016 WL 5871490, at *! (D. Ariz. Oct. 7, 2016) (holding that §407(a) "does not confer a private right of

4

action on a plaintiff"); *Walton v. U.S. Bank*, No. 2:09-CV-931, 2010 WL 392807, at *3 (D. Utah Oct. 4, 2010) ("Looking at the language of the statute itself, nothing in the language of § 407 expressly creates a private right of action and nothing in § 407 suggests that Congress intended to create a private right of action."); *Harris v. Prudential Ins. Co. of Am.*, No. 3:09CV613, 2010 WL 918304, at *5 (N.D. Ohio Mar. 10, 2010) (holding that § 407(a) "creates no private right of action"). In *Alexander*, the court observed that nothing in the statute's language suggests that Congress intended to create a private right of action, although it concluded that the statute could be asserted defensively to a garnishment. 2007 WL 3046637, at *2; *see also Townsel v. Dish Network LLC*, 668 F.3d 967, 969 (7th Cir. 2012) (noting that while the statute does not expressly create a private right of action for damages, it may be used defensively when a creditor seeks to garnish or attach Social Security benefits).

The foregoing cases, although not binding on this Court (*Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011)), offer persuasive reasoning why Section 407(a) does not provide a plaintiff a private right of action for damages. Accordingly, Plaintiff's claim based on this statutory provision should be dismissed.

In sum, Plaintiff fails to state a claim upon which relief may be granted. Accordingly, the undersigned recommends that Plaintiff's claims be dismissed with prejudice.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's complaint be **dismissed**. The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1961), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking

an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that the undersigned recommends dismissal of the action, the undersigned discerns no good faith basis for an appeal and recommends that, should Plaintiff appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.


Date:  December 23, 2019                                             /s/ Sally J. Berens
                                                                     SALLY J. BERENS
                                                                     U.S. Magistrate Judge


     OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).