FILED - GR
January 6, 2020 2:39 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:__tb__ SCANNED BY: TB /_____

1/6/20

**United States District Court For The Western District Of Michigan**

Case #1:19-cv-1034
Honorable Judge Paul L. Maloney
Honorable Magistrate Judge Sally J. Berens

## Parties

Daniel Edward Callahan                                      January 6, 2020
Plaintiff
Vs.
Judy Ellen Bregman and Mark Howard Welch as Husband and Wife
Defendant(s)


Daniel Edward Callahan                Judy Ellen Bregman & Mark Howard Welch as Husband & Wife
380 Lake Street                       Attorneys & Counselors at Law
Fruitport, MI 49415                   17262 Sandgate Place
                                      West Olive, MI 49460


_____        _____

Plaintiff                             Defendant(s)


## Objection to The Court's Report & Recommendation Dated December 23, 2019

   Plaintiff objects to this court's Report and Recommendation dated December 23, 2019 and requests this Honorable Magistrate Judge have the Report and Recommendation reviewed by an Article III Federal Judge in this case as Defendant's have now factually stolen Plaintiff's Social Security Benefits. Mr. Welch utilized the United States postal system to deliver such evidence and to suggest his wife's actions are lawful as he claims within his attached abhorrent letter with proof of theft **(Exhibit A)**. Furthermore, Plaintiff request's the recommendation by this court to deny Plaintiff an appeals fee waiver of $505.00 on appeal to be forwarded to the United States Six Circuit Court of Appeals to Appeal Plaintiff's right to pursue an appeal in Forma Pauperis within The United States Six Circuit Court of Appeals as Plaintiff will appeal.  Most importantly, Plaintiff makes note that the Honorable Magistrate Judge in this case has not ruled upon Plaintiff's motion dated December 9, 2019 requesting this court to honor his request for pro bono representation. The motion must be ruled upon and should be granted in consideration of an Extraordinary Act of Denying Plaintiff justice in a Federal Court of law based upon Plaintiff's inability to lawfully articulate the Attorney Defendant's negligent damages upon Plaintiff. Plaintiff has no education with State or Federal law that allows him to defend the theft of his Earned and Guaranteed state and federal government benefits for his over 40 years of contributions to those state and federal insurance programs.

## INTRODUCTION

The Defendant's in this action have committed numerous crimes and false allegations upon Plaintiff causing significant damages. Furthermore, Defendant's and their claimed to be client continually present Hearsay and Irrelevant and False Evidence with Absolutely no Credibility to the 20th Circuit Court Judge's Hulsing, Miedema and Van Allsburg; all whom are well educated in law yet, they blatantly fail to dismiss the Defendant's presentation of fraud, conspiracy and corruption presented to them which has occurred over the past 15 years and all proven to be UNFOUNDED. Those justices simply don't like their past pernicious orders being overturned each time they lend credibility to a liar, they appear foolish and are properly forced to retract their nonsense orders. Now, Judge Hulsing has utilized poorly written legislation as a guise in place of a penal code unavailable to that judge. Such Maleficence is a violation of The United States Constitutional rights of Plaintiff in addition to violating judicial ethics, State and Federal laws; therefore, such disclosure Defines Plaintiff as a WHISTLEBLOWER under Federal law to expose such criminal actions inflicted upon United States Citizen Fathers of Michigan with interference of their parenting time caused by an unjust court. The Defendant's and the Judges clearly understand they manipulate weak legislation and the laws of The State of Michigan to garner their desired pernicious outcome, violate United States Federal Laws and Due Process demanded by The United States Constitution. Plaintiff has a lawful Federal claim upon the Defendant's and the aforementioned State of Michigan 20th Circuit Court Judges. The Jurists of the 20th Circuit court are strongly encouraged by Plaintiff to pursue a grand jury indictment if Plaintiff has so much as appeared to have tarnished any legislated laws within The State of Michigan yet they don't; they realize they would be admonished within their own court room for their Ludicrous acts.

The Federal system of jurisprudence is obligated to provide efficiencies within a court of law and honor state pendant claims which will require Plaintiff to duplicate further civil filings for Federal and State claims upon the aforementioned individuals to overcome such abuse. This court should acknowledge the Defendant's and Judges' blatant abuses imposed upon Plaintiff for such improper harms caused by the devious individuals creating such harms. Further, this court should provide Plaintiff a lawful pro bono counselor for representation of Plaintiff. Plaintiff's Michigan congress members and other United States Congress members have provided for such pro bono representation resources of Plaintiff in such a case of Extraordinary Circumstances, circumstances that certainly exist within this case. Also, such Federal Protections are mandated for Whistleblowers of which this Plaintiff has now become when exposing such Judicial Maleficence within The State of Michigan 20th Circuit Court.

The Honorable Magistrate Judge in this case may not accept Plaintiff's complaint as proper under Federal law but should accept the fact that Plaintiff has no education or background with law. This Honorable Magistrate Judge is fluent in Federal law and should clearly identify Federal Violations committed by Defendant's against Plaintiff and has reason to know that if such violations are placed within proper legal format by a Licensed Federal Counselor; a proper complaint will clearly demonstrate the outrageous and unlawful damages caused by Defendant's and judicial maleficence of The State of Michigan 20th Circuit Court executed by Judges Hulsing, Miedema and Van Allsburg.

Actions which include Judge Miedema unjustifiably ruling against Plaintiff which allows the Defendant's thefts that are being defended within this case. Judge Miedema has even failed to acknowledge receipt of or rule upon Plaintiff's Motions for a Stay of Judgement in a pending Appeal within The Michigan Court of Appeals to allow for Due Process **(Exhibit B)**. Plaintiff shall certainly be filing a Federal suit upon Judge Miedema for such blatant Maleficence. In addition, Judge Miedema dismissed Plaintiff's suit within her court as in her words; simply an attempt to dismiss a Michigan Restraining order, an order judge Miedema knows was improperly signed by Judge Hulsing. Judge Miedema claimed that Plaintiff failed to appeal such a restraining order which she has reason to know, Plaintiff did pay Michigan Attorney Mathew Kacel to proceed with such an appeal. Mr. Kacel was so threatened by Judge Hulsing that he issued a refund to Plaintiff after being admonished by Judge Hulsing while stating Mr. Hulsing's order is unlawful and an order he could defeat having not felt threatened by Mr. Hulsing **(Exhibit C)**. Additionally, 2 other very prominent local Michigan attorneys refused to challenge Judge Hulsing's unlawful restraining orders which are based solely upon Hearsay uttered by the Petitioner of the restraining order that she claimed she heard from her daughter; Plaintiff in this case "supposedly" said he would harm her boyfriend or husband, which is untrue and furthermore just Hearsay. Hearsay that is known to be inadmissible in a Michigan court of law. Hearsay uttered by the Petitioner only after losing a Change of Domicile hearing for a child in common to counter that loss.

It appears Judge Miedema may be in fear of being sanctioned if ruling in Plaintiff's favor based upon Judge Hulsing's position within the State of Michigan Judicial Tenure Commission or the she is simply trying to provide cover for Judge Hulsing's Maleficence. Judge Miedema's order and opinion is under appeal within The State of Michigan Court of Appeals and is currently on schedule to be docketed for a hearing **(Exhibit D)**. A hearing that will expose Malfeasance that appears rampant within The 20th Circuit Court of Michigan. The appeals illustrate 15 years of Ludicrous and Erroneous rulings causing severe damage to Plaintiff's health, family, career and finances. Outrageous and UNACCEPTABLE acts upon a citizen of The United States of America. This federal court is responsible to stop such victimization of the law-abiding Citizens of The State of Michigan as United States Citizens.

## STATEMENTS OF FACT

1. Defendant Ms. Bregman's Unlawful Actions;
    A. Ms. Bregman presents Hearsay within a Michigan Court of Law of which she knows is inadmissible when unlawfully obtain a restraining order upon Plaintiff in this case.
    B. Ms. Bregman encourages her client to file false claims with law enforcement for domestic violence, child abuse and rape which are all Unfounded and dismissed by the State of Michigan and The 14th Circuit Court of Michigan.
    C. Ms. Bregman fabricates evidence, being a juvenile letter signed by cartoon characters and presents that letter to the 20th Circuit Court of Michigan; laying claim that her client was termed "A Lady Of The Night". Therefore, the original fraudulent restraining order should then be extended for the years 2012 through 2020.

3

D. Upon Ms. Bregman committing such fraudulent acts, Judge Miedema knowingly commits Malfeasance by way of dismissing this Plaintiff's case of which he fully documented all fraudulent acts and damages caused by Ms. Bregman and her client. Worse, Judge Miedema awards the Defendant and not Ms. Bregman attorney fees even though it is well understood that Ms. Bregman was representing that client pro bono. Therefore, an award of attorney fees which were never incurred is also an unlawful damage award and NEVER awarded to Ms. Bregman as she lays claims to be factual. Such an unlawful award was only made to her so-called client.

2. Defendant Mr. Welch's Unlawful Actions;
   A. Upon Mr. Welch's wife Ms. Bregman being paid by the State of Michigan to obtain a fraudulent restraining order, Mr. Welch assists his wife Ms. Bregman in securing an attorney fees award for fees she never billed and never intended on billing to her claimed to be client. Again, fees not awarded to Ms. Bregman as her collection attempts claim and are only unlawful methods to enrich their law office profit center.
   B. Mr. Welch proceeds to place a property lien on Plaintiff's residence upon claiming the attorney fees award was in fact awarded to his wife rather than was actually awarded to their indigent client.
   C. Mr. Welch proceeds to unlawfully garnish Plaintiff's Federal Social Security benefits upon claiming the attorney fees award was in fact awarded to his wife rather than was actually awarded to their indigent client.

3. Misfeasance of Judge Miedema allowing the Defendant's to obtain an award of attorney fees and wrongful dismissal of Plaintiff's damage claim upon the Defendant's client;.
   A. Judge Miedema was presented with government documented and indisputable evidence illustrating Bregman and Welch client's false police reports, false submissions to The Michigan Department of Health and Human service as late as the year 2018 yet, she chose to lay claim that Plaintiff only filed suit to dismiss a restraining order that she has reason to know was fraudulently issued and based purely upon Hearsay and Speculation by Judge Hulsing.
   B. Judge Miedema initially dismissed a claim for attorney fees but made note that the order was DENIED WITHOUT PREJUDICE, appearing to be an attempt to encourage the lesser educated Ms. Bregman to correct her filing as it was improperly submitted.
   C. Judge Miedema ignored and failed to rule upon a motion requesting a stay of judgement pending an appeal within The Michigan Court of Appeals.
   D. Judge Miedema denied Plaintiff's motion to recuse herself as a judge after Plaintiff identified that for no proper reason or lawful purpose, Judge Miedema had ridiculed Plaintiff on record related to a misdemeanor offense that had occurred years earlier of which had no Relevance to the case at hand and was done so only to demonize Plaintiff. It then became very evident that judge Miedema could no longer be an impartial juror. Judge Miedema denied Plaintiff's motion to recuse herself stating that Plaintiff failed to submit a proper affidavit.

4. Misfeasance of Judge Hulsing through manipulation of very weak legislation within the State of Michigan, thus allowing him to suggest and justify any action by him and within his courtroom;
   A. Judge Hulsing signed a restraining order upon Plaintiff based upon MCL 660.2950 on November 19, 2012 based solely upon Hearsay from a petitioner. Mr. Hulsing knows he is ruling on hearsay and his signature is improper. Mr. Hulsing states on court record that the Respondent (Plaintiff in this case) had not been in contact with the Petitioner for over a year; Mr. Hulsing had reason to know that his order was improper. Then, Mr. Hulsing states on record; he believes that the Respondent is guilty of felony claims made by the Petitioner which months later where dismissed from the 14th circuit court of Michigan. Mr. Hulsing then proceeds to sign a restraining order that he knows is outside of his jurisdictional venue based upon fact that the Respondent had no contact with the Petitioner in his venue for over a year and that the Respondent is not within the jurisdiction of the 20th circuit court. Mr. Hulsing understands that his signature constitutes maleficence.
   B. Mr. Hulsing has continued to author protection orders from the year 2012 through 2020 and blatantly intends to continue with such maleficence until his unlawful behaviors are recognized by The Michigan BAR association and dissolve his abilities to practice law and / or Legislators within The State of Michigan ceasing his reign of terror and destruction of the Respondent (Plaintiff in this case), his family, finances and career.

5. Misfeasance of Judge Van Allsburg is evident upon him denying Plaintiff's motion to allow the case being heard by Judge Miedema to be sent to the State of Michigan Court Administrators Office for review. A case in which Judge Hulsing had just recused himself;
   A. Plaintiff had brought a Federal suit upon all acting judges issuing numerous false protection orders that they issued for the same Petitioner each time that Petitioner sought out revenge upon her former boyfriends when she creates frivolous claims. Judge Van Allsburg was a judge in 2 other protection orders involving the same Petitioner. One such order placed upon this Plaintiff of which he was forced to retract as frivolous and one upon another former boyfriend of the same Petitioner that Judge Van Allsburg was also forced to retract as frivolous. In consideration of Judge Van Allsburg requirement to appear fair and impartial, it was improper for Judge Van Allsburg to deny Plaintiff's motion that the active case within his jurisdiction not be forwarded by him as the acting Chief judge to The State of Michigan Court Administrators Office for review as was motioned for by Plaintiff in this case.

5

## CONCLUSION

All claims made upon Plaintiff by the Defendant's and their so-called client within the 20th circuit court are frivolous and based solely upon hearsay. All such nonsense has been dismissed by the respectable 14th circuit court of Michigan whom jurist's will no longer stand idle to listen to the fraudulent claims of the Defendant's and their so-called client. The 14th circuit court demands evidence, witness testimony and has demanded local police officer's testimony to impeach and nullify the Defendant's and their client's fraudulent and perjured claims. Perjury so great that the Defendant's client has been threatened with arrest by the Fruitport Michigan Police Department if the Defendant's and their client are again identified as filing additional frivolous and false police reports.

The Defendant(s) in this case seek only to further damages upon Plaintiff within the 20th Circuit Court whom justices cannot claim ignorance to fact that the Defendant(s) and their client's behavior's violate State and Federal laws. The Jurists behavior within their 20th circuit court is Ludicrous.

Based upon documentation submitted within this response, this Federal Court has an obligation to act in favor of and to protect the Plaintiff in this case from further damages and threats from the Defendant(s). Furthermore, Plaintiff must be authorized to receive pro bono representation, not just to properly amend Plaintiff's complaint but to assist Plaintiff with blatant Maleficence occurring within the 20th Circuit Court of Michigan of which are actions encouraged and commenced by the Defendant(s).

Respectfully Submitted this 6th day of January 2020,

*[signature]*

Daniel Callahan

Daniel Callahan – 380 Lake Street, Fruitport, MI 49415 – Phone – 616-485-3424
Email:Dcallahan7171@gmail.com