# Exhibit D

State of Michigan Court of Appeals for The State of Michigan

Docket No.  349454
Lower Court No. 18-5555-NZ

## Parties

August 26, 2019

Daniel Callahan
380 Lake Street
Fruitport, MI 49415
Plaintiff
Vs.
Veronica Ann & Vincent Fred Marota
550 Ferry Street        &        P.O. Box 206
Spring Lake, MI 49456          Litchfield, CA 96117
(616)-218-8442                 (530)-254-1085
Defendants

Daniel Callahan                 Bregman & Welch - Attorneys & Counselors at Law
Plaintiff: In Pro Per           Judy Bregman
380 Lake Street                 700 Washington Avenue
Fruitport, MI 49415             Suite 260 – P.O. Box 885
                                Grand Haven, MI 49417

Attorney For Appellant          Attorney For Appellees(s)

## APPELLANTS BRIEF

NOW COMES, Appellant presenting the Appellant's case for appeal by the State Of Michigan In The Court Of Appeals. **ORAL ARGUMENT REQUESTED.**

Respectfully submitted,
This 26th day of August 2019

Daniel Callahan

Page 1 of 1

State of Michigan Court of Appeals for The State of Michigan

# Table of Contents

Index of Authorities ................................................................................................... i

Jurisdictional Statement ........................................................................................... ii

Statement of Questions ............................................................................................ iii

Statement of Facts .................................................................................................... iv

Arguments ................................................................................................................. v

Relief Requested ....................................................................................................... vi

Appendices 1 – 17 .................................................................................................... vii

1. Appendices 1 – Reference for statement of questions 1.
2. Appendices 2 – Reference for statement of questions 2.
3. Appendices 3 – Reference for statement of questions 3.
4. Appendices 4 – Reference for statement of questions 4.
5. Appendices 5 – Reference for statement of questions 5.
6. Appendices 6 – Reference for statement of questions 6.
7. Appendices 7 – Reference for statement of questions 7.
8. Appendices 8 – Reference for statement of questions 8.
9. Appendices 9 – Reference for statement of questions 9.
10. Appendices 10 – Reference for statement of questions 10.
11. Appendices 11 – Reference for order dated March 19, 2019 & statement of facts 5.
12. Appendices 12 – Reference for order dated June 4, 2019 & statement of facts 5.
13. Appendices 13 – Reference for judgement dated July 26, 2019 & statement of facts 5.
14. Appendices 14 – Reference for court docket record.
15. Appendices 15 – Reference for statement of facts 1 & 4.
16. Appendices 16A – 16F – Reference for statement of facts 2 & 3.
17. Appendices 17 – Reference for statement of facts 6.

State of Michigan  Court of Appeals for The State of Michigan

# Table of Contents Page i – Index of Authorities

1. Michigan Court Rule 2.003 Disqualification of Judge
(A) Applicability. This rule applies to all judges, including justices of the Michigan Supreme Court, unless a specific provision is stated to apply only to judges of a certain court. The word "judge" includes a justice of the Michigan Supreme Court.
(B) Who May Raise. A party may raise the issue of a judge's disqualification by motion or the judge may raise it.
(C) Grounds.
(1) Disqualification of a judge is warranted for reasons that include, but are not limited to, the following:
(b) The judge, based on objective and reasonable perceptions, has either (i) a serious risk of actual bias impacting the due process rights of a party as enunciated in *Caperton v Massey*, [556 US 868]; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), or (ii) has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct.
(c) The judge has personal knowledge of disputed evidentiary facts concerning the proceeding.
 (g) The judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
 (iv) is to the judge's knowledge likely to be a material witness in the proceeding.
 (D) Procedure.
(1)(a) Time for Filing in the Trial Courts. To avoid delaying trial and inconveniencing the witnesses, all motions for disqualification must be filed within 14 days of the discovery of the grounds for disqualification. If the discovery is made within 14 days of the trial date, the motion must be made forthwith.
 (2) All Grounds to be Included; Affidavit. In any motion under this rule, the moving party must include all grounds for disqualification that are known at the time the motion is filed. An affidavit must accompany the motion.
(3) Ruling.
(a) For courts other than the Supreme Court, the challenged judge shall decide the motion. If the challenged judge denies the motion,
(i) in a court having two or more judges, on the request of a party, the challenged judge shall refer the motion to the chief judge, who shall decide the motion de novo;

2. MCR 2.600 – Judgements and Orders Post Judgement

**State of Michigan Court of Appeals for The State of Michigan**

## <u>Table of Contents Page ii – Jurisdictional Statement</u>

1. This court has jurisdiction per MCR 7.203(A) and has accepted the Claim of Appeal.

2. The basis of jurisdiction presented to The State of Michigan Court of Appeals for The State of Michigan is that the lower court case # 18-005555-NZ being appealed was heard by Honorable Judge Karen J. Miedema in The State of Michigan 20th Circuit Court and that court issued a final order for this case on March 19 , 2019 for summary disposition, a final order dated June 4, 2019 awarding sanctions and a post judgement Order dated July 26, 2019 for entry for a money judgement. The State of Michigan Court of Appeals for the State of Michigan maintains Jurisdiction within the State of Michigan to accept an appeal of the orders of the 20th Circuit Court of Michigan. Further, The Michigan Court of Appeals has already determined that this case is within jurisdiction upon accepting the Right of Appeal.

**State of Michigan Court of Appeals for The State of Michigan**

# Table of Contents page iii - Statement of Questions

1.  Why would Chief Judge Jon Van Allsburg of the 20th Circuit Court sign an order dated December 19, 2018 for Judge Reassignment for this case being appealed; a reassignment from Judge Hulsing and reassign the case to Judge Miedema when Chief Judge Jon Van Allsburg was also under lawsuit by the Appellant within Federal Court case # 1:18-cv-1185 pertaining to all judges (Defendants being; Judge Hulsing and all unnamed Contributing Judges) signing retracted erroneous orders issued upon the Appellant; that did include orders signed by Chief Judge Jon Van Allsburg per that federal suit dated October 19, 2018. The Appellant did seek reimbursement for nonsensical orders signed by those judges of which financially harmed the Appellant with that federal action.
    **Reference Appendices 1**

2.  Why did Chief Judge Jon Van Allsburg of the 20th Circuit Court while under Federal Lawsuit deny the Appellant's motion dated December 24, 2018 with his order dated December 26, 2018 that he consider this case being appealed to be forwarded to the State of Michigan Court Administrators Office for judge and / or venue reconsideration?
    **Reference Appendices 2**

3.  Why would Chief Judge Jon Van Allsburg of the 20th Circuit Court not recuse himself from judge reassignment after Appellant forced him to retract an erroneous protection order he signed for the Appellee which was placed upon the Appellant dated August 30, 2006 and which the Appellant filed suit upon that judge for reimbursement of Appellant's legal cost for that erroneous order per the federal lawsuit case # 1:18-cv-1185.
    **Reference Appendices 3**

4.  Why would Chief Judge Jon Van Allsburg of the 20th Circuit Court not recuse himself from judge reassignment after the Appellee forced him to retract an erroneous protection order he signed for a protection order dated February 3, 2009, case #09-63873-PP for a protection order placed upon a Mr. David Williams whom the Appellee had a dating relation with; when the Appellee admitted that she applied for such a protection order to control Mr. Williams, whom did comply therefore the Appellee did allow removal of such an order?
    **Reference Appendices 4**

5.  Why would Chief Judge Jon Van Allsburg of the 20th Circuit Court not recognize that his order dated January 27th, 2006 of which he ordered Appellant's daughter from a kindergarten grade level classroom to a lower Young 5s program to be very hurtful to the Appellant? Specifically, considering the Appellant was a teacher in that kindergarten classroom for his daughter. Chief Judge Jon Van Allsburg's order was completely inappropriate and harmed the Appellant and his child. Such a request was made to the Circuit Court by the Appellee in this case under guise of concern for that child's education when her true intention was to extend the Appellant's paid

child support by 1 year until that child attained the age of 19 in high school rather than such support be allowed to terminated at age 18 or when the child graduates high school or attains the age of 19.
**Reference Appendices 5**

6.  Why did Judge Karen J. Miedema of the 20th Circuit Court deny the Appellant's motion dated April 1, 2019 that she consider this case being appealed to be forwarded to the State of Michigan Court Administrators Office for judge and / or venue reconsideration stating; the Appellant failed to file an Affidavit with his motion, MCR 2.03 rules do not apply in that case. Therefore, the judge refused to advance that motion as required per MCR2.003(D)(3) to the Chief circuit court judge, Jon Van Allsburg of which Judge Miedema had reason to know was required to forward such a decision to the State of Michigan Court Administrators Office?
**Reference Appendices 6**

7.  Why would the Appellant's attorney Mathew Kacel state that the orders placed upon the Appellant within the 20th circuit court are not lawful, resign as the Appellant's attorney and refund the Appellant's 3 years of billed invoicing while stating that he could simply defeat such rulings of the 20th circuit court if he did not fear sanctions from Judge Jon Hulsing whom holds a position within the Michigan Judicial Tenure Commission?
**Reference Appendices 7**

8.  Why would the Appellee's attorney request sanctions for attorney fees be retrieved from the Appellant when that attorney has never billed the Appellee, has received payment from Lakeshore Legal Aide and has no intention then or now to bill the Appellee and furthermore, mails the Appellant a letter which fraudulently states that the 20th circuit court in fact awarded that attorney directly and then proceeds to coheres the Appellant to pay a lesser sum as a method of saving the Appellant time and money if the Appellant is willing to write a check for $10,000.00 directly to that attorney, Judy Bregman?
**Reference Appendices 8**

9.  Why would Judge Miedema violate MCR 2.600 when ordering a civil judgement dated July 26, 2019 when the Appellee's attorney clearly writes within her authored letter that her billing is directed at the Appellant owing that attorney such legal fees and illustrates that the Appellee is not being billed and suffered no financial injury?
**Reference Appendices 9**

10. Is the Appellee's attorney Judy Bregman and her husband, attorney Mark Welch receiving donated funding from Lakeshore Legal Aid to represent their client's and then attempting to Extort $10,000.00 from the Appellant to further fund their profit center?
**Reference Appendices 10**

11. Why did Judge Karen J. Miedema of the 20th Circuit Court dismiss the Appellant's case being appealed claiming that the sole reason is that the Appellant is seeking relief of a fraudulent 8-year protection order when the Appellant has presented that judge with countless and proven to be UNFOUNDED, per governmental investigated documents to have been falsified and unlawful claims by the Appellee; suggesting false claims of domestic violence, child abuse, child rape and violence threats claimed by way of the Appellee's gossip and hearsay without any

evidence of truth, yet judge Miedema based her ruling to specifically support Judge Hulsing's fraudulent orders; is judge Miedema under threat of sanctions by judge Jon Hulsing as is the Appellant's attorney Mathew Kacel and is Judge Miedema supporting that Fraudulent Protection now under her rule and is this a bias conflict considering her ruling in this case was made to support such a Fraudulent order?
**Reference Appendices 7 & 11**

12. Does Judge Miedema and all other Judges within the Ottawa county court system fear sanctions from Judge Hulsing as does the Appellant's former attorney Mathew Kacel?
**Reference Appendices 7**

13. Why would Judge Hulsing sign a protection order for the Appellee against the Appellant for an 8 year period at which time the Appellant had never caused harm or fear to the Appellee, had no contact whatsoever with the Appellee or anybody within the jurisdiction of the 20th Circuit court for 1 year prior to issuance of such a protection order and why has Judge Hulsing extended such a protection order 4 times for a total of 8 years when the time now tolled since any contact with the Appellee does toll at nearly a DECADE?
**Reference Appendices 16F**

14. Is the fact that the Appellant effectively terminated a Change of Domicile hearing in the year 2010 which prevented the Appellee and her husband from moving the Appellant's daughter to the state of California and their combined total 5 divorce filings in so many years per court record from each other reasons to take out their frustrations upon the Appellant for their personal challenges; whereby, now they apply yearly for protection orders upon the Appellant to interrupt his career potential and disrupt the relationship with the Appellant and his daughter?
**Reference Appendices 16E**

15. Is the Appellant in this case the only victim illustrating complete chaos of rulings within the 20th circuit court or is this consistent with all cases heard within the 20th circuit court?
**Reference Appendices 16A – 16F**

16. Is the 20th circuit court in violation of Michigan Statute laws in addition, to violating the United States Constitutional rights of United States Citizens and should it be demanded; the 20th Circuit Court be ordered to seek a Grand Jury Indictment to ever further that court's application of MCL 600.2950 related to the Appellant or for anyone involved with the 20th circuit court's ludicrous behavior's and blind authoring of Devious Petitioners demands for senseless protection orders bearing no foundation for issuance? **Reference Appendices 3, 4, 16A & 16F.**

State of Michigan  Court of Appeals for The State of Michigan

# Table of Contents Page iv – Statement of Facts

1. The 20th Circuit Court hearing this case is in violation of MCR 2.003 – Disqualification of a judge and in conflict with The State Court Administrative Office Judicial Assignment Procedures - revision June 2009.
   - **Reference Appendices 15** – Judge Jon Van Allsburg's order denying a judge disqualification dated 12/26/2018 when an active Federal Lawsuit is being pursued by the Appellant to recover legal expenses for over 6 erroneous orders signed by all acting 20th Circuit Court Judges.

2. The Appellant has been summoned to appear within the 20th circuit court based upon a child in common with the Appellee for many years under guise of false nonsensical claims to interfere with the Appellant's parenting time and parental rights.
   - **Reference Appendices 16A** – Appellee falsified PPO and forced to be terminated PPO issued upon Appellant signed by Judge Wesley Nykamp dated 05/10/2005.
   - **Reference Appendices 16B** – Appellee falsified PPO and forced to be terminated PPO issued upon Appellant dated 08/30/2006 signed by Judge Jon Van Allsburg dated 08/30/2006.
   - **Reference Appendices 16C** – Appellee falsified and forced to be terminated Parenting Time Suspension issued upon Appellant signed by Judge Jon Hulsing dated 06/14/2010.
   - **Reference Appendices 16D** – Appellee and her husband falsified a police report claiming Domestic Violence as attempted reasoning to terminate the Appellants parental rights. The police report dated 01/17/2010 false claim was dismissed by the 14th Circuit Court per an order dated 04/10/2010 in a first attempt in 2010. The Appellee and her husband then proceeded with successful parenting time order restrictions and a falsified protection order to accomplish such an unlawful quest with approval of the 20th Circuit court judges as that court is known to blindly sign any EX PARTE request the Appellee of which she presents to the 20th circuit court as history has illustrated.
   - **Reference Appendices 16E** – Appellee falsified and forced to be terminated Child Change of Domicile attempt dated 06/25/2010 upon Appellant. The Appellee was identified to have perjured herself in the 20th circuit court upon testifying to Judge Jon Hulsing at a hearing on 06/25/2019 when denying sexual relations and a resulting pregnancy by a teenage boy; being her son's friend at her age of 42 per Transcript page # 28. The boy had been since jailed but ordered to testify from jail regarding his romantic relations with the Appellee.
   - **Reference Appendices 16F** – Appellee falsified PPO and to be appealed PPO relegated again upon Appellant, signed by Judge Jon Hulsing dated 11/19/2012 and extended until 11/19/2020.

3. Erroneous orders have always been signed by the Ottawa county family court, the 58th District and the 20th Circuit courts that are utter nonsense, yet the Appellant is constantly forced to answer to such orders to maintain a relation with a child in common with Appellee. That child is now an adult; thus, the Ottawa county court nonsense shall now be terminated. It is a disgraceful thought that a young parent within Ottawa county would ever have to parent as this Appellant has with an ill-intended alternate parent and a court that will apply their signature to any claim or Author any and all such requested damaging EX Parte orders upon an alternate parent when such orders are only intended to create pernicious harms. For the Appellant, that time has come and gone.
   - **Reference Appendices 16A – 16F** – Erroneous orders signed by Circuit Court Judges of the 20th Circuit Court.

4. The Appellant has filed a Federal Lawsuit upon all acting judges issuing such erroneous orders, certainly to include Judge Jon Van Allsburg in an attempt to recover legal expenses wrongfully incurred by the Appellant.
   - **Reference Appendices 15** – A Federal Civil Cover Sheet for a lawsuit filed upon "Judge Jon Hulsing and contributing unnamed judges of the 20th Circuit Court" in an attempt to recover legal fees for over 6 erroneous orders those judges signed of which the Appellant was required to mitigate his damages by forcing them to retract such orders.

5. The case being appealed must be reviewed to allow for damage recovery or the nonsense perpetrated by the Appellee's will continue, unabated and further may be more substantial. Dismissal of this case by Judge Miedema is unconscionable and improper.
   - **Reference Appendices 11, 12 & 13;** orders signed by judge Miedema.

6. The Appellee has manufactured false claims for over 18 years to include a recently discovered report in the year 2018 filed by the Appellee's with the Michigan Department of Health and Human Services; a claim that the Appellant raped his daughter. The Appellee's daughter identified such claim as unfounded and just another Fraudulent attempt at pernicious harms by the Appellee's. Our Michigan System Of Jurisprudence demands such unlawful behaviors by the perpetrators be ceased and that the perpetrators be sanctioned for their unlawful acts carried out within the State of Michigan and promoted by the 20th circuit court's unabated pension to issue any and all Ex Parte orders presented for signature which serves only to encourage such behavior's by the Appellee.
   - **Reference Appendices 17;** Appellant discovered during the year 2018 that the Appellee falsified reports to the Michigan Department of Health and Human Services that Appellant raped his daughter which is absurd, unfounded and reason for filing this suit in an attempt to terminate and recover damages caused by the Appellee's disgusting and Nefarious acts.

**State of Michigan Court of Appeals for The State of Michigan**

# Table of Contents page v – Arguments

**ARGUMENT 1**

I.   PRINCIPLE POINT - Argument related to Judge Jon Van Allsburg's failure to seek guidance from the Michigan State Court Administrators office concerning judge and venue reassignment pertaining to statement of questions numbered as 1 in the Statement of questions.

II.   STANDARD OF REVIEW - Failure to seek guidance from Michigan State Court Administrators office concerning judge and venue reassignment is in violation of MCR 2.003 – Disqualification of a judge and in conflict with The State Court Administrative Office Judicial Assignment Procedures - revision June 2009.

III.   PRESERVATION OF ERROR - Refer to Appendices 1 illustrating Judge Jon Van Allsburg's reassignment of a judge related to the Appellant's case dated December 19, 2018 and notice of a Federal lawsuit brought upon the 20th circuit court judges participating in erroneous rulings imposed upon Appellant dated October 19, 2018.

IV.   ANALYSIS – Judge Jon Van Allsburg does have a significant reason to have a personal negative bias towards the Appellant.

**ARGUMENT 2**

I.  PRINCIPLE POINT - Argument related to Judge Jon Van Allsburg's failure denial of Plaintiff's motion concerning judge and or venue reassignment pertaining to statement of questions numbered as 2 in the Statement of questions.

II.  STANDARD OF REVIEW - Failure to seek guidance from Michigan State Court Administrators office concerning judge and venue reassignment is in violation of MCR 2.003 – Disqualification of a judge and in conflict with The State Court Administrative Office Judicial Assignment Procedures - revision June 2009.

III.  PRESERVATION OF ERROR - Refer to Appendices 2 illustrating Appellant's Motion for Judge and or Venue reassignment dated December 24, 2018 which is denied by Judge Jon Van Allsburg.

IV.  ANALYSIS – Judge Jon Van Allsburg does have a significant reason to have a personal negative bias towards the Appellant.

**ARGUMENT 3**

I.      PRINCIPLE POINT - Argument related to Judge Jon Van Allsburg's failure to recuse himself pertaining to statement of questions numbered as 3 in the Statement of questions.

II.     STANDARD OF REVIEW - Failure to seek guidance from Michigan State Court Administrators office concerning judge and venue reassignment is in violation of MCR 2.003 – Disqualification of a judge and in conflict with The State Court Administrative Office Judicial Assignment Procedures -  revision June 2009.

III.    PRESERVATION OF ERROR - Refer to Appendices 3 illustrating a Personal Protection order erroneously signed  by Judge Jon Van Allsburg dated August 30, 2006 which is later retracted based upon lies and deceit he failed to notice related to the Petitioner / Appellee in this case.

IV.     ANALYSIS – Judge Jon Van Allsburg does have a significant reason to have a personal negative bias towards the Appellant.

**ARGUMENT 4**

I.      PRINCIPLE POINT - Argument related to Judge Jon Van Allsburg's failure to recuse himself
        pertaining to statement of questions numbered as 4 in the Statement of questions.

II.     STANDARD OF REVIEW - Failure to seek guidance from Michigan State Court Administrators
        office concerning judge and venue reassignment is in violation of MCR 2.003 –
        Disqualification of a judge and in conflict with The State Court Administrative Office Judicial
        Assignment Procedures -  revision June 2009.

III.    PRESERVATION OF ERROR - Refer to Appendices 4 illustrating a Personal Protection order
        erroneously signed  by Judge Jon Van Allsburg dated February 3, 2009 which is later
        retracted based upon lies and deceit he failed to notice related to the Petitioner / Appellee
        in this case.

IV.     ANALYSIS – Judge Jon Van Allsburg does have a significant reason to have a personal
        negative bias towards the Appellant.

**ARGUMENT 5**

I.  PRINCIPLE POINT - Argument related to Judge Jon Van Allsburg's failure to recuse himself pertaining to statement of questions numbered as 5 in the Statement of questions.

II.  STANDARD OF REVIEW - Failure to seek guidance from Michigan State Court Administrators office concerning judge and venue reassignment is in violation of MCR 2.003 – Disqualification of a judge and in conflict with The State Court Administrative Office Judicial Assignment Procedures -  revision June 2009.

III.  PRESERVATION OF ERROR - Refer to Appendices 5 illustrating a Family Division Circuit Court order removing Appellant's daughter from the Kindergarten class of which the Appellant was a teacher, signed  by Judge Jon Van Allsburg dated January 27, 2006 and is based upon lies and deceit he failed to notice related to the Petitioner / Appellee in this case.

IV.  ANALYSIS – Judge Jon Van Allsburg does have a significant reason to have a personal negative bias towards the Appellant.

**ARGUMENT 6**

I.      PRINCIPLE POINT - Argument related to Judge Miedema's failure to recuse herself pertaining to statement of questions numbered as 6 in the Statement of questions.

II.     STANDARD OF REVIEW - Failure to seek guidance from the Chief Judge of the 20th Circuit Court or Michigan State Court Administrators office concerning judge and venue reassignment is in violation of MCR 2.003 – Disqualification of a judge and in conflict with The State Court Administrative Office Judicial Assignment Procedures - revision June 2009.

III.    PRESERVATION OF ERROR - Refer to Appendices 6 illustrating Appellant's motion for judge / venue reassignment based upon MCR 2.003.

IV.    ANALYSIS – Judge Miedema has illustrated a personal negative bias towards the Appellant given her negative court room examples, negative Gossip & Hearsay, all of which is directed at and related to the Appellant with the Appellee's attorney, done within her court as documented by court transcripts.

**ARGUMENT 7**

I.     PRINCIPLE POINT – The Appellant's attorney resigned based upon fear of sanctions from Judge Hulsing and other related judges of the 20th Circuit Court pertaining to the number 7 statement of questions.

II.    STANDARD OF REVIEW - The 20th Circuit Court judges are in violation of MCR 2.003 or concerning failure to consult with the Michigan State Court Administrators office regarding venue reassignment, in violation of MCR 2.003 – Disqualification of a judge and in conflict with The State Court Administrative Office Judicial Assignment Procedures - revision June 2009.

III.   PRESERVATION OF ERROR - Refer to Appendices 7 illustrating Appellee's attorney resignation and refund check.

IV.    ANALYSIS – The 20th Circuit court judges have been brought before a United States Federal Court to answer for their erroneous orders and further, Appellant did request reimbursement of legal expenses from those judges related to such erroneous orders. The 20th Circuit Court Judges have a significant reason to have a personal negative bias towards the Appellant.

**ARGUMENT 8**

I.      PRINCIPLE POINT – The Appellee's attorney's extort State and donated funding while claiming donated Pro Bono time to appear well intended to The Michigan BAR Association and now attempt to extort $10,000.00 from the Appellant pertaining to the number 8 statement of questions.

II.     STANDARD OF REVIEW - The Appellee's attorney's actions are inconsistent with the Michigan rules of Professional Conduct expected of an attorney and possibly in violation of State and Federal laws.

III.    PRESERVATION OF ERROR - Refer to Appendices 8 illustrating Appellee's attorney's letter dated June 24, 2019 claiming a debt owed to them by the Appellant.

IV.    ANALYSIS – The Appellee's attorney's fund their law office with ill-gotten attorney fee billing attempts whenever they are not detoured based upon the significant time an effort involved to defeat their ill intentions.

**ARGUMENT 9**

I.  PRINCIPLE POINT – Judge Miedema's civil judgement dated July 27, 2019 violates MCR 2.600 by awarding a damage claim of which the Appellee has not incurred pertaining to the number 9 statement of questions.

II.  STANDARD OF REVIEW - The judgement was issued in violation of MCR 2.600.

III.  PRESERVATION OF ERROR - Refer to Appendices 9 illustrating an improper judgement.

IV.  ANALYSIS – An Appellee may not be awarded damages for which they did not incur.

**ARGUMENT 10**

I.  PRINCIPLE POINT – The Appellee's attorney's fund their profit center by pursuing individuals such as this Appellant under frivolous reasons for indigent clients to ascertain donated funding, specifically for protection orders pertaining to the number 10 statement of questions.

II.  STANDARD OF REVIEW - The Appellee's attorney's actions are inconsistent with the Michigan rules of Professional Conduct expected of an attorney and possibly in violation of State and Federal laws.

III.  PRESERVATION OF ERROR - Refer to Appendices 10 illustrating that Lakeshore Legal Aid is paying the Appellee's attorney's for frivolous actions as proven when the Appellant requested their assistance if fending off these fraudulent attorneys.

IV.  ANALYSIS – The Appellee's attorney's fund their law office with ill-gotten attorney fee billing attempts whenever they are not detoured based upon the significant time an effort involved to defeat their ill intentions.

## ARGUMENT 11

I.  PRINCIPLE POINT – The 2012 protection order issued by the 20th circuit court would be revealed as Fraudulent if judge Miedema did not rule against the Appellant in this case.

II.  STANDARD OF REVIEW - The 20th Circuit court would be required to admit Abuse of Process related to MCL 600.2950 if the judges did not rule against the Appellant in this case.

V.  PRESERVATION OF ERROR – Refer to appendices 11 as Judge Miedema relies upon a fraudulent protection order to base her opinion and order dated March 19, 2019. Maintenance of the 2012 protection is improper as has always been illustrated based upon no condition allowing for use of MCL 600.2950 as has already been proven 5 times based upon the Petitioner's / Appellee's continuous past Fraudulent protection order filings however, Judge Miedema relies upon that order to have improperly dismissed the Appellant's case regarding the current matter. Likely so, based upon that judge now being responsible for that protection order as she is now the assigned judge.
That protection order will be appealed in a separate filing; MCL 600.2950 provides for the issuance of a PPO when there is reasonable cause to believe that a respondent would commit violent or threatening acts against a petitioner, including assault, attack, threaten to kill or injure, or engage in any other conduct that "imposes upon or interferes with personal liberty or that causes a reasonable apprehension of violence." In the case of the existing protection order, it is clear that the PPO was unjustly issued for inappropriate and pernicious purposes as has been done by the same Petitioner / Appellee no less than 6 times within the 20th circuit court related to several individuals whom have been involved with the Petitioner / Appellee. The Appellant has had no contact with that individual 1 year prior to and 8 years after the issuance of such a protection order. This situation has the potential to create the very problems that the PPO device was designed to prevent and, thus, the protection order will be vacated upon appeal.

VI.  ANALYSIS – Refere to appendices 11. The 2012 protection order violates MCR 600.2950 and furthermore is Fraudulent however, is not a basis to dismiss this action under appeal.

State of Michigan  Court of Appeals for The State of Michigan

## **Table of Contents Page vi – Relief Requested**

Appellant requests The State of Michigan Court of Appeals offer relief with this case under appeal by a remedy stated below.

1. Overturn the lower court's decision and award by summary disposition in favor of the Appellant all claims stated within the complaint submitted to the lower court.

2. Remand this case being appealed to The State of Michigan Court Administrative Office for proper assignment as to a judge and venue.

3. Remand this case being appealed to the lower court under order;  the case must be submitted to The State of Michigan Court Administrative Office for review.

Respectfully submitted,
This 26th day of August 2019

Daniel Callahan

**State of Michigan Court of Appeals for The State of Michigan**

**Table of Contents page vii – All Appendices As Numbered  1 - 17**

# APPENDICES 1

Approved, SCAO

| STATE OF MICHIGAN | ORDER OF | CASE NO. |
|---|---|---|
| 20th    JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | DISQUALIFICATION/REASSIGNMENT | 18-005555 NZ |

| Court address | Court telephone no. |
|---|---|
| 414 Washington St., Grand Haven, MI  49417 | (616) 846-8230 |

| Plaintiff name(s) and address(es) | | Defendant name(s) and address(es) |
|---|---|---|
| Daniel Callahan<br>380 Lake Street<br>Fruitport, MI  49415 | v | Veronica Ann Marota and Vincent Fred Marota<br>550 Ferry Street<br>Spring Lake, MI  49456 |

| Plaintiff's attorney, bar no., address, and telephone no. | Defendant's attorney, bar no., address, and telephone no. |
|---|---|
| Plaintiff in pro per | Judy E. Bregman (P32252)<br>Bregman & Welch<br>PO Box 88<br>Grand Haven, MI  49417<br>(616) 846-3145 |

In the matter of _____

## IT IS ORDERED:

I, Hon. __Jon Hulsing_____ __P44682__,   ☐ on motion of _____
                                   Bar no.   ☑ on my own motion,

am disqualified under MCR 2.003 from hearing this case and I am requesting assignment of another judge for the following reason:

☐ 1. I am biased or prejudiced for or against a party or attorney.

☐ 2. I have, based on objective and reasonable perceptions, a serious risk of actual bias impacting the due process rights of a party as enunciated in *Caperton v Massey*, 556 US 868; 129 S Ct 2252; 173 L Ed 2d 1208 (2009).

☐ 3. I believe, based on objective and reasonable perceptions, my continued assignment would create an appearance of impropriety.

☐ 4. I have personal knowledge of disputed evidentiary facts concerning the proceeding.

☐ 5. I have been consulted or employed as an attorney in the matter in controversy.

☐ 6. I was a partner of a party, attorney for a party, or a member of a law firm representing a party within the preceding two years.

☐ 7. I know that I, individually or as a fiduciary, or my spouse, parent, or child wherever residing, or any other member of my family residing in my household, have more than a de minimis economic interest in the subject matter in controversy that could be substantially impacted by the proceeding.

☐ 8. I or my spouse, or a person within the third degree of relationship to either of us, or the spouse of such a person: (i) is a party to the proceeding, or an officer, director, or trustee of a party; (ii) is acting as a lawyer in the proceeding; (iii) is known by me to have a more than de minimis interest that could be substantially affected by the proceeding; or (iv) is to my knowledge likely to be a material witness in the proceeding.

☑ 9. Other: (specify)    The Plaintiff herein has reportedly filed a lawsuit against this Judge in the Federal District Court.

__12/19/2018__                                        __P44682__
Date                              Judge                     Bar no.

MC 264  (3/12)  ORDER OF DISQUALIFICATION/REASSIGNMENT                    MCR 2.003, MCR 8.111(C)

## ADDITIONAL DISQUALIFICATIONS

NOTE:  If there are not enough signature slots, attach additional sheets.

The undersigned judge(s) is/are also disqualified and refer by number to the reason printed on the front of this form.
NOTE:  IF REASON 9 IS ENTERED, THE COMMENT SECTION <u>MUST</u> BE COMPLETED.

| REASON 1-9 | DATE | SIGNATURE | COMMENT |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

## REQUEST FOR REFERRAL TO SCAO

All of the judges of this court have disqualified themselves and have signed this order, indicating their reason for disqualification pursuant to MCR 2.003.

The designated Visiting Judge Clerk shall submit a copy of this order, **ALONG WITH THE REQUEST FOR ASSIGNMENT**, to the appropriate State Court Administrative Office to have another judge assigned to hear this case pursuant to MCR 2.003(D)(4).

_____
Date

_____
Chief Judge                    Bar no.

## INTERNAL REASSIGNMENT REQUEST

Judge  Karen J. Miedema _____ P34879 _____ has been chosen by lot or local administrative order from the judges not
                                          Bar no.
disqualified in this case. I request that this case be reassigned to this judge.

12/19/2018
_____
Date

_____
Court Administrator or Clerk of the Court

Reassignment approved as requested.

12-19-18
_____
Date

_____
Chief Judge                    Bar no.

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Daniel Edward Callahan, 380 Lake Street, Fruitport, MI 49415

**(b)** County of Residence of First Listed Plaintiff  Muskegon
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Daniel Edward Callahan -Plaintiff as Pro Per
380 Lake Street, Fruitport, MI 49415 - Phone 616-485-3424

## DEFENDANTS

Honorable Jon H. Hulsing and unnamed contributing Judges of The 20th Circuit Court of The State of Michigan in Their Official Capacities

County of Residence of First Listed Defendant  Ottawa
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Uknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
  Plaintiff
- ☒ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
  Defendant
- ☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark | ☐ 430 Banks and Banking ☐ 450 Commerce ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 850 Securities/Commodities/ Exchange ☐ 890 Other Statutory Actions |
| ☐ 160 Stockholders' Suits ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | | ☐ 891 Agricultural Acts ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 790 Other Labor Litigation ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee – Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Statute 42 U.S.C. 1983 Deprivation of Rights & Privledges

Brief description of cause:
Defendant prohibits Plaintiff's lifetime career employment and violates U.S.C. 5th, 6th, 7th, 8th & 14th  Amendments

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
200,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S)
IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
10/19/18

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #

AMOUNT

APPLYING IFP

JUDGE

MAG. JUDGE

# APPENDICES 2

STATE OF MICHIGAN

IN THE 20TH CIRCUIT COURT FOR THE COUNTY OF OTTAWA

414 Washington Street
Grand Haven, MI 49417
616-846-8315

* * * * * *

| | |
|---|---|
| **DANIEL CALLAHAN,**<br>Plaintiff, | **ORDER DENYING MOTION FOR**<br>**RECONSIDERATION AS TO**<br>**REASSIGNMENT** |
| v | Case No. 18-05555-NZ |
| **VERONICA ANN MAROTA** and<br>**VINCENT FRED MAROTA,**<br>Defendants. | Hon. Jon A. Van Allsburg |
| _____/ | |

At a session of said Court, held in the Ottawa County
Courthouse in the City of Grand Haven, Michigan,
on the 26th day of December, 2018:

PRESENT: THE HON. JON A. VAN ALLSBURG, Circuit Judge

Plaintiff filed this civil action on October 31, 2018, and the case was re-assigned to Judge Miedema by Order of the chief judge on December 19, 2018, after the originally assigned judge recused himself based upon the allegation that plaintiff had filed suit against the assigned judge in federal district court. Plaintiff has not stated a case for disqualification of the re-assigned judge, and therefore his motion for reconsideration is premature. The court denies plaintiff's request for oral argument on the above motion pursuant to MCR 2.119 (F)(2), and denies plaintiff's motion. Plaintiff may file a timely motion to disqualify the re-assigned judge pursuant to MCR 2.003 if the facts warrant, or a motion for change of venue pursuant to MCR 2.221 if the facts warrant.

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

Dated: December 26, 2018

Hon. Jon A. Van Allsburg, Circuit Judge

"18005555NZ"

---

**State of Michigan 20th Circuit Court**

---

Verbal Argument Requested

File No. 18-5555-NZ
Honorable Karen J. Miedema

## Parties

December 24, 2018

Daniel Callahan
380 Lake Street
Fruitport, MI 49415
Plaintiff

Vs.

Veronica Ann & Vincent Fred Marota
550 Ferry Street       &       P.O. Box 206
Spring Lake, MI 49456       Litchfield, CA 96117
(616)-218-8442       (530)-254-1085
Defendants

---

| Daniel Callahan | Bregman & Welch - Attorneys & Counselors at Law |
|---|---|
| Plaintiff: In Pro Per | Judy Bregman |
| 380 Lake Street | 700 Washington Avenue |
| Fruitport, MI 49415 | Suite 260 – P.O. Box 885 |
| | Grand Haven, MI 49417 |

Attorney For Plaintiff       Attorney For Defendant

---

## Motion To Reconsider Judge and Jurisdictional Assignment to Allow Reassignment By The State Court Of Administrative Office For A Mandated Reassignment For An Alternate Venue Outside The 20th Circuit Court

Whereby, Plaintiff requests this court to allow jurisdictional and Judge assignment to be determined by The Michigan State Court of Administrative Office In consideration of rules pursuant to MCR 2.003. A history existing amongst several Honorable Judges within the Ottawa County court house related to both Plaintiff and Defendant(s), specifically within the 20th Circuit Court.

1. Plaintiff has suggested, Honorable Judge Hulsing's initial order for case #2012-73990-PP dated November 19, 2012 for a personal protection order extended to 8 years has been baseless from its initiation. In fact, it was issued after Plaintiff discovered Defendant(s) had been stalking the Plaintiff's home and law enforcement became involved based upon Defendant(s) stalking activities and absurdly enough; the "Ex-Parte" order is issued 8 months after Defendant(s) where discovered Stalking Plaintiff's home. The Judge's order is without merit and is an emotionally charged outburst and unwarranted order of which he violates the U.S.C. 5th

1

Amendment rights of Plaintiff. Plaintiff alleges, Honorable Judge Jon Hulsing is attempting to redistrict dismissed criminal charges from within the 14th Circuit court charged nearly a decade ago into the 20th Circuit Court as basis for a Fraudulent order. Judge Hulsing appears to impose penalty upon Plaintiff and put Plaintiff twice in jeopardy of life and limb by abuse of process within the 20th Circuit Court of Michigan with improper credence being given to proven Fraudulent Defendant(s) statements as his Guise for; "Potential Death Threats", which never occurred to begin with as was proven within the 14th circuit court of Michigan. Furthermore, such false threats could not have possibly occurred when it was proven there was no previous contact between Plaintiff and Defendant(s) under any circumstances related to the incident when Defendant(s) had been stalking Plaintiff's home and such a false protection order is only a pernicious attempt to cause harm to Plaintiff as Honorable Judge Jon Hulsing has reason to know.  Plaintiff does have an active civil suit in the U.S. District Court Western District of Michigan involving Honorable Judge Jon Hulsing and Other Unnamed 20th Circuit Court Judges of the 20th Circuit Court. Many Judges within the 20th Court have acted base upon fraudulent claims of the Defendant(s) history of misuse of "Ex-Parte" orders on no less than 5 occasions. The "Ex-Parte" claim requirements are all proven fabricated lies only to later be dismissed, illustrating lack of respect by all active participants for a Michigan court of law. Furthermore, the 20th Circuit Court imposes no penalty upon Defendant's when their actions are factually proven to be perjury and Defendant(s) are in contempt of court for which the 20th Circuit Court relied upon to impose undeserved harm to Plaintiff's family, career and finances by way improper judgement. Defendant(s) claims become proven fraudulence and the "Ex-Parte" orders are dismissed based upon nothing of evidentiary value submitted to the court or worse, on 3 occasions; the Defendant(s) simply do not attend motion hearings to provide basis for these "Ex-Parte" Orders whereby, causing the Jurists of the 20th Circuit court to appear Ludicrous when dismissing the "Ex-Parte" orders initially claimed to be absolutely mandatory, only then consistently proven to be unjust actions. Worse yet, the court is incapable of making this Plaintiff whole again after their imposed harms which have been so improperly cast upon this Plaintiff. The  "Ex-Parte" orders are dismissed but only after the damages have infested themselves into Plaintiff's personal and professional lifestyle with no remedy for relief offered or attempted by the 20th Circuit Court.

2.  Honorable Judge Jon Hulsing presided over case 00-37443-DS and obtained an "Ex-Parte" order on June 14, 2010 when Defendant Veronica immorally claimed Plaintiff Daniel is domestically violent when she iniquitously pursued an Ex-Parte suspension of parenting time in order to disrupt Plaintiff's parenting time with his daughter Danielle. Plaintiff parenting time resumed months later after Defendant Veronica's claims are proved Fraudulent and that Ex-Parte order is ordered Dismissed.

3.  Honorable Judge Jon Hulsing presided over case 00-37443-DS on April 1, 2010 when Defendant(s) filed for a Change of Domicile for Plaintiff's daughter Danielle in the Michigan 58th district court so that they may take Plaintiff's daughter to live in the state of California. Plaintiff advises the court that Defendant Veronica is having sexual relations with 3 males at that time and that she is not a stable parent. In fact, Plaintiff offered proof that Defendant Veronica had just undergone treatment for an abortion that had resulted from a 19-year-old boy, Ryan Russel Porter. Honorable Judge Jon Hulsing asked Defendant Veronica if she had sexual relations with this boy in which case Defendant Veronica stated, "not that I remember" in which case the Judge responded, "not that you remember, could you have just said that?" The change of

domicile hearing was dismissed by Defendant Veronica upon the Judge in that case issuing a subpoena for Ryan Ported to testify at a future Change of Domicile hearing.

4. Honorable Judge Jon Van Allsburg presided over case 09-63873-PP for an "Ex-Parte" personal protection (PPO) order dated February 3, 2009 requested by Defendant Veronica against Respondent David Williams. Defendant Veronica had Fraudulently pursued that protection order when Defendant Veronica did not wish to date Mr. Williams on February 3, 2009 at which time, she stopped that dating process by having the 20th Circuit Court issue a personal protection order. Defendant Veronica changed her mind in less than 14 days and moved back into Mr. Williams home in which case Defendant Veronica agreed with Mr. Williams that she would not be at the PPO dismissal motion hearing allowed 14 days from February 3, 2009 so the PPO would be dismissed. Defendant Veronica was living in Mr. Williams house while the PPO was in effect. Mr. Williams attended the dismissal hearing and that PPO was dismissed. Mr. Williams will testify in this case these facts are accurate

5. Honorable Judge Jon Van Allsburg presided over case 06-056252-PP for a personal protection order dated August 30, 2006 by Defendant Veronica against Plaintiff Daniel. Defendant Veronica had Fraudulently pursued that protection order in an attempt to avoid Felony prosecution for embezzlement from Plaintiff's company, Automated Conveyor Engineering when she stole a company credit card for personal use. Defendant Veronica asked for termination of that protection order upon needing help with an unwanted pregnancy.
   - Defendant Veronica had recently embezzled significant funds at the Defendant's company; Automated Conveyor Engineering located in Grand Haven, Michigan when stealing a credit card and using it to fund a vacation to Kingston, Tennessee to visit with her ex-husband Mr. Jim. Ms. Veronica obtained the protection order in hopes of avoiding Felony prosecution.
   - Defendant Veronica became pregnant with a baby from her sons' friend, 19-year old Ryan Porter in December 2016 at 40 years of age and had requested Plaintiff Daniel to help her with the abortion and Defendant Veronica requested more parenting help from Plaintiff for a child in common, Danielle. Plaintiff agreed, based upon being the father to Danielle whom is now 18 years old. Defendant Veronica then approached the 20th Circuit Court asking that the false protection order be rescinded under suggestion that she was seeking help from a church pastor to mend a relationship with Plaintiff in which case Honorable Judge Jon Van Allsburg dismissed the personal protection order on January 18, 2007. Defendant Veronica proceeded with abortion treatments in February 2007 while Plaintiff Daniel cared for their child in common, Danielle.

6. Honorable Judge Wesley Nykamp presided over case 05-52037-PP for an "Ex-Parte" personal protection order (PPO) dated April 26, 2005 by Defendant Veronica against Respondent being the Plaintiff in this case. Defendant Veronica phoned Plaintiff Daniel later that day on April 26, 2005 to explain her inappropriate actions and she advised Plaintiff Daniel that he can schedule a PPO dismissal hearing and that if she failed to appear, the PPO would be dismissed. Plaintiff appeared in front of Honorable Judge Wesley Nykamp and discovered at that time; in fact, Defendant Veronica is correct, and that PPO's are in fact dismissed upon the Petitioner's failure to Appear. Plaintiff in this case was left bewildered in that hearing when Honorable Judge Wesley Nykamp decided to allow an additional 30 minutes per court record during that motion hearing to allow the Petitioner ample time to arrive and defend the PPO. Plaintiff in this case, having had minimal court exposure wished to explain to Honorable Judge Wesley Nykamp that

the Petitioner was at the Respondents home and would not be attending that motion hearing but decided that speaking in reply to the Petitioner whereabouts may not have been prudent at that juncture. Plaintiff left that hearing confused however, relieved of that PPO and returned to Plaintiff's home where anxious Defendant Veronica awaited the outcome for that hearing. Although it seems to be contempt of court by Defendant Veronica, this Plaintiff was not and still is not a criminal defense attorney to suggest his beliefs are factual.

7. The 20th Circuit Court presided over a case involving Defendant(s) theft of their daughter Amanda's vehicle under fraudulent claim that Defendant(s) could protect that marital asset from their wedded Child with Child from that Child's husband. The court witnessed this action of a theft by Fraud of that Automobile by Defendant(s) upon their then Child with Child, being Ms. Amanda.

8. The 20th Circuit Court presided over a case involving Defendant(s) 5 divorce filings that where ultimately dismissed. A potential exists that a current active divorce may be in progress within the 20th Circuit Court based upon the Defense council in this case being very illusive in their non-representation of Defendant Vincent Marota. The defense council has been provided proof that a process server has attempted to serve a summons and complaint upon Defendant Vincent Marota.

## Conclusion

Honorable Judge Karen J. Miedema assigned this case and approving reassignment Judge Honorable Jon Van Allsburg may be viewed as cause for serious risk of actual bias and a prejudiced and bias alternative to cause concerns on objective and reasonable perceptions impacting the rights of due process of a Party and or Parties; enunciated in Caperton v. Massey, 556 US 868...(2009) and / or fail to adhere to the appearance of impropriety standards set forth in (MCJC 2) of the Michigan Code of Judicial Conduct in violation of MCR 2.003(C). All 20th Circuit Court Judges have significant reasons to have personal Knowledge and personal bias of disputed facts concerning the proceedings in this case and others pending involving the 20th Circuit Court and their Justices may be cause for belief that the 20th Circuit Court may be considered to have unclean hands.

The Plaintiff will call to testify all Judges within the 20th Circuit Court issuing "Ex-Parte" personal protection orders upon Plaintiff. All "Ex-Parte" personal protection orders of which these Justices were required to rule have been based upon Perjured Fraudulent statements made by Defendant(s) in this case. A jurist of the 20th Circuit Court, based upon an internal assignment may be place in a conflict of interest in issuing Subpoenas for those Justices to testify in this trial. Furthermore, it would be not be in the best interests of justice for a fellow judge in the 20th Circuit Court to rule for or against allowed testimony based upon questions of relevance. Disqualification is always required when a Judge is biased or prejudiced for or against a party to the proceedings or an advocate appearing in the proceedings. MCR.2.003(C)(1)(A)

The appearance of the Defendant(s) to successfully manipulate the 20th Circuit Court Judges related to the Plaintiff for the past 15 years is difficult to overlook. The Federal case involving Honorable Judge Jon Hulsing in consideration of Malfeasance related concerns involving the 20th Circuit Court Upon Plaintiff is an unanswered question and is yet to be determined by the U.S. District Court Western District of Michigan. The appearance of bias exists to dismiss Plaintiff's claims in this case rather than

examine evidentiary facts is a considerable risk to be suggested on appeal in the case of dismissal suggesting that such dismissal may have occurred to allow for a more favorable decision for the 20th Circuit Court and Honorable Judge Jon Hulsing in the U.S. District Court Western District of Michigan. Disqualification is always required when a Judge is biased or prejudiced for or against a party to the proceedings or an advocate appearing in the proceedings. MCR.2.003(C)(1)(A). The 20th Circuit Court is Not appropriate for the Plaintiff in this case.

The Appearance that the Defendant(s) have made the 20th Circuit Court look injudicious should be a considerably concern and may be noted in an appeal by Defendant(s) should this case be decided in favor of the Plaintiff. Disqualification is always required when a Judge is biased or prejudiced for or against a party to the proceedings or an advocate appearing in the proceedings. MCR.2.003(C)(1)(A). The 20th Circuit Court is Not appropriate for the Defendant(s) in this case.

In considerations of the Aforementioned, it may be in good judgement to allow this case to seek a change of through The State Court Of Administrative Office's and would be consistent with proper court conduct and within well-entrenched beliefs principled within our system of Jurisprudence.

This Plaintiff requests an ordered Change of Venue and This court should order a change of Venue or at minimum pursue an appropriate alternative option though The State Court Of Administrative Office's.

Respectfully submitted,

Daniel Callahan

C.C.- Michigan BAR association, Michael Frank Building, 306 Townsend Street, Lansing, MI 48933-2012
C.C.- State Court Administrator, Related to the 20th Circuit Trial Court, P.O. Box 30048, Lansing, Michigan 48909

5

# APPENDICES 3

Approved, SCAO

| | | | |
|---|---|---|---|
| Original - Court | | 3rd copy - Petitioner (pink) | |
| 1st copy - Law enforcement agency (file) (green) | | 4th copy - Return (yellow) | |
| 2nd copy - Respondent (blue) | | 5th copy - Return (goldenrod) | |

| STATE OF MICHIGAN | Ⓐ | PERSONAL PROTECTION ORDER | Ⓑ | CASE NO. |
|---|---|---|---|---|
| 20th    JUDICIAL CIRCUIT | | ☒ EX PARTE | | Hulsing |
| OTTAWA COUNTY | | (DOMESTIC RELATIONSHIP) | | 2006-056252 |

Court address: 414 Washington Street, Room 301-A, Grand Haven, MI 49417          Court telephone no. 616-846-8315

ORI MI- 700025J

Ⓒ Petitioner's name: Veronica Ann Holtrop
Address and telephone no. where court can reach petitioner: P.O. Box 345
Spring Lake, MI 49456

550 Ferry

v

Respondent's name, address, and telephone no.: Daniel Edward Callahan
380 Lake St.
Fruitport, MI 49415

Ⓓ Full name of respondent (type or print): Daniel Edward Callahan

Social security no. (if known)          Driver's license number (if known)

| Height | Weight | Race | Sex | Date of birth or Age | Hair color | Eye color | Other identifying information |
|---|---|---|---|---|---|---|---|
| 5'5" | 170 | White | M | 01/03/64 | lt. brown | Blue | |

*these items must be filled in for the police/sheriff to enter on LEIN; the other items are not required but are helpful    **needed for NCIC entry

Date: 8-30-06                    Judge: Jon A VanAllsburg          Bar no.

1. This order is entered ☒ without a hearing.    ☐ **after hearing.

☒ 2. A petition requested respondent be prohibited from entry onto the premises, and either the parties are married, petitioner has property interest in the premises, or respondent does not have a property interest in the premises.

☒ 3. Petitioner requested an ex parte order which should be entered without notice because irreparable injury, loss, or damage will result from the delay required to give notice or notice itself will precipitate adverse action before the order can be issued.

☒ 4. Respondent poses a credible threat to the physical safety of the petitioner and/or a child of the petitioner.

☒ 5. Petitioner and respondent have a domestic relationship other than dating.

IT IS ORDERED:

6. Daniel Edward Callahan                              is prohibited from:

☒ a. entering onto property where petitioner lives.

☒ b. entering onto property at 550 Ferry St., Spring Lake, MI 49456

☒ c. assaulting, attacking, beating, molesting, or wounding Veronica Ann Holtrop

☐ d. removing minor children from petitioner who has legal custody, except as allowed by custody or parenting time order provided removal of the children does not violate other conditions of this order. An existing custody order is dated _____. An existing parenting time order is dated _____

☒ e. stalking as defined under MCL 750.411h and MCL 750.411i which includes but is not limited to:
   ☒ following petitioner or appearing within his/her sight.    ☒ appearing at petitioner's workplace or residence.
   ☒ sending mail or other communications to petitioner.    ☒ contacting petitioner by telephone.
   ☒ approaching or confronting petitioner in a public place or on private property.
   ☒ entering onto or remaining on property owned, leased, or occupied by petitioner.
   ☒ placing an object on or delivering an object to property owned, leased, or occupied by petitioner.

☐ f. interfering with petitioner's efforts to remove his/her children/personal property from premises solely owned/leased by respondent.

☒ g. threatening to kill or physically injure Veronica Ann Holtrop

☐ h. interfering with petitioner at his/her place of employment or education or engaging in conduct employment or educational relationship or environment.

☐ i. having access to information in records concerning a minor child of petitioner and respondent address, telephone number, or employment address or that will reveal the child's address.

☐ j. purchasing or possessing a firearm.

7. Violation of this order subjects respondent to immediate arrest and to the civil and criminal contempt powers of the court. If found guilty, respondent shall be imprisoned for not more than 93 days and may be fined not more than $500.00.

8. This order is effective when signed, enforceable immediately, and remains in effect until 8/30/07
This order is enforceable anywhere in this state by any law enforcement agency when signed by a judge, and upon service, may also be enforced by another state, an Indian tribe, or a territory of the United States. If respondent violates this order in a jurisdiction other than this state, respondent is subject to enforcement and penalties of the state, Indian tribe, or United States territory under whose jurisdiction the violation occurred.

9. The court clerk shall file this order with Ottawa County Sheriffs Dept who will enter it into the LEIN.

10. Respondent may file a motion to modify or terminate this order. For ex parte orders, the motion must be filed within 14 days after being served with or receiving actual notice of the order. Forms and instructions are available from the clerk of court.

11. A motion to extend the order must be filed 3 days before the expiration date in item 8 or else a new petition must be filed.

8-30-06 at 1:55 pm
Date and time issued                    Judge: Jon A Van Allsburg

CC 376 (6/04) PERSONAL PROTECTION ORDER (Domestic Relationship)    MCL 600.2950, MCR 3.705, MCR 3.706, MCR 3.708, 18 USC 922(g)(8)(c)

SIGNED IN THE ABSENCE OF
JON HULSING, CIRCUIT JUDGE

FILED
AUG 30 2006
DANIEL C. KRUEGER
OTTAWA COUNTY CLERK

ENTERED

Approved, SCAO

| Original – Court | 3rd copy – Petitioner (pink) |
| 1st copy – Judge/Assignment clerk (green) | 4th copy – Return (yellow) |
| 2nd copy – Respondent (blue) | |

| STATE OF MICHIGAN | MOTION TO | CASE NO. |
| 20TH JUDICIAL CIRCUIT | MODIFY, EXTEND OR TERMINATE | (A) 2006-056252 |
| OTTAWA COUNTY | PERSONAL PROTECTION ORDER | |

Court address: 414 Washington Street, Room 301-A, Grand Haven, MI 49417    Court telephone no. 616-846-8315

(B) Petitioner's name: Veronica Ann Hilltop   Age: 40
Address and telephone no. where court can reach petitioner
P.O. Box 345 (550 Ferry Street)
Springlake, MI 49456

v

Respondent's name, address, and telephone no.: Daniel Edward Callahan
380 Lake Street
Fruitport, MI 49415   Age: 43

## MOTION

(C) 1. On August 30, 2006 a personal protection order was entered by this court.

(D) 2. ☐ a. I am the respondent. I ask the court to conduct a hearing to ☐ modify ☐ terminate the order because:
☐ b. I am the petitioner. I ask the court to conduct a hearing to modify the order because:
☒ c. I am the petitioner. I ask the court to ☐ extend ☒ terminate the order because:
Explain why you want the order modified, extended, or terminated.

Mr. Callahan and myself have a daughter in Common, Danielle Callahan. We are finding that it is difficult to discuss issues in regards to our daughter. Also for her sake I believe we need to be civil towards each other. I had a discussion with my Pastor at Church, who is also the church Counselor, he agreds we need counseling and will counsel Mr. Callahan and I.

(E) ☐ 3. I have a next friend motioning for me. I certify that the next friend is not disqualified by statute and is an adult. Mr. Callahan mutually agrees with this.

I declare that the statements above are true to the best of my information, knowledge, and belief.

(F) Date: 1/18/07    Signature of moving party: Veronica Hilltop

Complete this Notice of Hearing only if you checked box 2.a. or 2.b. above.

## NOTICE OF HEARING

(G) You are notified that a hearing has been scheduled to modify, extend or terminate the personal protection order issued in this case.

Judge: _____

Date: _____

Time: _____

Location: _____

FILED

JAN 19 2007

DANIEL C. KRUEGER
OTTAWA COUNTY CLERK

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.

The court can modify, extend, or terminate the order even if you do not attend the hearing. It is important for you to attend.

ENTERED

(H) Date: _____    Signature of moving party: _____

### FOR COURT USE ONLY

Date: 1-19-07

☒ The motion to terminate by the petitioner is granted without hearing. A Removal of Entry from LEIN (Form MC 239) shall be issued.

Judge: _____

MCL 600.2950, MCL 600.2950a, MCR 3.707

CC 379 (6/04) MOTION TO MODIFY, EXTEND OR TERMINATE PERSONAL PROTECTION ORDER



*06056252PP*

SIGNED IN THE ABSENCE OF
JON HULSING, CIRCUIT JUDGE

| | Motion to Modify/Extend/Terminate<br>Personal Protection Order |
|---|---|
| **PROOF OF SERVICE** | Case No. 06-56252-PP |

**TO PROCESS SERVER:** You must serve the copies of the motion to modify, extend or terminate personal protection order and file proof of service with the court clerk. If you are unable to complete service, you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NON-SERVICE**

| ☐ **OFFICER CERTIFICATE**<br>I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notary not required) | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER**<br>Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notary required) |
|---|---|---|

☐ I served a copy of the motion to modify, extend or terminate personal protection order by:
    ☐ personal service  ☐ registered mail, delivery restricted to the non-moving party (return receipt attached)
    on:

| Non moving party's name | Complete address of service | Day, date, time |
|---|---|---|
| | | |

☐ I have personally attempted to serve a copy of the motion to modify, extend or terminate personal protection order on the following party and have been unable to complete service.

| Non moving party's name | Complete address of service |
|---|---|
| | |

| Service fee | Miles traveled | Mileage fee | Total fee | Signature |
|---|---|---|---|---|
| $ | | $ | $ | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
    Date

My commission expires: _____ Signature: _____
    Date                           Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received a copy of the motion to modify, extend or terminate personal protection order on

_____
Day, date, time

_____
Signature of non-moving party

MCR 2.105(A)(2)

Approved, SCAO

Original - Court
1st copy - Judge/Assignment clerk (green)
2nd copy - Respondent (blue)

3rd copy - Petitioner (pink)
4th copy - Return (yellow)

| STATE OF MICHIGAN<br>20TH   JUDICIAL CIRCUIT<br>OTTAWA   COUNTY | MOTION TO<br>MODIFY, EXTEND OR TERMINATE<br>PERSONAL PROTECTION ORDER | (A) | CASE NO.<br>2006-056252 |

Court address

414 Washington Street, Room 301-A, Grand Haven, MI 49417     Court telephone no. 616-846-8315

(B) Petitioner's name   VERONICA ANN HILTROP   Age 40
Address and telephone no. where court can reach petitioner
550 FERRY STREET
P.O. BOX 345 SPRINGLAKE, MI
49456

v

Respondent's name, address, and telephone no.   Age 43
DANIEL EDWARD CALLIHAN
380 LAKE STREET
FRUITPORT, MI   49415

**MOTION**

(C) 1. On AUGUST 30, 2006 a personal protection order was entered by this court.

(D) 2. ☑ a. I am the respondent. I ask the court to conduct a hearing to ☐ modify ☑ terminate the order because: JAN 9 2007

☐ b. I am the petitioner. I ask the court to conduct a hearing to modify the order because:

☐ c. I am the petitioner. I ask the court to ☐ extend ☐ terminate the order because:

Explain why you want the order modified, extended, or terminated.

DANIEL C. KRUEGER
OTTAWA COUNTY CLERK

MS HILTROP HAS BROUGHT NUMEROUS PPO UPON ME
SHE GETS UPSET WITH ME. IN THIS CASE SHE FOLLOWED
ME TO THE "RED LOBSTER" IN FRUITPORT TOWNSHIP TO SEE
WHO I WAS HAVING DINNER WITH AS RECENT A JANUARY 5,6 2007.
VERONICA SPENT THE NIGHT AT MY HOME RESULTING IN SEXUAL RELATIONS.

(E) ☐ 3. I have a next friend motioning for me. I certify that the next friend is not disqualified by statute and is an adult.
VERONICA NEVER TOLD ME THIS PPO WAS OUTSTANDING.

I declare that the statements above are true to the best of my information, knowledge, and belief.

(F) Date 1/9/07     Signature of moving party

Complete this Notice of Hearing only
if you checked box 2.a. or 2.b. above.

**NOTICE OF HEARING**

(G) You are notified that a hearing has been scheduled to modify, extend or terminate the personal protection order issued in this case.

Judge: Jon Hulsing

Date: Friday, January 26, 2007

Time: 9:00 am

Location: 414 Washington, Grand Haven, MI 49417
Courtroom 4

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make arrangements.

The court can modify, extend, or terminate the order even if you do not attend the hearing. It is important for you to attend.

(H) Date 1/9/07     Signature of moving party

| FOR COURT USE ONLY |
| --- |

☐ The motion to terminate by the petitioner is granted without hearing.
A Removal of Entry from LEIN (Form MC 239) shall be issued.

Date _____

Judge _____

MCL 600.2950, MCL 600.2950a, MCR 3.707

ENTERED 

FY, EXTEND OR TERMINATE PERSONAL PROTECTION ORDER

*06056252PP*



| PROOF OF SERVICE | Motion to Modify/Extend/Terminate Personal Protection Order<br>Case No. |

**TO PROCESS SERVER:** You must serve the copies of the motion to modify, extend or terminate personal protection order and file proof of service with the court clerk. If you are unable to complete service, you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NON-SERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that:   (notary not required) | | Being first duly sworn, I state that I am a legally competent adult who is **not** a party or an officer of a corporate party, and that:   (notary required) |

☐ I served a copy of the motion to modify, extend or terminate personal protection order by:
☐ personal service  ☐ registered mail, delivery restricted to the non-moving party (return receipt attached)
on:

| Non moving party's name | Complete address of service | Day, date, time |
|---|---|---|
| | | |

☐ I have personally attempted to serve a copy of the motion to modify, extend or terminate personal protection order on the following party and have been unable to complete service.

| Non moving party's name | Complete address of service |
|---|---|
| | |

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature

Title

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                   Date

My commission expires: _____   Signature: _____
                        Date                               Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received a copy of the motion to modify, extend or terminate personal protection order on

_____ .
Day, date, time

_____
Signature of non-moving party

MCR 2.105(A)(2)

# APPENDICES 4

MAY 7

Original - Court
1st copy - Judge/Assignment clerk (green)
2nd copy - Respondent (blue)

3rd copy - Petitioner (pink)
4th copy - Return (yellow)

Approved, SCAO

| STATE OF MICHIGAN | PETITION FOR | CASE NO. |
|---|---|---|
| 20th JUDICIAL CIRCUIT | PERSONAL PROTECTION ORDER | 09-63873-PP |
| Ottawa COUNTY | (DOMESTIC RELATIONSHIP) | JON A. VAN ALLSBURG Court telephone no. (616) 846-8315 |

Court address
414 Washington Avenue, Room 301-A, Grand Haven, Michigan 49417

**(A)** Petitioner's name
Veronica Ann Holtrop    Age 42

Address and telephone no. where court can reach petitioner
550 Ferry Street
Spring Lake, MI 49456    616-796-5743

v

Respondent's name, address, and telephone no.
David Craig Williams    Age 46
210 Elm Street 231-750-2853
Spring Lake, MI 49456

**(B)** 1. The petitioner and respondent: ☐ are husband and wife. ☐ were husband and wife. ☐ have a child in common.
☒ have or had a dating relationship. ☐ reside or resided in the same household.

**(C)** 2. ☐ The respondent is required to carry a firearm in the course of his/her employment. ☐ Unknown.

**(D)** 3. a. There ☒ are ☐ are not other pending actions in this or any other court regarding the parties.

| Case number | Name of court and county | Name of judge |
|---|---|---|
| Police Report # 412 | Muskegon County | Pending |

b. There ☐ are ☐ are not orders/judgments entered by this or any other court, regarding the parties.

| Case number | Name of court and county | Name of judge |
|---|---|---|
| | | |

**(E)** 4. I need a personal protection order because: Explain what has happened (attach additional sheets) I husband Daniel G. Krueger. Mr. Williams resid

On January 29, 2009 at approximately 8:42 am, without my knowledge, was waiting outside of my daughters fathers home, when my daughter and I opened the door, he was

**(F)** 5. I ask the court to grant a personal protection order prohibiting the respondent from:
☒ a. entering onto the property where I live. I state that either I have a property interest in the premises, I am married to the respondent, or the respondent has no property interest in the premises.

☒ b. entering onto the property at 550 Ferry Street, Spring Lake, MI 49456 .
_address_

☒ c. assaulting, attacking, beating, molesting, or wounding Veronica Holtrop, Danielle Callahan
_name(s)_

☐ d. removing the minor children from the petitioner who has legal custody, except as allowed by a custody or parenting time order as long as removal of the children does not violate other conditions of the personal protection order.

☒ e. stalking as defined under MCL 750.411h and MCL 750.411i which includes but is not limited to:
  ☒ following me or appearing within my sight.    ☒ appearing at my workplace or residence.
  ☒ sending mail or other communications to me.   ☒ contacting me by telephone.
  ☒ approaching or confronting me in a public place or on private property.
  ☒ entering onto or remaining on property owned, leased, or occupied by me.
  ☒ placing an object on or delivering an object to property owned, leased, or occupied by me.

☒ f. interfering with efforts to remove my children/ personal property from premises solely owned/leased by the respondent.
☒ g. threatening to kill or physically injure Veronica Holtrop, Danielle Callahan
☒ h. interfering with me at my place of employment or education or engaging in conduct that impairs my employment or educational relationship or environment.

☐ i. having access to information in records concerning a minor child of mine and the respondent that will reveal my address, telephone number, or employment address or that will reveal the child's address or telephone number.

☐ j. purchasing or possessing a firearm.
☒ k. other: Danielles fathers home 380 Lake Street, Fruitport MI 49451

**(G)** 6. I make this petition under authority of MCL 600.2950/MCL 600.2950a and ask the court to grant a personal protection order.
☒ I request an ex parte order because immediate and irreparable injury, loss, or damage will occur between now and a hearing or because notice itself will cause irreparable injury, loss, or damage before the order can be entered.

**(H)** ☐ 7. I have a next friend petitioning for me. I certify that the next friend is not disqualified by statute and is an adult.

I declare that the statements above are true to the best of my information, knowledge, and belief.

**(I)** February 2, 2009
_Date_

Veronica Ann Holtrop
_Petitioner's signature_

MCL 600.2950, MCL 600.2950a, MCR 3.703

CC 375 (6/04) PETITION



RDER (Domestic Relationship)

FILED 3/23/2018
Justin F. Roebuck
20th Circuit Court

Received:3/23/2018 OCClerk

Approved, SCAO

| Original - Court | 3rd copy - Petitioner (pink) |
| 1st copy - Law enforcement agency (file) (green) | 4th copy - Return (yellow) |
| 2nd copy - Respondent (blue) | 5th copy - Return (goldenrod) |

| STATE OF MICHIGAN | (A) | PERSONAL PROTECTION ORDER | (B) CASE NO. |
| 20th JUDICIAL CIRCUIT | | ☒ EX PARTE | 09-10887-PP |
| Ottawa COUNTY | | (DOMESTIC RELATIONSHIP) | Jon A. VanAllsburg |

Court address 414 Washington Avenue, Room 301-A, Grand Haven, Michigan 49417
ORI MI- 700025J                                                                                         Court telephone no. (616) 846-8315

(C) Petitioner's name
Veronica Ann Holtrop

Address and telephone no. where court can reach petitioner
550 Ferry Street    616-796-5793
Spring Lake, MI 49456

Respondent's name, address, telephone no., and DLN
David Craig Williams
210 Elm Street   231-750-2853
Spring Lake, MI 49456

(D)
| Height | Weight | Race | Sex | Date of birth or Age | Hair color | Eye color | Other identifying information |
| 6'2" | 160 | White | M | 46 | Brown | Hazel | Balding from front |

These items must be filled in for the police/sheriff to enter on LEIN; the other items are not required but are helpful. *Needed for NCIC entry.

Date: 2-3-09   Judge: [signature]   ☒ no hearing. ☐ **after hearing.

☒ 1. A petition requested respondent be prohibited from entry onto the premises, and either the parties are married, petitioner has property interest in the premises, or respondent does not have a property interest in the premises.

☒ 2. Petitioner requested an ex parte order which should be entered without notice because irreparable injury, loss, or damage will result from the delay required to give notice or notice itself will precipitate adverse action before the order can be issued.

** ☒ 3. Respondent poses a credible threat to the physical safety of the petitioner and/or a child of the petitioner.

☒ 4. The respondent ☐ **is the spouse or former spouse of the petitioner, has a child in common with the petitioner or is residing or had resided in the same household as the petitioner. ☒ has or had a dating relationship with the petitioner.

5. David Craig Williams                                          is prohibited from KRUEGER
☒ a. entering onto property where petitioner lives.
☐ b. entering onto property at
☒ c. assaulting, beating, molesting, or wounding   Veronica Holtrop or her children
☐ d. removing minor children from petitioner who has legal custody, except as allowed by custody or parenting time order provided removal of the children does not violate other conditions of this order. An existing custody order is dated ___ An existing parenting time order is dated ___

** ☒ e. stalking as defined under MCL 750.411h and MCL 750.411i which includes but is not limited to:
☒ following petitioner or appearing within his/her sight.   ☒ appearing at petitioner's workplace or residence.
☒ sending mail or other communications to petitioner.   ☒ contacting petitioner by telephone.
☐ approaching or confronting petitioner in a public place or on private property.
☒ entering onto or remaining on property owned, leased, or occupied by petitioner.
☐ placing an object on or delivering an object to property owned, leased, or occupied by petitioner.
☐ f. interfering with petitioner's efforts to remove his/her children/personal property from premises solely owned/leased by respondent.
☒ g. threatening to kill or physically injure   Veronica Holtrop
☒ h. interfering with petitioner at his/her place of employment or education or engaging in conduct that impairs his/her employment or educational relationship or environment.
☐ i. having access to information in records concerning a minor child of petitioner and respondent that will reveal petitioner's address, telephone number, or employment address or that will reveal the child's address or telephone number.
** ☒ j. purchasing or possessing a firearm.

6. As a result of this order, federal and/or state law may prohibit you from possessing or purchasing a firearm (including a rifle, pistol, or revolver).

7. Violation of this order subjects respondent to immediate arrest and to the civil and criminal contempt powers of the court. If found guilty, respondent shall be imprisoned for not more than 93 days and may be fined not more than $500.00.

8. This order is effective when signed, enforceable immediately, and remains in effect until February 3, 2010 This order is enforceable anywhere in this state by any law enforcement agency when signed by a judge, and upon service, may also be enforced by another state, an Indian tribe, or a territory of the United States. If respondent violates this order in a jurisdiction other than this state, respondent is subject to enforcement and penalties of the state, Indian tribe, or United States territory under whose jurisdiction the violation occurred.

9. The court clerk shall file this order with Ottawa County Sheriff                    who will enter it into the LEIN.

10. Respondent may file a motion to modify or terminate this order. For ex parte orders, the motion must be filed within 14 days after being served with or receiving actual notice of the order. Forms and instructions are available from the clerk of court.

11. A motion to extend the order must be filed 3 days before the expiration date in item 8 or else a new petition must be filed.

2-3-09 8:45 am                                                                4/6/09
Date and time issued                                          Judge [signature]                      Bar no.

SIGNED IN THE ABSENCE OF
JON A. VAN ALLSBURG, CIRCUIT JUDGE

TION ORDER (Domestic Relationship) MCL 600.2950, MCR 2.008, 3.703, 18 USC 922(g)(8)(c)

Received 5/7/2009 OCClerk

Original – Court
1st copy – Judge/Assignment clerk (green)
2nd copy – Respondent (blue)

4th copy – Return (yellow)

Approved, SCAO

| STATE OF MICHIGAN<br>2011 JUDICIAL CIRCUIT<br>OTTAWA COUNTY | MOTION TO<br>MODIFY, EXTEND OR TERMINATE<br>PERSONAL PROTECTION ORDER | **(A)** CASE NO.<br>09-63873-PP |

Court address                                                                    Court telephone no.

414 Washington Avenue, Room 301-A, Grand Haven, Michigan 49417            (616) 846-8315

| **(B)** Petitioner's name<br>Veronica Ann Holtrop | Age<br>42 | Respondent's name, address, and telephone no.<br>David Craig Williams | Age<br>46 |
| Address and telephone no. where court can reach petitioner | | v | |
| 550 Ferry Street, Spring Lake, MI 49456   616-638-9806 | | 210 Elm Street, Spring Lake, MI 49456  231-750-2853 | |

## MOTION

**(C)** 1. On ____February 3, 2009____ a personal protection order was entered by this court.
Date

**(D)** 2. ☐ a. I am the respondent. I ask the court to conduct a hearing to ☐ modify ☐ terminate the order because:
☐ b. I am the petitioner. I ask the court to conduct a hearing to modify the order because:
☑ c. I am the petitioner. I ask the court to ☐ extend ☑ terminate the order because:
Explain why you want the order modified, extended, or terminated.

I want to have contact with Mr. Williams. We live together and are engaged. I am safe in his presence.
Also, the PPO was served without my permission or consent by my ex, Dan Callahan. I do not want the PPO in effect.

**(E)** ☐ 3. I have a next friend motioning for me. I certify that the next friend is not disqualified by statute and is an adult.

I declare that the statements above are true to the best of my information, knowledge, and belief.

**(F)** 05/07/2009                                   _Veronica Ann Holtrop_
Date                                              Signature of moving party

Complete this Notice of Hearing only
if you checked box 2.a. or 2.b. above.

## NOTICE OF HEARING

**(G)** You are notified that a hearing has been scheduled to modify, extend or terminate the personal protection order issued
in this case.

Judge: _____

Date: _____                    FILED

Time: _____              MAY 0 7 2009

Location: _____          DANIEL C. KRUEGER
                                                   OTTAWA COUNTY CLERK

If you require special accommodations to use the court because of disabilities, please contact the court immediately to make
arrangements.

The court can modify, ex...                     ...you do not attend the hearing. It is important for you to attend.

*09063873PP*

**(H)** _____
Date                                              Signature of moving party

### FOR COURT USE ONLY

☑ The motion to terminate by the petitioner is granted without hearing.                 Date  May 7, 09
A Removal of Entry from LEIN (Form MC 239) shall be issued.

CALVIN L. BOSMAN
SIGNED IN THE ABSENCE OF
JON A. VAN ALLSBURG, CIRCUIT JUDGE

**APPENDICES 5**

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OTTAWA
FAMILY DIVISION

VERONICA HOLTROP, Plaintiff

vs.

DANIEL CALLAHAN, Defendant

FILE NO:   00-037443-DS

**FILED**

**JAN 3 0 2006**

DANIEL C. KRUEGER
OTTAWA COUNTY CLERK

ORDER FOLLOWING
HEARING

---

Jennell Challa (P54219)
Friend of the Court
Ottawa County, Michigan
Petitioner

---

At a session of said Court, held in the Ottawa County Building,
in the City of Grand Haven, Michigan,
on the ____ day of _____, 2006:

PRESENT:  THE HONORABLE ~~WESLEY J. NYKAMP,~~ Circuit Judge
JON A. VAN ALLSBURG

A hearing was held on January 23, 2006, on a petition filed by the Ottawa County Friend of the Court. Both Parties were served with notice of the hearing and both Parties appeared for the hearing.  Evidence was received and it appears to the Court that an Order should now be entered:

IT IS ORDERED that effective January 25, 2006, the minor child, Danielle, shall be placed in the Young 5's program.

IT IS FURTHER ORDERED that a parent whose custody or parenting time of a child is governed by this Order shall not change the legal residence of the child except in compliance with section 11 of the Child Custody Act of 1970, 1970 PA 91, MCL 722.31.

IT IS FINALLY ORDERED that except as changed in this order, prior provisions remain in effect. Support payable under any prior order is preserved.

PREPARED AND PRESENTED BY:

_____
Jennell Challa, Friend of the Court
Ottawa County, Michigan

_____
Wesley J. Nykamp, Circuit Judge
SIGNED IN THE ABSENCE OF
WESLEY J. NYKAMP, CIRCUIT JUDGE

Callahan

Page 1 of 1

ENTERED

# APPENDICES 6

STATE OF MICHIGAN

IN THE 20TH CIRCUIT COURT FOR THE COUNTY OF OTTAWA

414 Washington Street
Grand Haven, MI 49417
616-846-8315

* * * * * *

**DANIEL CALLAHAN,**
Plaintiff,

v

**VERONICA ANN MAROTA** and
**VINCENT FRED MAROTA,**
Defendants.

_____/

**ORDER DENYING MOTION FOR**
**RECONSIDERATION AS TO**
**REASSIGNMENT**

Case No. 18-05555-NZ

Hon. Jon A. Van Allsburg

At a session of said Court, held in the Ottawa County
Courthouse in the City of Grand Haven, Michigan,
on the 26th day of December, 2018:

PRESENT: THE HON. JON A. VAN ALLSBURG, Circuit Judge

Plaintiff filed this civil action on October 31, 2018, and the case was re-assigned to Judge Miedema by Order of the chief judge on December 19, 2018, after the originally assigned judge recused himself based upon the allegation that plaintiff had filed suit against the assigned judge in federal district court. Plaintiff has not stated a case for disqualification of the re-assigned judge, and therefore his motion for reconsideration is premature. The court denies plaintiff's request for oral argument on the above motion pursuant to MCR 2.119 (F)(2), and denies plaintiff's motion. Plaintiff may file a timely motion to disqualify the re-assigned judge pursuant to MCR 2.003 if the facts warrant, or a motion for change of venue pursuant to MCR 2.221 if the facts warrant.

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

Dated: December 26, 2018

Hon. Jon A. Van Allsburg, Circuit Judge

"18005555NZ"

State of Michigan 20th Circuit Court

File No.    18-5555-NZ
Honorable Karen J. Miedema

**Parties**

April 1, 2019

Daniel Callahan
380 Lake Street
Fruitport, MI 49415
Plaintiff
Vs.
Veronica Ann & Vincent Fred Marota
550 Ferry Street          &        P.O. Box 206
Spring Lake, MI 49456              Litchfield, CA 96117
(616)-218-8442                     (530)-254-1085
Defendants

| Daniel Callahan | Bregman & Welch - Attorneys & Counselors at Law |
| Plaintiff: In Pro Per | Judy Bregman |
| 380 Lake Street | 700 Washington Avenue |
| Fruitport, MI 49415 | Suite 260 – P.O. Box 885 |
| | Grand Haven, MI 49417 |
| Attorney For Plaintiff | Attorney For Defendant(s) |

## PLAINTIFF MOTION TO CONSIDER DISQUALIFICATION OF A JUDGE

Pursuant to MCR 2.003 (A)(B)(C)(1)(b)(i)(ii)(c)(g)(iv)(D)(1)(a)(2)(3)(a)(i)[1]; Plaintiff requests this court to allow Judge / Court reassignment. Plaintiff states reasons related to an Order and Opinion by Honorable Judge Karen Miedema dated March 19, 2019. In addition, reasons for the same Disqualifications requested by Plaintiff in a motion dated December 24, 2018 which was denied by Honorable Judge Jon Van Allsburg per order dated December 28, 2018 and as Plaintiff did suggest reassignment in a Motion To Strike Record on January 27, 2019; upon Plaintiff identifying irrelevant but hurtful Gossip and Hearsay volunteered by Honorable Judge Karen Miedema and discussed with Defense counselor Judy Bregman. Furthermore, this court has failed to consider MLS 600.5813, Sect.5813[2] allowing a 6-year statute on Plaintiff's Motion to Amend a Complaint dated January 16, 2019 . Further, the 20th Circuit court fails to adhere to qualify proper application of Michigan Law Statutes as identified within (10) erroneous rulings. Plaintiff's motion should be granted in consideration of well-entrenched procedures within our system of Jurisprudence.

## PLAINTIFF'S STATEMENTS OF FACT RELIED UPON AS A FOUNDATION FOR REASSIGNMENT

1. Honorable Judge Karen Miedema issued an order dated March 19, 2019 ruling upon 6 motions; (3) related to Defendant(s) and (3) related to Plaintiff. All motions are denied.

   - Plaintiff has reason for concern that Judge Miedema did deny Defendant(s) motion for sanctions but qualified such denial with the appearance of instruction to correct that pleading to adhere to The Michigan Rules of Civil Procedure and furthermore makes note to the Defense counselor that the motion is DENIED WITHOUT PREJUDICE; as to coach the defense counselor to comply with Michigan Court Rules. Plaintiff offers, it is not within a Judges responsibility to assist a court counselor in their success efforts.

   - Plaintiff notes; within the order dated March 19, 2019; Honorable Judge Karen Miedema failed to adequately address Plaintiff's Motion For Leave To Amend A Complaint submitted to this court on January 16, 2019 related to MLS 600.5813, Sect.5813² . Furthermore, the complaint and Summons was allowed to expire while awaiting a ruling.

2. The 20th Circuit court has a history of applying its signature to baseless orders of which it relied upon Fraudulent submissions and Perjury of Defendant(s). Many orders forced to be retracted and yet one still fraudulently in effect.

   - Honorable Judge Wesley Nykamp signed an Ex Parte personal protection order perpetrated by fraud and perjury by Defendant(s) dated April 26, 2005 as a threat against Plaintiff. Defendant(s) agree not to show up at the dismissal hearing within 14 days upon Plaintiff compliance with Defendant(s) extortion. Defendant(s) fail to appear, and such order is dismissed. (Exhibit 1)

   - Honorable Judge Jon Hulsing signed an Ex Parte personal protection order perpetrated by fraud and perjury by Defendant(s) dated August 30, 2006 as a threat against Plaintiff. Defendant(s) agree not to show up at the dismissal hearing within 14 days upon Plaintiff compliance with Defendant(s) extortion. Defendant(s) fail to appear, and such order is dismissed. (Exhibit 2)

   - Honorable Judge Jon Von Allsburg signed an Ex Parte personal protection order perpetrated by fraud and perjury by Defendant(s) dated February 3, 2009 as a threat against Respondent. Defendant(s) agree not to show up at the dismissal hearing within 14 days upon Respondent's compliance with Defendant(s) extortion. Defendant(s) fail to appear, such order is dismissed. (Exhibit 3)

   - Honorable Judge Jon Hulsing signed an Ex Parte Suspension of Parenting Time order perpetrated by fraud and perjury by Defendant(s) dated June 10, 2010 as a threat against Plaintiff to extort parental rights. Defendant(s) agree to dismissal of that order weeks later upon Plaintiff compliance with Defendant(s) extortion. Defendant(s) file a motion with the court stating that the order may be rescinded as was done by this court. (Exhibit 4)

   - Honorable Judge Jon Hulsing presided over a hearing dated June 25, 2010 in which case the Defendant(s) threaten to move Plaintiff's child to California. Plaintiff could only thwart Defendant(s) efforts upon identifying Perjury of which Defendant(s) denied they are maintaining sexual relations with their children's teenage friend, thus convincing the Judge to not permit Defendant's to relocate Plaintiff's daughter from the State of Michigan. (Exhibit 5)

   - Honorable Judge Jon Hulsing signed an Ex Parte personal protection order dated November 19, 2012 which is perpetrated by fraud and perjury by Defendant(s) to create pernicious harms to Plaintiff. Plaintiff had no contact with Petitioner / Defendant(s) for 16 months prior to issuance of that protection order and no contact with the Petitioner / Defendant(s) any time after the date of such order. (Exhibit 6)

- Honorable Judge Jon Hulsing presides over a Motion hearing dated September 6, 2013 suggesting Plaintiff violated this courts protection order which is perpetrated by fraud and perjury by Defendant(s) to create pernicious harms to Plaintiff. Defendant(s) filed a false police report as reason to force Plaintiff to attend an UNFOUNDED motion hearing at the 14th circuit court of Michigan thus terminating in favor of Plaintiff. The Ottawa County Prosecutors office is too embarrassed to proceed with such motion violation hearing and that suggested violation is dismissed. (Exhibit 7)
- Honorable Judge Jon Hulsing signed an Ex Parte personal protection extension order dated November 14, 2013  which is perpetrated by fraud and perjury by Defendant(s) to create pernicious harms to Plaintiff. Plaintiff had no contact with Petitioner / Defendant(s) for 28 months prior to issuance of the original protection order and no contact with the Petitioner / Defendant(s) any time after the date of such order. (Exhibit 8)
- Honorable Judge Jon Hulsing signed an Ex Parte personal protection extension order dated November 7, 2014  which is perpetrated by fraud and perjury by Defendant(s) to create pernicious harms to Plaintiff. Plaintiff had no contact with Petitioner / Defendant(s) for 40 months prior to issuance of the original protection order and no contact with the Petitioner / Defendant(s) any time after the date of such order. (Exhibit 9)
- Honorable Judge Jon Hulsing signed an Ex Parte personal protection extension order dated November 8, 2017  which is perpetrated by fraud and perjury by Defendant(s) to create pernicious harms to Plaintiff. Plaintiff had no contact with Petitioner / Defendant(s) for 76 months prior to issuance of the original protection order and no contact with the Petitioner / Defendant(s) any time after the date of such order. (Exhibit 10)

## CONCLUSION

Whereby, Plaintiff has demonstrated a serious risk of actual bias impacting the due process rights of the Plaintiff if an alternate Judge / Venue is not reassigned to this case. Therefore, Honorable Judge Karen Miedema should consider reassigning this case to an alternate Jurist within an alternate jurisdiction

Whereby, approving reassignment Judge Honorable Jon Van Allsburg may be viewed as cause for serious risk of actual bias and a prejudiced and bias alternative for reassignment to cause concerns on objective and reasonable perceptions impacting the rights of due process of a Party and or Parties;  enunciated in Caperton v. Massey, 556 US 868...(2009) and / or fail to adhere to the appearance of impropriety standards set forth in (MCJC 2) of the Michigan Code of Judicial Conduct. All  20th Circuit Court Judges have significant reasons to have personal Knowledge and personal bias of disputed facts concerning the proceedings in this case. The 20th Circuit Court and their Justices may be cause for belief that the 20th Circuit Court may be considered to have unclean hands.

Whereby, Plaintiff has adequately demonstrated the Defendant(s) have committed fraud upon Plaintiff so reckless as to cause years of malicious extortion in addition to personal and professional harms upon Plaintiff, yet this court dismisses Plaintiff as though he should not concern himself with the ongoing vicious attacks by Defendant(s).  Defendant(s) perpetrated crimes so great upon Plaintiff as to file an UNFOUNDED police report and multiple Michigan Department of Health and Human Services false reports in an attempt to suggest Plaintiff sexually molested his own child as reason to further their attempts to extort Plaintiff's parental rights of which required significant Plaintiff resources to learn of and ultimately defend to prove such a false allegation is unfounded as testified by Plaintiff's own Daughter. Yet, the 20th circuit court fails to even suggest such false reporting be investigated by the District Attorney's Office. One could only ask how such malicious acts can play

out in a system of Jurisprudence that suggests as a society we come to our courts expecting justice. The 20th Circuit Court seems to disparage the laws within society that will us to settle our differences in a fair and honorable methodology and not by threat of extortion or harm.

Whereby, Honorable Judge Karen Miedema appears not to recognize the Defendant(s) CURRENT extortion occurring within the court room of Defendant(s) having the Audacity to demand Sanctions upon Plaintiff in this case; thus, establishing reasons for Defendant(s) to again resume their stalking activity of Plaintiff in an attempt to ascertain assets of which they could only hope to imply a debtor judgement.

Plaintiff tolerated the nonsense perpetrated within the 20th Circuit Court as a responsible parent to a child in common with Defendant(s), that time has long since passed. Plaintiff will no longer tolerate ignorance that allows the criminal Defendant(s) to Extort Plaintiff as has been allowed and perpetrated within the 20th circuit court. Plaintiff is a professional International Businessman that will no longer be saddled with the criminal Defendant(s) in this case.

Whereby, Plaintiff respectfully requests Honorable Judge Karen Miedema Order Summary Judgement in favor of the Plaintiff in this case or alternatively consider Judge / Venue reassignment.

Finally, if this Plaintiff's motion is denied, Plaintiff relies upon that decision adhering to Michigan Court Rules pursuant to, MCR 2.003 (D)(3)(A)(1)(i)².

I declare under penalty of perjury, under the laws of the State of Michigan, the fore mentioned is true and correct.

Respectfully submitted,
This 1st day of April 2019.

Daniel Callahan

_____

C.C.- Michigan BAR association, Michael Frank Building, 306 Townsend Street, Lansing, MI 48933-2012
C.C.- State Court Administrator. Related to the 20th Circuit Trial Court, P.O. Box 30048, Lansing, Michigan 48909

Rule 2.003 Disqualification of Judge

(A) Applicability. This rule applies to all judges, including justices of the Michigan Supreme Court, unless a specific provision is stated to apply only to judges of a certain court. The word "judge" includes a justice of the Michigan Supreme Court.

(B) Who May Raise. A party may raise the issue of a judge's disqualification by motion or the judge may raise it.

(C) Grounds.

(1) Disqualification of a judge is warranted for reasons that include, but are not limited to, the following:

(b) The judge, based on objective and reasonable perceptions, has either (i) a serious risk of actual bias impacting the due process rights of a party as enunciated in *Caperton v Massey*, [556 US 868]; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), or (ii) has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct.

(c) The judge has personal knowledge of disputed evidentiary facts concerning the proceeding.

(g) The judge or the judge's spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(iv) is to the judge's knowledge likely to be a material witness in the proceeding.

(D) Procedure.

(1)(a) Time for Filing in the Trial Courts. To avoid delaying trial and inconveniencing the witnesses, all motions for disqualification must be filed within 14 days of the discovery of the grounds for disqualification. If the discovery is made within 14 days of the trial date, the motion must be made forthwith.

(2) All Grounds to be Included; Affidavit. In any motion under this rule, the moving party must include all grounds for disqualification that are known at the time the motion is filed. An affidavit must accompany the motion.

(3) Ruling.

(a) For courts other than the Supreme Court, the challenged judge shall decide the motion. If the challenged judge denies the motion,

(i) in a court having two or more judges, on the request of a party, the challenged judge shall refer the motion to the chief judge, who shall decide the motion de novo;

² MLS 600.5813 Other personal actions.
Sec. 5813.
All other personal actions shall be commenced within the period of 6 years after the claims accrue and not afterwards unless a different period is stated in the statutes.

³ Rule 1.8 Ruling on the Motion to Disqualify
MCR 2.003(D)(3) governs ruling on a motion for disqualification. "(3) Ruling.

(a) For courts other than the Supreme Court, the challenged judge shall decide the motion. If the challenged judge denies the motion,

(i) in a court having two or more judges, on the request of a party, the challenged judge shall refer the motion to the chief judge, who shall decide the motion de novo.

**Exhibit 1**

Original - Court
1st copy - Law enforcement agency file (green)
2nd copy - Respondent (blue)

3rd copy - Petitioner (pink)
4th copy - Return (golden)
5th copy - Return (goldenrod)

STATE OF MICHIGAN
20TH JUDICIAL CIRCUIT
OTTAWA COUNTY

A

PERSONAL PROTECTION ORDER
☑ EX PARTE
DOMESTIC RELATIONSHIP

B

CASE NO.

_25-5_____-PP

Court address: 414 Washington, Room 301-A, Grand Haven, MI 49417
Court telephone no. 616-846-8315

Petitioner's name

Respondent's name, address, and telephone no.

Address and telephone no. where court can reach petitioner

Daniel Callahan 616 485-3424
380 Lake
Fruitport, MI 49415

Full name of respondent (type or print)
Daniel Edward Callahan

Social security no. (if known) Driver's license number (if known)

| Sex | Date of birth or Age | Hair color | Eye color | Other identifying information |
|-----|----------------------|------------|-----------|-------------------------------|
| M | | | Blue | |

These items must be filled in for the police/sheriff to enter in LEIN; the other items are not required but are helpful.

Date: _____ Judge: _____

1. This order is entered ☑ without a hearing. ☐ after hearing.

2. A petition requested respondent be prohibited from entry onto the premises, and either the parties are married, petitioner has property interest in the premises, or respondent does not have a property interest in the premises.

3. Petitioner requested an ex parte order which should be entered without notice because irreparable injury, loss, or damage will result from the delay required to give notice or notice itself will precipitate adverse action before the order can be issued.

4. Respondent poses a credible threat to the physical safety of the petitioner and/or a child of the petitioner.

5. Petitioner and respondent have a domestic relationship other than dating.

IT IS ORDERED:

_____ is prohibited from:

a. entering onto property where petitioner lives.

b. entering onto property at _____

c. assaulting, attacking, beating, molesting, or wounding _____

d. removing minor children from petitioner who has legal custody, except as allowed by custody or parenting time order provided removal of the children does not violate other conditions of this order. An existing custody order is dated: _____ An existing parenting time order is dated _____

e. stalking as defined under MCL 750.411h and MCL 750.411i which includes but is not limited to:
☐ following petitioner or appearing within his/her sight ☐ appearing at petitioner's workplace or residence
☐ sending mail or other communications to petitioner ☐ contacting petitioner by telephone
☐ approaching or confronting petitioner in a public place or on private property
☐ entering onto or remaining on property owned, leased, or occupied by petitioner.
☐ placing an object on or delivering an object to property owned, leased, or occupied by petitioner.

f. interfering with petitioner's efforts to remove his/her children/personal property from premises solely owned/leased by respondent.

g. threatening to kill or physically injure _____

h. interfering with petitioner at his/her place of employment or education or engaging in conduct that impairs his/her employment or educational relationship or environment.

i. having access to information in records concerning a minor child of petitioner and respondent that will reveal petitioner's address, telephone number, or employment address or that will reveal the child's address or telephone number.

j. purchasing or possessing a firearm.

Violation of this order subjects respondent to immediate arrest and to the civil and criminal contempt powers of the court. If found guilty, respondent shall be imprisoned for not more than 93 days and may be fined not more than $500.00.

This order is effective when signed, enforceable immediately, and remains in effect until 4-26-20__

This order is enforceable anywhere in this state by any law enforcement agency when signed by a judge, and upon service, may also be enforced by another state, an Indian tribe, or a territory of the United States. If respondent violates this order in a jurisdiction other than this state, respondent is subject to enforcement and penalties of the state, Indian tribe, or United States territory under whose jurisdiction the violation occurred.

The court clerk shall file this order with Ottawa County Sheriff Dept who will enter it into the LEIN.

Respondent may file a motion to modify or terminate this order. For ex parte orders, the motion must be filed within 14 days after being served with or receiving actual notice of the order. Forms and instructions are available from the clerk of court.

A motion to extend the order must be filed 3 days before the expiration date in item 8 or else a new petition must be filed.

Date and time issued _____ Judge _____

SIGNED IN THE ABSENCE OF

PERSONAL PROTECTION ORDER (Domestic Relationship)

**Exhibit 2**

Original - Court
1st copy - Law enforcement agency (file) (green)
2nd copy - Respondent (blue)

3rd copy - Petitioner (pink)
4th copy - Return (yellow)
5th copy - Return (goldenrod)

Approved, SCAO

| STATE OF MICHIGAN | Ⓐ | PERSONAL PROTECTION ORDER | Ⓑ | CASE NO. |
| 20th JUDICIAL CIRCUIT | | EX PARTE | | Hulsing |
| OTTAWA COUNTY | | (DOMESTIC RELATIONSHIP) | | 2006-05@752 |

Court address
ORI
MI-700025J                414 Washington Street, Room 301-A, Grand Haven, MI 49417

Court telephone no.
616-846-8315

Ⓒ Petitioner's name
Veronica Ann Holtrop

Respondent's name, address, and telephone no.
Daniel Edward Callahan
380 Lake St.
Fruitport, MI 49415

Address and telephone no. where court can reach petitioner
P.O. Box 745
Spring Lake, MI 49456

Ⓓ Full name of respondent (type or print)
Daniel Edward Callahan

Social security no. (if known)   Driver's license number (if known)

| Height | Weight | Race | Sex | Date of birth or Age | Hair color | Eye color | Other identifying information |
| 5'5" | 170 | White | M | 01/03/64 | lt. brown | Blue | |

*These items must be filled in for the police/sheriff to enter on LEIN; the other items are not required but are helpful   **needed for NCIC entry

Date: 8-30-06                Judge: Jon A Van Allsburg                Bar no.

1. This order is entered ☒ without a hearing. ☐ after hearing.
☒ 2. A petition requested respondent be prohibited from entry onto the premises, and either the parties are married, petitioner has property interest in the premises, or respondent does not have a property interest in the premises.
☒ 3. Petitioner requested an ex parte order which should be entered without notice because irreparable injury, loss, or damage will result from the delay required to give notice or notice itself will precipitate adverse action before the order can be issued.
☒ 4. Respondent poses a credible threat to the physical safety of the petitioner and/or a child of the petitioner.
☒ 5. Petitioner and respondent have a domestic relationship other than dating.

IT IS ORDERED:
6. Daniel Edward Callahan                                is prohibited from DANIEL C. KRUEGER
☒ a. entering onto property where petitioner lives.
☒ b. entering onto property at 550 Ferry St, Spring Lake, MI 49456
☒ c. assaulting, attacking, beating, molesting, or wounding Veronica Ann Holtrop
☒ d. removing minor children from petitioner who has legal custody, except as allowed by custody or parenting time order provided removal of the children does not violate other conditions of this order. An existing custody order is dated _____. An existing parenting time order is dated _____
☒ e. stalking as defined under MCL 750.411h and MCL 750.411i which includes but is not limited to:
☒ following petitioner, or appearing within his/her sight.          ☒ appearing at petitioner's workplace or residence.
☒ sending mail or other communications to petitioner.          ☒ contacting petitioner by telephone.
☒ approaching or confronting petitioner in a public place or on private property.
☒ entering onto or remaining on property owned, leased, or occupied by petitioner.
☒ placing an object on or delivering an object to property owned, leased, or occupied by petitioner.
☐ interfering with petitioner's efforts to remove his/her children and personal property from premises solely owned/leased by respondent.
☒ g. threatening to kill or physically injure Veronica Ann Holtrop
☒ h. interfering with petitioner at his/her place of employment or education or engaging in conduct that impairs his/her employment or educational relationship or environment.
☐ i. having access to information in records concerning a minor child of petitioner and respondent that will inform respondent about the address, telephone number, or employment address or that will reveal the child's address.
☐ j. purchasing or possessing a firearm.
7. Violation of this order subjects respondent to immediate arrest and to the civil and criminal contempt powers of the court. If found guilty, respondent shall be imprisoned for not more than 93 days and may be fined not more than $500.00.
8. This order is effective when signed, enforceable immediately, and remains in effect until 8/30/07
This order is enforceable anywhere in this state by any law enforcement agency when signed by a judge, and upon service, may also be enforced by another state, an Indian tribe, or a territory of the United States. If respondent violates this order in a jurisdiction other than this state, respondent is subject to enforcement and penalties of the state, Indian tribe, or United States territory under whose jurisdiction the violation occurred.
9. The court clerk shall file this order with Ottawa County Sheriffs Dept who will enter it into the LEIN.
10. Respondent may file a motion to modify or terminate this order. For ex parte orders, the motion must be filed within 14 days after being served with or receiving actual notice of the order. Forms and instructions are available from the clerk of court.
11. A motion to extend the order must be filed 3 days before the expiration date in item 8 or else a new petition must be filed.

Date and time issued
8-30-06 at 1:55pm

Judge
Jon A Van Allsburg

MCL 600.2950, MSA 3.705, MCR 3.706,
18 USC 922(g)(8)(C)

CC 376 (6/04) PERSONAL PROTECTION ORDER (Domestic Relationship)   SIGNED IN THE ABSENCE OF

JON HULSING, CIRCUIT JUDGE

*06056252PP*

FILED
AUG 30 2006
DANIEL C. KRUEGER
OTTAWA COUNTY CLERK

**Exhibit 3**

Original - Court
1st copy - Law enforcement agency (file) (green)
2nd copy - Respondent (blue)

3rd copy - Petitioner (pink)
4th copy - Return (yellow)
5th copy - Return (goldenrod)

Approved, SCAO

**STATE OF MICHIGAN**
**20th JUDICIAL CIRCUIT**
**Ottawa COUNTY**

Ⓐ

**PERSONAL PROTECTION ORDER**
**EX PARTE**
**(DOMESTIC RELATIONSHIP)**

Ⓑ CASE NO.
09-103873-PP

Jon A. VanAllsburg

Court address 414 Washington Avenue, Room 301-A, Grand Haven, Michigan 49417

Court telephone no. (616) 846-8315

ORI 7000253

Petitioner's name: Jeronica Ann Holtrop
Address and telephone no. where court can reach petitioner:
55 Ferry Street 616-796-5748
Spring Lake, MI 49456

Respondent's name, address, telephone no., and DLN:
David Craig Williams
210 Elm Street 231-750-2853
Spring Lake MI 49456

| Height | Weight | Race | Sex | Date of birth or Age | Hair color | Eye color | Other identifying information |
|---|---|---|---|---|---|---|---|
| 6'2" | 160 | White | M | 46 | | Hazel | Balding from front |

These items must be filled in for the court/sheriff to enter on LEIN; the other items are not required but are helpful. *Needed for NCIC entry.

Date: 2-3-09    Judge: [signature]    ☐ no hearing.   ☐ after hearing.

1. A petition requested respondent be prohibited from entry onto the premises, and either the parties are married, petitioner has property interest in the premises, or respondent does not have a property interest in the premises.

2. Petitioner requested an ex parte order which should be entered without notice because irreparable injury, loss, or damage will result from the delay required to give notice or notice itself will precipitate adverse action before the order can be issued.

☑ 3. Respondent poses a credible threat to the physical safety of the petitioner and/or a child of the petitioner.

4. The respondent ☐ is the spouse or former spouse of the petitioner, had a child in common with the petitioner, or is residing or had resided in the same household as the petitioner. ☑ has or had a dating relationship with the petitioner.

David Craig Williams is prohibited from... [handwritten]

☑ a. entering onto property where petitioner lives.
☐ b. entering onto property at
☐ c. assaulting, attacking, beating, molesting, or wounding Jeronica Holtrop or her children
☐ d. removing minor children from petitioner who has legal custody, except as allowed by custody or parenting time order provided removal of the children does not violate other conditions of this order. An existing custody order is dated ___ An existing parenting time order is dated ___
☑ e. stalking as defined under MCL 750.411h and MCL 750.411i which includes but is not limited to:
☑ following petitioner or appearing within his/her sight.
☑ appearing at petitioner's workplace or residence.
☑ sending mail or other communications to petitioner.
☑ contacting petitioner by telephone.
☑ approaching or confronting petitioner in a public place or on private property.
☑ entering onto or remaining on property owned, leased, or occupied by petitioner.
☑ placing an object on or delivering an object to property owned, leased, or occupied by petitioner.
☐ f. interfering with petitioner's efforts to remove his/her children's personal property from premises solely owned/leased by respondent.
☑ g. threatening to kill or physically injure Jeronica Holtrop
☐ h. interfering with petitioner at his/her place of employment or education or engaging in conduct that impairs his/her employment or educational relationship or environment.
☐ having access to information in records concerning a minor child of petitioner and respondent that will reveal petitioner's address, telephone number, or employment address or that will reveal the child's address or telephone number.
☐ purchasing or possessing a firearm.

5. As a result of this order, federal and/or state law may prohibit you from possessing or purchasing ammunition or a firearm (including a rifle, pistol, or revolver).

6. Violation of this order subjects respondent to immediate arrest and to the civil and criminal contempt powers of the court. If found guilty, respondent shall be imprisoned for not more than 93 days and may be fined not more than $500.00.

7. This order is effective when signed, enforceable immediately, and remains in effect until February 3, 2010.
This order is enforceable anywhere in this state by any law enforcement agency when signed by a judge, and upon service, may also be enforced by another state, an Indian tribe, or a territory of the United States. If respondent violates this order in a jurisdiction other than this state, respondent is subject to enforcement and penalties of the state, Indian tribe, or United States territory under whose jurisdiction the violation occurred.

8. The court clerk shall file this order with Ottawa County Sheriff who will enter it into the LEIN.

9. Respondent may file a motion to modify or terminate this order. For ex parte orders, the motion must be filed within 14 days after being served with or receiving actual notice of the order. Forms and instructions are available from the clerk of court.

10. A motion to extend the order must be filed 3 days before the expiration date in item 8 or else a new petition must be filed.

Date and time issued: 23-09  8:45 AM

Judge [signature]

SIGNED IN THE ABSENCE OF
JON A. VAN ALLSBURG, CIRCUIT JUDGE

PROTECTION ORDER (Domestic Relationship)   MCL 600.2950, MSA 3.706(5), MCL 600.2950(1), MCR 3.706, 18 USC 922(c)(8)(c)

*09903873PP*

**Exhibit 4**

Approved, SCAO

Original - Court
1st copy - Other party
2nd copy - Moving party

3rd copy - Friend of the court
4th copy - Proof of service
5th copy - Proof of service

STATE OF MICHIGAN
20th JUDICIAL CIRCUIT
Ottawa COUNTY

EX PARTE
ORDER REGARDING PARENTING TIME

CASE NO.
00-37443-DS

Court address: 414 Washington Ave. Grand Haven, MI 49417

Court telephone no.

Plaintiff's name, address, and telephone no.
Veronica Holtrop
PO Box 345
Spring Lake, MI 49456

Defendant's name, address, and telephone no.
Daniel Callahan
380 Lake Street
Fruitport, MI 49456

v

Third party's name, address, and telephone no.

Date: 6-14-10

Judge: [signature]   Bar no.

1. This order is entered ☐ after hearing. ☐ on consent of the parties. ☐ on stipulation of the parties.

THE COURT FINDS:
☐ 2. A motion requesting parenting time/change of parenting time was filed.

☐ 3. A response to the motion was filed.

☒ 4. It ☒ is ☐ is not  in the best interests of the child(ren) to ☐ establish ☐ change  parenting time.

☐ 5. It is in the best interests of the child(ren) to dismiss the motion.

IT IS ORDERED:
☐ 6. The motion is dismissed. Parenting time is unchanged and the existing order remains in effect.

☒ 7. Parenting time is ☐ established ☒ changed ☐ to be made up  as follows:
Explain in detail what the court has ordered.

Defendant's Parenting time is Suspended

8. Except as changed in this order, the prior order (if there is one) remains in effect.

Plaintiff's signature (consent/stipulation)

Defendant's signature (consent/stipulation)

Third party's signature (consent/stipulation)

Approved as to form:
Friend of the court signature (only if required)

Date: 6-14-10

Judge [signature]

CERTIFICATE OF MAILING

I certify that on this date I served a copy of this order on the other party(ies) or their attorneys by first-class mail addressed to their last-known addresses as defined in MCR 3.203.

Date

Signature

SOC 67 (3/09)  ORDER REGARDING PARENTING TIME

MCL 552.14, MCR 2.119

**Exhibit 5**

STATE OF MICHIGAN

IN THE 20TH CIRCUIT COURT FOR THE COUNTY OF OTTAWA


_____

VERONICA ANN HOLTROP,

                Plaintiff,


v                                       File No. 11-10-443-DS


DANIEL EDWARD CALLAHAN,

                Defendant.

_____/

MOTION TO CHANGE DOMICILE

BEFORE THE HONORABLE JON HULSING, CIRCUIT JUDGE

Grand Haven, Michigan - Friday, June 13, 2011


APPEARANCES:
For the Plaintiff:          In Pro Per
                        550 Ferry Street
                        Spring Lake, Michigan  49456


For the Defendant:         In Pro Per
                        380 Lake Street
                        Fruitport, Michigan  49415


RECORDED BY:               Tamera Russell, CER 7916
                        Certified Electronic Reporter
                        (616) 846-8320

Justin F. Roebuck
20th Circuit Court




Michigan.gov Home

Contact MDOC | OTIS Help | MDOC's Most Wanted | Glossary | Disclaimer | MDOC Home

## BIOGRAPHICAL INFORMATION

| | |
|---|---|
| MDOC Number: | 733214 |
| SID Number: | 2392567X |
| Name: | RYAN RUSSELL PORTER |
| Racial Identification: | White |
| Gender: | Male |
| Hair: | Blonde |
| Eyes: | Blue |
| Height: | 6' 1" |
| Weight: | 210 lbs. |
| Date of Birth: | 06/02/1988  (24) |
| Image Date: | 2/1/2013 |

RYAN RUSSELL PORTER

## MDOC STATUS

| | | | |
|---|---|---|---|
| Current Status: | Prisoner | Earliest Release Date: | 02/18/2014 |
| Assigned Location: | Cooper Street Facility | Maximum Discharge Date: | 05/18/2029 |
| Security Level: | I | | |

## ALIASES

RYAN R. PORTER

RYAN RUSELL PORTER

## MARKS, SCARS & TATTOOS

Tattoo- Back Neck - Skull

Tattoo- Chest - Trust

Tattoo- Left Ankle

Tattoo- Left Calf - Skull

Tattoo- Left Forearm - Skulls

Tattoo- Left Forearm - skulls

Tattoo- Right Calf - Tribal

Tattoo- Right Forearm - Female

Tattoo- Right Forearm - Porter

Tattoo- Right Hand - P

Tattoo- Upper Left Arm - Skulls / sun

Tattoo- Upper Right Arm - engel and last name and cross

to be there with him and I wanted to go home. I kept
calling, they wouldn't answer, it took--when the police
officers from Fruitport came I told (inaudible) and I told
him about this incident. I said I wanted to go home, I
thought she was going to be arrested and she's there or I
would've been home.

THE COURT: Getting back to Mr. Porter, have you
ever told anybody that you had some sort of romantic or
sexual relationship with a Mr. Porter?

MS. HOLTROP: Not that I remember.

THE COURT: Not that you remember? Could you
have said that?

MS. HOLTROP: I knew that he was attracted to
me, he's my son's friend, that's it, you know he was my
son's--

THE COURT: From your knowledge is there a
belief right or wrong amongst your family and friends that
you had some sort of an intimate relationship with Mr.
Porter?

MS. HOLTROP: Is there a belief, there is a
belief, yes that's correct.

THE COURT: How did that belief arise if you
know?

MS. HOLTROP: Mr. Callahan has told everybody,
everybody that he knows this, about this thing about

**Exhibit 6**

Received: 11/19/2012 OCClerk

Approved, SCAO

| | | |
|---|---|---|
| Original - Court | 1st copy - Law enforcement agency (file) (green) | 3rd copy - Petitioner (pink) |
| | 2nd copy - Respondent (blue) | 4th copy - Return (yellow) |
| | | 5th copy - Return (goldenrod) |

| STATE OF MICHIGAN | | PERSONAL PROTECTION ORDER | CASE NO. |
|---|---|---|---|
| 20th JUDICIAL CIRCUIT (A) | | X EX PARTE | 12-73990-PP |
| OTTAWA COUNTY | | (DOMESTIC RELATIONSHIP) (B) | JON HULSING |

Court address 414 WASHINGTON AVE, ROOM 320, GRAND HAVEN, MI 49417       Court telephone no.
ORI MI- 700025J                                                          (616) 846-8315

(C) Petitioner's name
Veronica Ann Marota

Address and telephone no. where court can reach petitioner
550 Ferry Street 616-638-9806
Spring Lake, MI 49456

v

Respondent's name, address, telephone no., and DLN
Daniel Edward Callahan
380 Lake Street 616-485-3424
Fruitport, MI 49415

(D)
| Height | Weight | Race | Sex | Date of birth or age* | Hair color | Eye color | Other identifying information Sometimes |
|---|---|---|---|---|---|---|---|
| 5'6" | 175 | White | M | 09/00/64 | Dark Blond | Blue | wears glasses. (mugshot Attached) |

*These items must be filled in for the police/sheriff to enter into LEIN, the other items are not required but are helpful.   *Needed for NCIC entry.

Date: 11-19-12   Judge: [signature]   ☒ no hearing. ☐ after hearing.

☒ 1. A petition requested respondent be prohibited from entry onto the premises, and either the parties are married, petitioner has property interest in the premises, or respondent has a property interest in the premises.

☒ 2. Petitioner requested an ex parte order, which should be entered without notice because irreparable injury, loss, or damage will result from the delay required to give notice or notice itself will precipitate adverse action before the order can be issued.

☒ 3. Respondent poses a credible threat to the physical safety of the petitioner and/or a child of the petitioner.

☒ 4. Respondent ☐ **is the spouse or former spouse of the petitioner, has a child in common with the petitioner, or is residing or had resided in the same household as the petitioner. ☐ has or had a dating relationship with the petitioner.

IT IS ORDERED:

5. Daniel Edward Callahan is prohibited from:

☒ a. entering onto property where petitioner lives.
☐ b. entering onto property at _____
☒ c. assaulting, attacking, beating, molesting, or wounding Veronica Marota, Vince Marota or Any of Their Children
☒ d. removing minor children from petitioner who has legal custody, except as allowed by custody or parenting-time order, provided removal of the children does not violate other conditions of this order. An existing custody order is dated 8-21-2000. An existing parenting-time order is dated 3-29-2012.
☒ e. stalking as defined under MCL 750.411h and MCL 750.411i that includes but is not limited to:
  ☒ following petitioner or appearing within his/her sight.   ☒ appearing at petitioner's workplace or residence.
  ☒ sending mail or other communications to petitioner.   ☒ contacting petitioner by telephone
  ☒ approaching or confronting petitioner in a public place or on private property.
  ☒ entering onto or remaining on property owned, leased, or occupied by petitioner.
  ☒ placing an object on or delivering an object to property owned, leased, or occupied by petitioner.
☒ f. interfering with petitioner's efforts to remove his/her children/personal property from premises solely owned/leased by respondent.
☒ g. threatening to kill or physically injure Vernica Marota, Vince Marota or Any of Their Children
☒ h. interfering with petitioner at his/her place of employment or education or engaging in conduct that impairs his/her employment or educational relationship or environment.
☒ i. having access to information in records concerning a minor child of petitioner and respondent that will reveal petitioner's address, telephone number, or employment address or that will reveal the child's address or telephone number.
☒ j. purchasing or possessing a firearm.
☒ k. other: May not be within 1,000 yards of any of The aforementioned named unlisted above

6. As a result of this order, federal and/or state law may prohibit you from possessing or purchasing ammunition or a firearm.

7. Violation of this order subjects respondent to immediate arrest and to the civil and criminal contempt powers of the court. If found guilty, respondent shall be imprisoned for not more than 93 days and may be fined not more than $500.00.

8. **This order is effective when signed, enforceable immediately, and remains in effect until 11/19/13**
This order is enforceable anywhere in this state by any law enforcement agency when signed by a judge, and upon service, may also be enforced by another state, an Indian tribe, or a territory of the United States. If respondent violates this order in a jurisdiction other than this state, respondent is subject to enforcement and penalties of the state, Indian tribe, or United States territory under whose jurisdiction the violation occurred.

9. The court clerk shall file this order with Ottawa County Sheriff who will enter it into the LEIN.

10. Respondent may file a motion to modify or terminate this order. For ex parte orders, the motion must be filed within 14 days after being served with or receiving actual notice of the order. Forms and instructions are available from the clerk of court.

11. A motion to extend the order must be filed 3 days before the expiration date in item 8 or a new petition must be filed.

11-19-12  2:10 pm
Date and time issued

Judge [signature]   Bar no.

CC 376 (3/12) PERSONAL PROTECTION ORDER (Domestic Relationship)   MCL 600.2950, MCR 3.705, MCR 3.706, 18 USC 922(g)(8)(c)

**Exhibit 7**

Received: 8/21/2013 OCClerk

Original - Court
1st copy - Judge/Assignment clerk (green)
2nd copy - Respondent (blue)
3rd copy - Petitioner (pink)
4th copy - Return (yellow)

Approved, SCAO

| **STATE OF MICHIGAN** | **MOTION AND ORDER TO SHOW CAUSE** | Ⓐ | **CASE NO.** |
|---|---|---|---|
| **20th** JUDICIAL CIRCUIT | **FOR VIOLATING VALID PERSONAL/** | | In the matter of contempt of |
| **Ottawa** COUNTY | **FOREIGN PROTECTION ORDER** | | 12-73990-PP |

Court address

414 Washington St., Grand Haven, MI  49417        700025J        Court telephone no. 616/846-8315

Ⓑ Petitioner's name
VERONICA ANN MAROTA
Address and telephone no. where court can reach petitioner

v

Respondent's name, address, and telephone no.
DANIEL EDWARD CALLAHAN
380 Lake St.
Fruitport, MI  49415

Date of birth, if known
1/3/1964

---

### AFFIDAVIT AND MOTION

Ⓒ 1. I am the protected party in a valid personal/foreign protection order dated _____11/19/2012_____ and

issued by the ____20th Circuit____ Court, case number __12-73990-PP__.

Ⓓ Attached is a copy of that order and either proof of service on or notification to the respondent of that order.

2. The respondent has violated the order by doing the following:
Explain what has happened and include dates, times, and events (attach any supporting documents, such as a complaint filed with the police)

RESPONDENT VIOLATED PERSONAL PROTECTION ORDER BY APPEARING WITHIN HER SIGHT AND/OR
APPROACHING OR CONFRONTING PETITIONER IN A PUBLIC PLACE ON OR ABOUT 8/12/2013

3. I request the court to order the respondent to appear at a specified time to answer a contempt charge or to issue a bench warrant for the arrest of the respondent.

Ⓔ

Signature   John R. Scheuerle, P42933

Subscribed and sworn to before me on ___8/16/2013___, _Ottawa_ County, Michigan.
                                          Date

My commission expires: ___9/9/2018___  Signature: _Cathy J. Eidson_

Notary public, State of Michigan, County of _____Ottawa_____   Cathy J. Eidson, Notary Public

---

### ORDER

**IT IS ORDERED:**
This is a Show Cause Arraignment, not a hearing, witnesses are NOT necessary at this time.
☒ 5. The respondent is ordered to appear before this court on _Friday, Sept 6, 2013_ at _10:00 am_
                                                              Date                          Time
☒ the court address above
at ☒ courtroom number ___3A___
☐ _____
to show cause why the respondent should not be held in contempt for violating a valid personal/foreign protection order.
Failure to appear for this contempt hearing may result in a bench warrant being issued for the respondent's arrest. The
petitioner shall serve this motion and order on the respondent at least 7 days before the hearing date.
☐ 6. A bench warrant shall be issued for the respondent's arrest to answer a contempt charge for violating a valid personal/
foreign protection order.

_8-16-13_                                    Judge  Jon Hulsing, P44682               Bar no.
Date

If you require special accommodations to use the court because of disabilities, or if you require a foreign language interpreter to
help you fully p_____ _____ ___ contact the court immediately to make arrangements.                  MCR 3.708(B)

CC 382 (3/10) MOTI... "12073990PP"    OR VIOLATING VALID PERSONAL/FOREIGN PROTECTION ORDER

Received: 8/10/2014 OCClerk

| Original - Court | 3rd copy - Police agency |
| 1st copy - Prosecutor | 4th copy - Arresting agency |
| 2nd copy - Defendant/Juvenile | |

Approved, SCAO

PROBATE JIS CODE. NO.

| STATE OF MICHIGAN | MOTION/ORDER | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT | OF NOLLE PROSEQUI | |
| 20th    JUDICIAL CIRCUIT | | 12-73990-PP |

| ORI MI-  700025J | Court address 414 Washington St., Grand Haven, MI  49417 | Court telephone no. |
|---|---|---|
| Police Report No. 2013-14491 | | 616/846-8315 |

| THE PEOPLE OF | XXXThe State of Michigan & XXX VERONICA ANN MAROTA | v | Defendant/Juvenile name, address, and telephone no. DANIEL EDWARD CALLAHAN |
|---|---|---|---|
| | | | CTN/TCN | SID | DOB 1/3/1964 |

☐ Juvenile    In the matter of _____

| Count | CRIME | CHARGE CODE(S) MCL citation/PACC Code |
|---|---|---|
| 1 | Violation of Personal Protection Order | 5005 |
| | | |
| | | |

**MOTION**

Gregory Babbitt, P31863 _____, prosecuting official, moves for a nolle prosequi in this case
Name (type or print)

for the following reason(s):

IN THE BEST INTEREST OF JUSTICE

Date _____ 2014                    Prosecuting official   Gregory J. Babbitt, P31863   Bar no.

**ORDER**

IT IS ORDERED:

☒☒☒ Motion for nolle prosequi is granted and the case is dismissed without prejudice.
☐ 2. Motion for nolle prosequi is granted as to the following charge(s), which are dismissed without prejudice:

_____

_____

☐ 3. Motion for nolle prosequi is denied.
☐ 4. Defendant/Juvenile shall be immediately discharged from confinement in this case.
☐ 5. Bond is canceled and shall be returned after costs are deducted.
☐ 6. Bond is continued on the remaining charge(s).

Date _____                    Judge/Magistrate                    Bar no.

If item 1 is checked, the clerk of the court shall advise the Michigan State Police Criminal Justice Information Center of the disposition as required under MCL 769.16a.

TO THE DEFENDANT: Your fingerprints and arrest card will be destroyed by the Michigan State Police within 60 days of the date of this order when permitted by MCL 28.243.

MC 263  (3/09)  MOTION/ORDER OF NOLLE PR                    28.243, MCL 767.29, MCL 769.16a, MCR 3.936(D)

*12073990PP*

**Exhibit 8**

FILED 4/3/2019
Justin F. Roebuck
20th Circuit Court

Case 1:20-cv-01034-PLM-SJB   ECF No. 9-4 filed 01/06/20   PageID.147   Page 72 of 146

Received:11/14/2013 OCClerk

Original - Court
1st copy - LEIN (if applicable)
2nd copy   Respondent
3rd copy - Petitioner

Approved, SCAO

| STATE OF MICHIGAN | ORDER ON MOTION TO MODIFY, EXTEND, OR TERMINATE PERSONAL PROTECTION ORDER | CASE NO. |
|---|---|---|
| 20TH   JUDICIAL CIRCUIT   OTTAWA   COUNTY | | 12-73990-PP |

Court address

414 WASHINGTON ROOM 320 GRAND HAVEN, MI 49417    Court telephone no. (616) 846-8315

Petitioner's name

Veronica Ann Marston

Address and telephone no. where court can reach petitioner
550 Ferry Street 6166389806
Spring Lake, Mi 49456

v

Respondent's name, address, and telephone no.

Daniel Edward Callahan
380 Lake Street 616-485-3424
Fruitport, Mi 49415

Date:    11-14-13    Judge    Edward Post    Bar no.

☐ 1. This order is entered after hearing.

**THE COURT FINDS:**

2. A motion was filed to
☐ a. modify the personal protection order dated _____
☒ b. extend the expiration date of the personal protection order dated    11-19-12    .
☐ c. terminate the personal protection order dated _____

3. ☒ a. Circumstances continue to exist that would require extension/modification of the order.
☐ b. Circumstances do not exist that would require extension/modification of the order
☐ c. Circumstances do not exist that would require continuation of the term of the order.

**IT IS ORDERED:**

☐ 4. The motion to modify the personal protection order is granted in ☐ full.   ☐ part.   An amended personal protection order shall be issued.

☒ 5. The personal protection order is extended from    11-19-13    to    11-19-14
   Current expiration date          New expiration date

   The court clerk shall file this order with _____
   Name of law enforcement agency

   who shall enter the new expiration date in the LEIN system. The conditions of the existing personal protection order are continued except as to the new expiration date.

☐ 6. The motion to terminate the personal protection order is granted. The court clerk shall complete and file the Removal of Entry from LEIN (form MC 239) with the law enforcement agency named in the last order.

☐ 7. The motion to modify, extend, or terminate the personal protection order is denied and the existing personal protection order will expire on the date of that order.

8. This order is effective when signed.

   11-14-13
   Date                                          Judge

**CERTIFICATE OF MAILING**

*Instruction to moving party:* You must mail this order to the other party, date and sign below, and file a copy of this certificate of mailing with the court clerk as soon as possible.

I certify that on this date I served a copy of this order on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined in MCR 2.107(C)(3).

11-14-13
Date                                          Moving party

CC 385 (3/08) ORDER    *12073990PP*    OR TERMINATE PERSONAL PROTECTION ORDER    MCR 3.707

**Exhibit 9**

Received:11/7/2014 CCClerk

Original - Court
1st copy - LEIN (if applicable)
2nd copy - Respondent
3rd copy - Petitioner

Approved, SCAO

| STATE OF MICHIGAN | ORDER ON MOTION TO | CASE NO. |
|---|---|---|
| 20TH JUDICIAL CIRCUIT COUNTY | MODIFY, EXTEND, OR TERMINATE | 12-73990-PP |
| OTTAWA | PERSONAL PROTECTION ORDER | |

Court address: 414 WASHINGTON ROOM 320 GRAND HAVEN, MI 49417

Court telephone no. (616) 846-8315

Petitioner's name: Veronica Ann Nurtz
Address and telephone no. where court can reach petitioner
550 Ferry Street (616) 638-7966
Spring Lake, MI 49456.

v

Respondent's name, address, and telephone no.
Daniel Edward Callahan
380 Lake Street (616) 485-3424
Fruitport, MI 49415

Date: 11-7-14    Judge: Hulsing    44682
Bar no.

☐ 1. This order is entered after hearing.

THE COURT FINDS:
2. A motion was filed to
☐ a. modify the personal protection order dated _____
☑ b. extend the expiration date of the personal protection order dated 11-19-12 And Extended on 11-14-13
☐ c. terminate the personal protection order dated _____

3. ☑ a. Circumstances continue to exist that would require extension/modification of the order
☐ b. Circumstances do not exist that would require extension/modification of the order
☐ c. Circumstances do not exist that would require continuation of the term of the order

IT IS ORDERED:
☐ 4. The motion to modify the personal protection order is granted in ☐ full ☐ part. An amended personal protection order shall be issued

☑ 5. The personal protection order is extended from 11-19-14 to 11-19-2017
Current expiration date          New expiration date
The court clerk shall file this order with Ottawa County Sheriff
Name of law enforcement agency

who shall enter the new expiration date in the LEIN system. The conditions of the existing personal protection order are continued except as to the new expiration date

☐ 6. The motion to terminate the personal protection order is granted. The court clerk shall complete and file the Removal of Entry from LEIN (form MC 239) with the law enforcement agency named in the last order

☐ 7. The motion to modify, extend, or terminate the personal protection order is denied and the existing personal protection order will expire on the date of that order

8. This order is effective when signed

Date 11-9-14          Judge



CERTIFICATE OF MAILING

*Instruction to moving party:* You must mail this order to the other party, date and sign below, and file a copy of this certificate of mailing with the court clerk as soon as possible.

I certify that on this date I served a copy of this order on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined in MCR 2.107(C)(3).

Date _____          Moving party _____

CC 385 (3/08) ORDER ON MOTION TO MODIFY, EXTEND, OR TERMINATE PERSONAL PROTECTION ORDER          MCR 3.707

"12073990PP"

**Exhibit 10**

Received:11/8/2017 OCClerk

Original - Court
1st copy - LEIN (if applicable)
2nd copy - Respondent
3rd copy - Petitioner

Approved, SCAO

| STATE OF MICHIGAN<br>20th   JUDICIAL CIRCUIT<br>Ottawa   COUNTY | ORDER ON MOTION TO<br>MODIFY, EXTEND, OR TERMINATE<br>PERSONAL PROTECTION ORDER | CASE NO.<br>2012-73990-PP |
|---|---|---|

Court address
414 Washington Room 320 Grand Haven, MI 49417                          Court telephone no.
(616) 846-8315

Petitioner's name
Veronica Marota
Address and telephone no. where court can reach petitioner
850 Ferry Street
Spring Lake, MI 49456

v

Respondent's name, address, and telephone no.
Daniel Callahan
2441 Winding Brook Ct.
Rochester Hills, MI 48309

Date: _____11-8-17_____     Judge: _____     44182
                                                            Bar no.

1. This order is entered after hearing.

THE COURT FINDS:
2. A motion was filed to
☐ a. modify the personal protection order dated _____
☑ b. extend the expiration date of the personal protection order dated 11-19-12 And Extended by 1-7-14
☐ c. terminate the personal protection order dated _____

3. ☐ a. Circumstances continue to exist that would require extension/modification of the order.
   ☐ b. Circumstances do not exist that would require extension/modification of the order.
   ☐ c. Circumstances do not exist that would require continuation of the term of the order.

IT IS ORDERED:
4. The motion to modify the personal protection order is granted in ☐ full. ☐ part. An amended personal protection
   order shall be issued.

☑ 5. The personal protection order is extended from ___11-19-2017___ to ___11-19-2020___
                                                     Current expiration date        New expiration date
   The court clerk shall file this order with ___Ottawa County Sheriff___
                                              Name of law enforcement agency
   who shall enter the new expiration date in the LEIN system. The conditions of the existing personal protection order are
   continued except as to the new expiration date.

☐ 6. The motion to terminate the personal protection order is granted. The court clerk shall complete and file the Removal of
   Entry from LEIN (form MC 239) with the law enforcement agency named in the last order.

☐ 7. The motion to modify, extend, or terminate the personal protection order is denied and the existing personal protection order
   will expire on the date of that order.

8. This order is effective when signed.
   ___11-8-17___                                      Judge _____
   Date

CERTIFICATE OF MAILING

Instruction to moving party: You must mail this order to the other party, date and sign below, and file a copy of this certificate of
mailing with the court clerk as soon as possible.

I certify that on this date I served a copy of this order on the parties or their attorneys by first-class mail addressed to their last-known
addresses as defined in MCR 2.107(C)(3).

Date _____                    Moving party _____

CC 385 (3                    "12073990PP"              , EXTEND, OR TERMINATE PERSONAL PROTECTION ORDER        MCR 3.707

# APPENDICES 7

.

# SETTLEMENT AGREEMENT & RELEASE

## *(KACEL & ASSOCIATES, PLLC / DANIEL CALLAHAN)*

THIS AGREEMENT is made as on May ___3___, 2019 (the "Effective Date"), by and between **DANIEL CALLAHAN**, a person residing in Muskegon County, Michigan ("DANIEL CALLAHAN") and **KACEL & ASSOCIATES, PLLC**, a limited liability company doing business in Muskegon County, Michigan ("KACEL & ASSOCIATES, PLLC"); (DANIEL CALLAHAN and KACEL & ASSOCIATES, PLLC, are collectively referred to as, "the Parties").

## RECITALS:

WHEREAS, the Parties desire to resolve certain claims by DANIEL CALLAHAN involving his representation by KACEL & ASSOCIATES, PLLC, such that DANIEL CALLAHAN will receive $750.00 from KACEL & ASSOCIATES, PLLC, thereby permanently resolving said claims and avoiding with prejudice any possible litigation, arbitration and/or administrative proceedings;

NOW THEREFORE, based on the foregoing recitals which are incorporated herein as representations and covenants of the parties, and in consideration of the agreements contained herein, the Parties agree as follows:

## PROVISIONS:

1.      Settlement.      The Parties, after sufficient consultation with their undersigned counsel, agree that in exchange for a payment by KACEL & ASSOCIATES, PLLC to DANIEL CALLAHAN in the sum of $750.00, that DANIEL CALLAHAN shall agree to dismiss with prejudice all of DANIEL CALLAHAN's possible claims relating to the previous representation of him by KACEL & ASSOCIATES, PLLC, including but not limited to: representation in personal protection order cases in Ottawa County involving Veronica Marota.  Said payment will be submitted by KACEL & ASSOCIATES, PLLC to DANIEL CALLAHAN in the form of check by May 15, 2019.

1

2.    <u>Release of Claims</u>.  DANIEL CALLAHAN, for himself and on behalf of his agents, employees, representatives, affiliates, predecessors-in-interest, successors, and assigns, in consideration of the payment terms stated above, does hereby release, discharge and acquit all KACEL & ASSOCIATES, PLLC, and/or their officers, directors, shareholders, agents, employees, and affiliates, and their respective successors, heirs and assigns (collectively, the "Released Parties"), of and from any and all rights, claims, demands, obligations, liabilities, indebtedness, breaches of contract, breaches of duty or any relationship, acts, omissions, misfeasance, malfeasance, causes of action, promises, damages, costs, losses and expenses of every kind, nature, description or character, and irrespective of how, why, or by reason of what facts, which could or may be claimed to exist, whether known or unknown, suspected or unsuspected, liquidated or unliquidated, claimed or unclaimed, whether based on contract, tort, breach of any duty, or other legal or equitable theory of recovery, each as though fully set forth herein at length (collectively, the "Claims"), which in any way arise out of, are connected with or relate to DANIEL CALLAHAN's claims involving KACEL & ASSOCIATES, PLLC.

As to all matters being released by DANIEL CALLAHAN, pursuant to the provisions hereof, DANIEL CALLAHAN expressly acknowledges that the release of Claims applies to all Claims whether or not known to DANIEL CALLAHAN or suspected by DANIEL CALLAHAN to exist.  DANIEL CALLAHAN warrants and represents to KACEL & ASSOCIATES, PLLC that he has not sold, assigned, transferred, conveyed or otherwise disposed of any Claims which are the subject of this Agreement. DANIEL CALLAHAN acknowledges and agrees that the facts with respect to which the release of Claims contained in this Paragraph is executed may hereafter be found to be different from the facts now believed by him to be true, and he expressly accepts and assumes the risks of such possible differences and agree that the release of Claims contained in this Agreement shall be and remain effective, despite any such differences in facts.

3.    <u>Disclaimer of Liability</u>.  No Parties hereto make any admissions by this Agreement or payment(s) made thereunder, nor admit liability or responsibility for any allegations made relating to said Claims. All Parties acknowledge that no admissions of civil or criminal liability, responsibility or guilt are made or implied by this Agreement.

4.    <u>Governing Law & Venue</u>. This Agreement is made in the State of Michigan and

the validity of this agreement and any documents incorporated herein or executed in connection herewith, and the construction, interpretation, and enforcement thereof, and the rights of the Parties thereto shall be determined under, and construed in accordance with the internal laws of the State of Michigan, without regard to principles of conflicts of law. The Parties agree that all actions or proceedings arising in connection with this agreement, and any documents incorporated herein or executed in connection herewith shall be tried and litigated in the 60th District Court for Muskegon County, Michigan.

     5.    <u>Confidentiality</u>.    The Parties agree that terms of this Agreement shall remain confidential between them, and that no Party hereto or their counsel will discuss or communicate about said terms (whether in person, via the media, on Facebook, by e-mail, by telephone, or otherwise) with any persons who are not Parties to this case, except with the prior written consent of all three Parties hereto. Violation of this provision can subject the violating Party to a motion to litigation and/or return of some or all settlement moneys paid, and the 60th District Court shall have jurisdiction to enforce such violations.

     6.    <u>Acknowledgment</u>.    All Parties acknowledge that: (a) they have consulted with counsel of their choice concerning this Agreement and its subject matter, and after consulting with such counsel, they knowingly, voluntarily and without duress, coercion, unlawful restraint, intimidation or compulsion, enter into this agreement based upon such advice and counsel and in the exercise of their business judgment; (b) this Agreement has been entered into in exchange for good and valuable consideration, the sufficiency of which the Parties acknowledge; and (c) they have each carefully and completely read all of the terms and provisions of this Agreement and are not relying on the opinions or advice of any other person when entering into this Agreement.

     7.    <u>Severability</u>.    Should any part, term or provision of this Agreement be determined by the courts to be illegal, unenforceable or in conflict with any law of the State of Michigan, federal law or any other applicable law, the validity and enforceability of the remaining portions or provisions of this Agreement shall not be affected thereby.

     8.    <u>Headings</u>.    The headings in this Agreement have been inserted for convenience only and shall not affect the meaning or interpretation of this Agreement.

     9.    <u>Counterparts</u>.    This Agreement may be executed in one or more counterparts,

each of which shall be considered an original and all of which shall constitute the same instrument.

10. <u>Entire Agreement</u>. This Agreement contains the entire agreement of the Parties hereto with respect to the subject matter hereof. The Parties hereto shall not be bound by any other different, additional or further agreements or understandings except as consented to in writing by them.

11. <u>Accuracy and Truth of Recitals</u>. The Parties acknowledge and affirm that the Recitals contained in this Agreement are accurate and true in every respect.

12. <u>Signatures</u>. Expressly acknowledging: the validity, applicability and binding effect of all provisions in paragraphs 1 through 12 herein; and that this Agreement is four (4) pages in length, and having reviewed and fully understood each of those four (4) pages, each Party and/or their counsel affixes their signature below to this Settlement Agreement and Release.

Dated: May 3, 2019

DANIEL CALLAHAN

Dated: May 3, 2019

KACEL & ASSOCIATES, PLLC
By: Matthew R. Kacel
Its President

BARBARA J DEATON
Notary Public, Muskegon County, MI
My Commission Expires 4/5/22
Acting in the County of _____

4

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OTTAWA

VERONICA MAROTA.

              Petitioner.

v

DANIEL CALLAHAN,

              Respondent.

HON. JON H. HULSING

File No. 12-73990-PP

| Veronica Marota | Matthew R. Kacel P73528 |
|---|---|
| Petitioner In Pro Per | Attorney for Respondent |
| 550 Ferry Street | 1 East Apple Ave – Ste C |
| Spring Lake, MI 49456 | Muskegon, MI 49442 |
| | (231) 747-9663 |

## STIPULATION AND ORDER
## TO WITHDRAW AS COUNSEL

Now come the parties to the above entitled matter and hereby stipulate and agree that Matthew

R. Kacel be allowed to withdraw as counsel for the Respondent in the above matter.

Daniel Callahan
Respondent

Matthew R. Kacel P73528
Attorney for Defendant

## ORDER

At a session of said Court held at the County
Building in the City of Grand Haven, County and State aforesaid.

PRESENT: HON. JON H. HULSING
Circuit Court Judge

IT IS SO ORDERED.

HON. JON H. HULSING
Circuit Court Judge

KACEL & ASSOCIATES, PLLC  1 E. APPLE – SUITE C MUSKEGON MI 49442

3475

**KACEL AND ASSOCIATES PLLC**
1 EAST APPLE AVE. STE C
MUSKEGON, MI 49442
(231) 747-9663

Fifth Third Bank

74-5/724

5/3/2019

PAY TO THE
ORDER OF___ Daniel Callahan

$ **750.00

Seven Hundred Fifty and 00/100************************************************************************************

**DOLLARS**

Daniel Callahan
380 Lake Street
Fruitport, MI 49415

MEMO    REFUND

AUTHORIZED SIGNATURE

⑈003475⑈ ⑆072400052⑆ 716460176 2⑈

**KACEL AND ASSOCIATES PLLC**

3475

Daniel Callahan

Refund                               5/3/2019

750.00

Checking          REFUND                                              750.00

# APPENDICES 8

# BREGMAN & WELCH
## Attorneys & Counselors at Law

Judy E. Bregman
judy@bregmanwelch.com

Mark H. Welch
mark@bregmanwelch.com

700 Washington Ave.
Suite 260
P.O. Box 885
Grand Haven, Michigan 49417

Telephone: 616-846-3145
Facsimile: 616-846-1232

June 24, 2019

Mr. Daniel Callahan
380 Lake Street
Fruitport, Mi 49415

Re:   Callahan v Marota

Dear Mr. Callahan:

Today, I received both your Claim of Appeal and the letter from the Court of Appeals advising that your filing is defective. I assume you will be correcting the deficiencies.

Meanwhile, I wanted to make you an offer to resolve this litigation. My offer is this: you can pay me a lump sum of $10.000 to settle the $12,321.85 Judge Miedema awarded me in attorney fees. In addition, we would enter into an agreement that you will not file any more lawsuits against Veronica or Vincent Marota.

You might think about this offer in practical terms. If you appeal both the summary disposition and the attorney fees, it will cost you $750 in filing fees. In addition, you will have to buy the transcripts of the two hearings resulting in these rulings. If you lose, as I expect, I will also be asking the Court of Appeals for attorney fees for your having filed a frivolous appeal. If done correctly, appeal briefs are quite expensive to prepare. It is possible that the fees you owe me could double.

Please take a moment to cut your losses and strongly consider my offer. It is open until July 1, 2019. After that, I withdraw it and will begin collection of the full amount awarded to me.

Sincerely,

Judy E. Bregman

cc:   Veronica Marota

# APPENDICES 9

Approved, SCAO

| | | | Original - Court |
| | | | 1st copy - Plaintiff |
| | | | 2nd copy - Defendant |

| STATE OF MICHIGAN JUDICIAL DISTRICT 20th JUDICIAL CIRCUIT | JUDGMENT Civil | CASE NO. 18-5555-NZ |

Court address 414 Washington Ave.
Grand Haven, MI 49417

Court telephone no.
(616)846-8315

**Plaintiff(s)**
Daniel Callahan

v

**Defendant(s)**
Veronica Marota

Plaintiff's/Plaintiff's attorney name, address, and telephone no.

Daniel Callahan
380 Lake St.
Fruitport, MI 49415

☒ **JUDGMENT**

**For:** Defendant

**Against:** Plaintiff

☐ Trial      ☐ Consent
☐ Summary Disposition  ☐ Default*

Defendant's/Defendant's attorney name, address, and telephone no.

Judy E. Bregman (P32252)
Bregman & Welch
P.O. Box 885
Grand Haven, MI 49417    (616) 846-3145

☐ **DISMISSAL**
☐ Without prejudice  ☐ With prejudice
☐ No cause of action

*For a defendant on active military duty, default judgment shall not be entered except as provided by the Servicemembers Civil Relief Act.

## ORDER OF JUDGMENT NOT INCLUDING STATUTORY INTEREST

Damages:
Costs (fees): filing $ _____ jury $ _____ motion $ 20.60 service $ _____     $ _____

    $ 20.60

Attorney fee:  ☐ statutory  ☐ other (specify)_____     $ 12,321.85

Total judgment amount (This judgment will earn interest at statutory rates, computed from the filing date of the complaint.):  $ 12,342.45

☐ The defendant shall pay the judgment in installment payments of $ _____ each _____ starting _____ until the judgment is paid in full. The plaintiff shall not issue a periodic garnishment as long as payment is made.

Other conditions, if any:

☐ Approved as to form, notice of entry waived.
IT IS ORDERED that this judgment is granted.
This judgment resolves the last pending claim and closes the case unless checked here. ☒

6/4/19
Judgment date

Judge/Court clerk Karen J. Miedema
Bar no.

Plaintiff/Attorney

Defendant/Attorney Judy E. Bregman

Judgment has been entered and will be final unless within 21 days of judgment date a motion for new trial or an appeal is filed.

## STATUTORY INTEREST

The judgment interest accrued from the filing of the complaint to judgment is $ _____ and is based on:
(If additional rates apply, attach a separate sheet.)
☐ the statutory rate of _____ % from _____ to _____ .
☐ the statutory 6-month rate(s) of _____ % from _____ to _____ . and
    _____ % from _____ to _____ .

## CERTIFICATE OF MAILING

I certify that on this date I served a copy of this judgment on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined in MCR 2.107(C)(3).

Date

Signature

MC 10  (3/13)  JUDGMENT, CIVIL    MCL 600.2441, MCL 600.5759, MCL 600.6013, MCL 600.8375, MCR 2.601, MCR 2.602, MCR 2.603, 50 USC 521

# APPENDICES 10

LAKESHORE LEGAL AID'S
# COUNSEL & ADVOCACY LAW LINE
ATTORNEYS AND COUNSELORS AT LAW

16250 Northland Drive, Suite 363, Southfield, Michigan 48075
Toll Free (888) 783-8190 Fax (248) 569-9980

11/7/2018

Daniel Callahan
380 Lake Street
Fruitport, Mi 49415

Re: Online Intake

Dear Mr. Callahan;

We have received your online application for legal assistance. Unfortunately, your case poses a conflict for our organization. The Michigan Rules of Professional Conduct prohibit law firms from engaging in cases where past or present clients would be directly affected. Because of our confidential relationship with our clients we are unable to provide further detail in this matter or represent you.

You may contact the Michigan State Bar Referral Service at 800-968-0738 or http://lrs.michbar.org. There is a $25 charge for a 25-minute consultation. Additional resources are also available at www.michiganlegalhelp.org.

Please be advised that in all legal matters there are deadlines after which a claim or defense cannot be maintained. Therefore, it is important that you seek legal representation on this matter.

Sincerely,

Counsel and Advocacy Law Line

# APPENDICES 11

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OTTAWA

---

DANIEL CALLAHAN, an individual,

Plaintiff,                                    Opinion and Order

v                                             File No. 18-5555-NZ

VERONICA ANN MAROTA, an individual,           Hon. Karen J. Miedema
and VINCENT MAROTA, an individual,

Defendants.

---

Six motions are before the Court. Defendant Veronica Ann Marota (Veronica) brings a motion for summary disposition, a motion to strike, and a motion for sanctions. Plaintiff brings a motion to file a first amended complaint, a motion for alternate service, and a motion to strike.

In 2012 and again in 2017, Veronica obtained personal protection orders (PPOs) against plaintiff. Plaintiff was unsuccessful in having the PPOs set aside. On October 31, 2018, plaintiff filed the instant action based on the allegations and counter-allegations that led to the issuance of the PPOs. Plaintiff's complaint is pled in four counts: count I, abuse of process, count II, malicious prosecution, count III, defamation, and count IV, fraud.

We begin with Veronica's motion for summary disposition.

As to count I, an action in abuse of process must allege improper use of process *after* it has been issued: maliciously *causing* process to issue does not constitute abuse of process. *Dalley* v *Dykema Gossett*, 287 Mich App 296, 322; 788 NW2d 679 (2010). "[T]he pleadings must allege with specificity an act committed in the use of process that is improper in the regular course of the proceeding." *Id.* (citation omitted). "A claim asserting nothing more than an improper motive in properly obtaining process does not successfully plead an abuse of process." *Id.* (citation omitted).

The only process that defendant has caused to issue is a PPO. Plaintiff has failed to plead an improper act by defendant in the use of the PPO *after* the PPO was issued. Summary disposition is therefore proper under MCR 2.116(C)(8). Additionally, the statute of limitations for abuse of process is two years. See MCL 600.5805. Plaintiff has failed to plead an improper

act by defendant in the use of the PPO that falls within the appropriate two-year time frame. Summary disposition is therefore proper under MCR 2.116(C)(7).

As to count II, malicious prosecution, the elements of malicious prosecution are: (1) that defendant initiated a criminal prosecution against the plaintiff; (2) that the criminal prosecution was terminated in favor of the plaintiff; (3) that the defendant lacked probable cause to institute the criminal prosecution; and (4) that defendant acted with malice or with a purpose other than bringing a criminal offender to justice. *Walsh* v *Taylor*, 263 Mich App 618, 633; 689 NW2d 506 (2004). Plaintiff has failed to plead facts that satisfy any of the elements of malicious prosecution. Therefore, summary disposition is appropriate under MCR 2.116(C)(8). Furthermore, the statute of limitations for malicious prosecution is two years. See MCL 600.5805(7). Plaintiff has failed to plead facts giving rise to malicious prosecution that fall within the relevant two-year time frame. Summary disposition is therefore also proper under MCR 2.116(C)(7).

Regarding count III, defamation, to succeed on a claim in defamation, plaintiff must plead facts that establish the following elements: (1) a false and defamatory statement concerning the plaintiff, (2) an unprivileged communication to a third party, (3) fault amounting to at least negligence on the part of the publisher, and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by publication. *Thomas M. Cooley Law School v Doe*, 300 Mich App 245, 262; 833 NW2d 331 (2013). Plaintiff must also comply with constitutional requirements regarding the public-or-private-figure status of the plaintiff, the media-or-nonmedia status of the defendant, and the public or private character of the speech. *Id.* Plaintiff must plead the exact language that plaintiff alleges to be defamatory, i.e., "the very words of the libel." *Id.* at 262-263. Plaintiff's complaint fails to satisfy any of the foregoing pleading requirements for a cause of action in defamation. Therefore, summary disposition pursuant to MCR 2.116(C)(8) is appropriate. Moreover, the statute of limitations for defamation is one year. See MCL 600.5805(6). Therefore, the window on plaintiff's opportunity to plead defamation has long since closed and summary disposition is also appropriate pursuant to MCR 2.116(C)(7).

As to count IV, fraud, to state a claim on which relief can be granted in fraud, plaintiff must plead facts that establish: (1) that the defendant made a material representation; (2) that it was false; (3) that when the defendant made it, she knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that defendant made it with the intention that it should be acted upon by the plaintiff; (5) that the plaintiff acted in reliance upon it; and (6) that the plaintiff thereby suffered injury. *Cooper v Auto Club Ins Co*, 481 Mich. 399, 408; 751 NW2d 443 (2008). Plaintiff has failed to plead facts that establish any of the six elements of fraud. Therefore, summary disposition is appropriate pursuant to MCR 2.116(C)(8). In addition, the statute of limitations for defamation is three years. See MCL 600.5805. Therefore, the window on plaintiff's opportunity to plead fraud has long since closed and summary disposition is also appropriate pursuant to MCR 2.116(C)(7).

Next, we turn to Veronica's motion to strike. This motion pertains to a document filed by plaintiff titled "Response to Bregman and Welch Dated November 21, 2018." Pursuant to MCR 2.115(B), matter may be struck if it is redundant, immaterial, impertinent, scandalous, or

indecent. The Court finds that the statements in the response are mere hyperbole. Veronica's motion to strike is denied.

Next, we turn to Veronica's motion for sanctions. This motion is not properly before the Court. The motion shall be denied without prejudice.

Next, we turn to plaintiff's motion to file a first amended complaint. An amendment may be denied when it would be futile. MCR 2.118(A)(2). An amended complaint in this case would be futile, as the applicable statute of limitations has run on each of plaintiff's four claims. Plaintiff's motion to amend is denied.

Next, we turn to plaintiff's motion for alternate service. Plaintiff wishes to serve Veronica's co-defendant, Vincent Marota.

Plaintiff filed his motion for alternate service on January 26, 2019. The summons directed to Vincent was filed October 31, 2018. A summons expires 91 days after the date that the complaint is filed. MCR 2.102(D). Plaintiff failed to file a motion to extend the summons or a motion for the issuance of a second summons. The order for a second summons must be entered within the 91-day period specified in MCR 2.102(D). 1 Longhofer & Quick, Michigan Court Rules Practice (7th ed), § 2102.4, p 184. The summons expired on January 30, 2019. Plaintiff has failed to cite any authority that stands for the proposition that the filing of a motion for alternate service tolls the running of the 91-day period. Because the summons expired before it could be served and because a second summons was not issued within the 91-day period, a summons directed to Vincent may no longer lawfully be issued or served. Plaintiff's motion for alternative service is denied.

Finally, we turn to plaintiff's motion to strike. Plaintiff asks the Court to strike statements made in open court by Veronica's attorney and by the Court. Plaintiff cites the Court to MCR 2.115(B). Pursuant to this court rule, a motion to strike pertains to matters that form part of a pleading. Oral statements made in open court are not part of a pleading. More importantly, oral statements made in open court by judges and attorneys are clothed with an absolute privilege. *Bedford* v *Witte*, 318 Mich App 60, 65; 896 NW2d 69 (2016). Plaintiff's motion to strike is denied.

Veronica's motion for summary disposition is GRANTED. Veronica's motion for sanctions is DENIED WITHOUT PREJUDICE. Veronica's motion to strike is DENIED. Plaintiff's motion to file a first amended complaint is DENIED. Plaintiff's motion for alternate service is DENIED. Plaintiff's motion to strike is DENIED.

*It is so ordered.*

Dated: 3/19/19 , 2019

Karen J. Miedema, Circuit Judge

3

| | | |
|---|---|---|
| | | Original – Court |
| | | 1st copy – Plaintiff/Petitioner |
| | | Other copies – Defendant(s)/Respondent(s) |
| | | PROBATE JIS CODE: DSM |

| STATE OF MICHIGAN | DISMISSAL | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT | Non Service/No Progress | 18-005555-NZ |
| JUDICIAL CIRCUIT | | |
| COUNTY PROBATE | | Judge Karen Miedema |

Court address _____ Court telephone no. _____

| Plaintiff's/Petitioner's name(s) and address(es) | | Defendant's/Respondent's name(s) and address(es) |
|---|---|---|
| DANIEL EDWARD CALLAHAN<br>380 LAKE STREET<br>FRUITPORT, MI 49415 | v | VINCENT FRED MAROTA<br>PO BOX 206<br>LITCHFIELD CA 96117 |
| Plaintiff's/Petitioner's attorney, bar no., address, and telephone no. | | Defendant's/Respondent's attorney, bar no., address, and telephone no. |

☐ Probate   In the matter of _____

☐ Juvenile   In the matter of _____

## ORDER TO DISMISS

☑ 1. The court records disclose that defendant(s)/respondent(s) have not been timely served with process according to court rule.

☐ 2. Progress has not occurred as specified in the notice of intent to dismiss.

☐ 3. There has been no progress in this case since _____ and the parties have been notified by
      _____ to appear on _____ and did not appear.
      Method of notification                        Date and time

**IT IS ORDERED** that this case is dismissed without prejudice as to:

☐ all parties.

☑ the following defendant(s)/respondent(s):   VINCENT FRED MAROTA

**DIVORCE ACTIONS:**   Child support, if any, owing to the state on the date of this order is preserved.

3/19/2019                              *Renee E. Kuiper* 03/19/2019
_____                                         1:47 PM
Date                          RENEE KUIPER – DEPUTY COUNTY CLERK      Bar no.
                              OTTAWA COUNTY – E-SIGNATURE

## NOTICE OF DISMISSAL

Notice of dismissal without prejudice in this case is filed. A copy of this notice has been provided to the parties in this case as specified by court rule.

                                        *Renee E. Kuiper* 03/19/2019
_____                                         1:47 PM
Date                          RENEE KUIPER – DEPUTY COUNTY CLERK      Bar no.
                              OTTAWA COUNTY – E-SIGNATURE

Case Number: 18-005555-NZ

In the Matter of:
DANIEL EDWARD CALLAHAN
        -VS- VERONICA ANN MAROTA

Judge: KAREN MIEDEMA


_____✓  Def. Attorney

                        JUDY E BREGMAN
                        PO BOX 885
                        GRAND HAVEN MI 49417          E-served


_____✓  Pltf. Attorney

                        IN PRO PER
                        DANIEL EDWARD CALLAHAN
                        380 LAKE STREET
                        FRUITPORT MI 49415




_____✓  Defendant

                        VINCENT FRED MAROTA          Mailed
                        PO BOX 206
                        LITCHFIELD CA 96117




                        CERTIFICATE OF MAILING
     I Certify that on this date, a copy of this notice was served upon the        or E-served
     parties indicated above by ordinary mail addressed to the address shown
     unless otherwise indicated.

                        JUSTIN F. ROEBUCK, OTTAWA COUNTY CLERK


     3-19-2019                    By  _____
     _____                   Deputy Clerk of the Court
     Date


** END OF REPORT **

| STATE OF MICHIGAN<br>20th Circuit Court<br>**OTTAWA COUNTY** | NOTICE OF FINAL ORDER | CASE NO.<br>18-005555-NZ |
|---|---|---|
| 414 Washington, Room 320, Grand Haven, MI | | (616)846-8315 |

```
┌─────────────────────────────────────────┐
│   VINCENT FRED MAROTA                     │
│   PO BOX 206                              │
│   LITCHFIELD CA 96117                     │
│                                           │
│                                           │
└─────────────────────────────────────────┘
```

Plaintiff/Defendant/Attorney


DANIEL EDWARD CALLAHAN
_____
                    Plaintiff

vs.

  .    VERONICA ANN MAROTA
_____
                    Defendant


Please take notice that on the 19th day of  MARCH          , 2019

a   OPINION AND ORDER
_____

_____

was filed in this cause.

FILED 3/19/2019
Justin F. Roebuck
20th Circuit Court
OTTAWA COUNTY

| STATE OF MICHIGAN<br>20th Circuit Court<br>OTTAWA COUNTY | NOTICE OF FINAL ORDER | CASE NO.<br>18-005555-NZ |
|---|---|---|
| 414 Washington, Room 320, Grand Haven, MI | | (616)846-8315 |

```
JUDY BREGMAN
PO BOX 885
GRAND HAVEN MI 49417
```

Plaintiff/Defendant/Attorney

DANIEL EDWARD CALLAHAN
_____
                    Plaintiff
vs.

.   VERONICA ANN MAROTA
_____
                    Defendant

Please take notice that on the __19th__ day of __MARCH__, __2019__

a   __OPINION AND ORDER__
_____

was filed in this cause.

MAR 19 2019

FILED 3/19/2019
Justin F. Roebuck

| STATE OF MICHIGAN<br>20th Circuit Court<br>OTTAWA COUNTY | NOTICE OF FINAL ORDER | CASE NO.<br>18-005555-NZ |
|---|---|---|

414 Washington, Room 320, Grand Haven, MI    (616)846-8315

```
DANIEL EDWARD CALLAHAN
380 LAKE STREET
FRUITPORT MI 49415
```

Plaintiff/Defendant/Attorney

DANIEL EDWARD CALLAHAN
_____
            Plaintiff

vs.

VERONICA ANN MAROTA
_____
            Defendant

Please take notice that on the  19th  day of   MARCH    ,   2019

a    OPINION AND ORDER
_____

was filed in this cause.

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF OTTAWA

414 Washington Street, Grand Haven, MI 49417                          616-846-8315

**DANIEL CALLAHAN**, an individual                    FILE NO.  18-5555-NZ
      Plaintiff,

v.                                                    Hon. Karen J. Miedema
                                                      **NOTICE OF OPINION AND ORDER**

**VERONICA ANN MAROTA**, and
**VINCENT FRED MAROTA**,
      Defendants.

Please take notice, on the 19th day of March, 2019, an OPINION AND ORDER was filed in this cause.

To:

      **DANIEL CALLAHAN**
      Plaintiff
      380 LAKE STREET
      FRUITPORT, MI  49415

      **JUDY E. BREGMAN**
      Defendant Attorney
      PO BOX 885
      GRAND HAVEN, MI  49417

      **VINCENT F. MAROTA**
      PO BOX 206
      LITCHFIELD, CA  96117

I hereby certify that copies of the OPINION AND ORDER were served upon the parties/attorneys of record in this cause on the 19th day of March, 2019.

      JUSTIN F. ROEBUCK
      County of Ottawa Clerk/Register of Deeds

By:

03/19/2019
12:47 PM

BARBARA HOLT - DEPUTY COUNTY CLERK
OTTAWA COUNTY - E-SIGNATURE

# APPENDICES 12

FILED 6/4/2019
Justin F. Roebuck
20th Circuit Court

Rec:6/4/2019OCClerk450480

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OTTAWA

---

DANIEL CALLAHAN, an individual,

                        Plaintiff,                    Opinion and Order

v                                            File No. 18-5555-NZ

VERONICA ANN MAROTA, an individual,       Hon. Karen J. Miedema
  and VINCENT MAROTA, an individual,

                        Defendants.

---

      Three motions are before the Court. Plaintiff Daniel Callahan brings a motion for reconsideration of the opinion and order of this Court of March 19, 2019 wherein the Court granted the motion for summary disposition brought by defendant Veronica Ann Marota (Veronica).[1]  Plaintiff also brings a motion for disqualification of the undersigned judge. Veronica brings a motion for sanctions.

      The facts that give rise to this litigation are familiar. In 2012 and again in 2017, Veronica obtained personal protection orders (PPOs) against plaintiff.  Plaintiff was unsuccessful in having the PPOs set aside. On October 31, 2018, plaintiff filed the instant action. The action[2] is based on the allegations and counter-allegations that led to the issuance of the PPOs and on plaintiff's frustration in his repeated lack of success in having the PPOs set aside.

      We begin with plaintiff's motion for reconsideration. Motions for reconsideration are

---

[1] In that same opinion and order, the Court denied plaintiff's motion to file a first amended complaint, denied plaintiff's motion for alternate service, denied plaintiff's motion to strike, and denied Veronica's motion to strike. However, these rulings are not implicated by plaintiff's motion for reconsideration, which pertains solely to the Court's decision to grant Veronica's motion for summary disposition.

[2] Plaintiff's complaint is pled in four counts: count I, abuse of process, count II, malicious prosecution, count III, defamation, and count IV, fraud.



"1800555 N7"

FILED 6/4/2019
Justin F. Roebuck
20th Circuit Court

Rec:6/4/20190CClerk450480

We begin with plaintiff's motion for reconsideration. Motions for reconsideration are governed by MCR 2.119(F).  MCR 2.119(F)(3) provides, in pertinent part: "The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.  To be "palpable" is to be easily perceptible, plain, obvious, readily visible, noticeable, patent, distinct, or manifest. *Luckow Estate v Luckow*, 291 Mich App 417; 805 NW2d 453 (2011).  The "palpable error" requirement merely provides guidance to the trial court in deciding a motion for reconsideration: it does not restrict the trial court's discretion to determine that a grant of reconsideration is appropriate in a particular case. *Michigan Bank-Midwest* v *D J Reynaert, Inc*, 165 Mich App 630, 645-646; 419 NW2d 439 (1988).  "[A] trial court has unrestricted discretion to review its previous decision." *Prentis Foundation* v *Karmanos Cancer Institute*, 266 Mich App 39, 52-53; 698 NW2d 900 (2005).  A motion for reconsideration may be granted even if the motion merely presents the same issues initially argued and decided.  *In re Moukalled Estate*, 269 Mich App 708, 714; 714 NW2d 400 (2006).

In his motion for reconsideration, plaintiff raises, once again, the allegations and counter-allegations that led to the issuance of the PPOs.  Plaintiff fails to address the legal and factual conclusions that form the basis for the Court's decision on Veronica's motion for summary disposition.  The Court finds that plaintiff has failed to demonstrate a palpable error by which the court and the parties have been misled.  For this reason, plaintiff's motion for reconsideration shall be denied.

Next, we turn to plaintiff's motion for disqualification.  Motions for disqualification of a judge are governed by MCR 2.003(C).  An affidavit listing all grounds for disqualification known at the time that the motion is filed must accompany the motion.  MCR 2.003(D)(2).  Pursuant to MCR 2.003(D)(3), the challenged judge hears the motion.

MCR 2.003(C) lists the grounds for disqualification.  MCR 2.003(C)(1) provides, in pertinent part: "Disqualification of a judge is warranted for reasons that include, but are not limited to, the following: (a) The judge is biased or prejudiced for or against a party or attorney. (b) The judge, based on objective and reasonable perceptions, has either (i) a serious risk of actual bias impacting the due process rights of a party as enunciated in *Caperton* v *Massey*, 556

2

FILED 6/4/2019
Justin F. Roebuck
20th Circuit Court

Rec:6/4/2019CClerk450480

U.S. 868; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), or (ii) has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct."[3]  In support of plaintiff's motion for disqualification, plaintiff cites what he describes as ten "erroneous rulings" by the undersigned judge, plus "hurtful gossip and hearsay" voiced by the judge in court on the record.

"A judge is presumed to be unbiased, and the party moving for disqualification bears the burden of proving that the motion is justified." *Butler* v *Simmons-Butler*, 308 Mich App 195, 227; 863 NW2d 677 (2014).  The moving party "cannot establish disqualification based on bias or prejudice merely by repeated rulings against the party, even if the rulings are erroneous." *Id.* at 228.

Plaintiff failed to file an affidavit accompanying his motion.  This alone provides a sufficient basis on which to deny the motion, as the filing of an affidavit is mandatory.  In addition, plaintiff has failed to show that the undersigned judge is biased or prejudiced for or against a party or attorney or that, based on objective and reasonable perceptions, she has either a serious risk of actual bias impacting the due process rights of a party, as enunciated in *Caperton,* or that she has failed to adhere to the appearance of impropriety standard as set forth in Canon 2 of the Michigan Code of Judicial Conduct.  Instead, plaintiff has shown no more than that the judge has made repeated rulings against him.  Such a showing is not sufficient for disqualification based on bias or prejudice. See *Butler* v *Simmons-Butler*.  Plaintiff's motion to disqualify the undersigned judge shall be denied.

---

[3] Canon 2 of the Michigan Code of Judicial Conduct provides: "A Judge Should Avoid Impropriety and the Appearance of Impropriety in All Activities.  A. Public confidence in the judiciary is eroded by irresponsible or improper conduct by judges.  A judge must avoid all impropriety and appearance of impropriety.  A judge must expect to be the subject of constant public scrutiny.  A judge must therefore accept restrictions on conduct that might be viewed as burdensome by the ordinary citizen and should do so freely and willingly.  B. A judge should respect and observe the law.  At all times, the conduct and manner of a judge should promote public confidence in the integrity and impartiality of the judiciary.  Without regard to a person's race, gender, or other protected personal characteristic, a judge should treat every person fairly, with courtesy and respect."

FILED 6/4/2019
Justin F. Roebuck
20th Circuit Court

Rec:6/4/2019OCClerk450480

Next, we turn to Veronica's motion for sanctions.  This motion is brought pursuant to MCR 1.109(E)(5), (6), and (7).[4]

Veronica contends that sanctions should be imposed on plaintiff for signing the complaint because plaintiff signed the complaint for an improper purpose, to wit, plaintiff's wish to collaterally attack the PPOs with the ultimate goal of extorting Veronica into voluntarily withdrawing the PPOs.  Veronica further argues that termination of a PPO is not a remedy that the law affords the prevailing party for any of the causes of action pled in plaintiff's complaint. Veronica seeks the imposition of sanctions in the form of costs, attorney fees, and the issuance of a bill of peace.

MCR 1.109(E)(5)(c) provides, in pertinent part: "The signature of a person filing a document, whether or not represented by an attorney, constitutes a certification by the signer that ...the document is not interposed for any improper purpose ...."  It is undisputed that plaintiff signed the complaint.  The question, then, is this: was plaintiff's purpose in signing the complaint proper? Or improper? [5]

This Court finds that plaintiff signed the complaint for an improper purpose.  A fair reading of the complaint yields but one conclusion: plaintiff signed the complaint primarily for the purpose of launching a collateral attack on the PPOs.  This conclusion is most clearly manifested by the fact that the primary form of relief that plaintiff seeks in the complaint is the termination of the PPOs.[6]  The law will not countenance a challenge to a PPO brought in this manner.  Therefore, plaintiff's purpose in signing the complaint was improper, and sanctions are appropriate under MCR 1.109(E).

MCR 1.109(E)(6) provides, in pertinent part: "If a document is signed in violation of this rule, the court, on motion of a party ... shall impose upon the person who signed it ... an appropriate sanction, which may include an order to pay the other party ... the amount of the

---

[4] In addition to the power granted in MCR 1.109(E), a court also has the inherent power to sanction the vexatious use of collateral proceedings.  See *Prince* v *MacDonald*, 237 Mich App 186, 189; 602 NW2d 834 (1999).

[5] In a situation in which the signer of a document has mixed motives — some of which are proper and some of which are improper — sanctions are appropriate "only when improper motives dominate."  1 Longhofer & Quick, Michigan Court Rules Practice (Text) (7th ed), section 1109.8, p 62.

[6] Complaint, p 7, ¶ 1 (prayer for relief).

reasonable expenses incurred because of the filing of the document, including reasonable attorney fees." MCR 1.109(E)(7) provides, in pertinent part: "In addition to sanctions under this rule, a party pleading a frivolous claim … is subject to costs as provided in MCR 2.625(A)(2)." MCR 2.625(A)(2) provides, in pertinent part: "[I]f the court finds on motion of a party that an action … was frivolous, costs shall be awarded as provided by MCL 600.2591."

MCL 600.2591 provides:

>(1) Upon motion of a party, if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney.

>(2) The amount of costs and fees awarded under this section shall include all reasonable costs actually incurred by the prevailing party and any costs allowed by law or by court rule, including court costs and reasonable attorney fees.

>(3) As used in this section: (a) "Frivolous" means that at least 1 of the following conditions is met: (i) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party. (ii) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true. (iii) The party's legal position was devoid of arguable legal merit. (b) "Prevailing party" means a party who wins on the entire record.

The Court finds that plaintiff's action is frivolous because the legal position expressed in the complaint is devoid of arguable legal merit. In the opinion and order issued March 19, 2019, this Court found that plaintiff had failed to plead facts that established any of the elements of any of the causes of action set forth in the complaint. Furthermore, the Court found that each cause of action pled by plaintiff was barred by the statute of limitations applicable to that cause of action. For these reasons, the Court finds that plaintiff's complaint satisfies the definition of "frivolous" set forth at MCL 600.2591(3)(a)(iii). Therefore, sanctions are appropriate not only under MCR 1.109(E)(5)(c) but also under MCL 600.2591(2).

FILED 6/4/2019
Justin F. Roebuck
20th Circuit Court

Rec:6/4/20190CClerk450480

One of the sanctions sought by Veronica is attorney fees.  It is the burden of the party requesting attorney fees to prove that the attorney fees were in fact incurred and are objectively reasonable.  *Reed* v *Reed*, 265 Mich App 131, 165-166; 693 NW2d 825 (2005).  The party who seeks attorney fees bears the burden of proof as to reasonableness, both as to the hourly rate and the number of hours claimed.  *Smith* v *Khouri*, 481 Mich 519, 529 n 13; 751 NW2d 472 (2008), subsequently modified by *Pirgu* v *United Services Auto Ass'n*, 499 Mich 269, 281; 884 NW2d 257 (2016).  A court's determination of reasonableness must be based on facts.  *Smith*, 481 Mich at 530-531.  Such facts may be found in reliable surveys, such as *Economics of Law Practice in Michigan*, published annually by the State Bar of Michigan.  *Id.*

In support of her request for attorney fees, Veronica has submitted the billing records for her attorney Judy Bregman, the billing records for Ms. Bregman's paralegal Kristin Parsons, Ms. Bregman's sworn testimony, and a copy of *Economics of Law Practice in Michigan (2017)*. Based on this evidence, this Court finds that both the hourly rate and the hours expended by Ms. Bregman and Ms. Parsons were reasonable.  Therefore, the Court concludes that the attorney fees requested by Veronica are reasonable and shall be imposed as a sanction under both MCR 1.109(E) and MCL 600.2591.  Attorney fees are awarded in favor of Veronica in the amount of $12,321.85.  Costs are awarded in favor of Veronica in the amount of $20.60.

Finally, we address Veronica's request that the Court issue a bill of peace.

"A bill of peace is an equitable remedy which is issued to ensure that a right established at law is given the adequate protection to which it is entitled."  *Hooker Chemicals & Plastic Corp* v *Attorney General*, 100 Mich App 203, 207; 298 NW2d 710 (1980).  A bill of peace may be sought by one who is threatened with multiple suits involving the same right at law, or with recurrent suits on the same right.[7]  The court is asked to determine the question once and for all and to permanently enjoin the respondent from filing further cases involving the same right.[8]  A

---

[7] Black's Law Dictionary (10th ed), p 185 ("bill of peace").

[8] Black's Law Dictionary (10th ed); *Hooker Chemicals*, 100 Mich App at 207.

FILED 6/4/2019
Justin F. Roebuck
20th Circuit Court

Rec:6/4/20190CClerk450480

bill of peace is obtained by commencing an original action seeking the issuance of the bill. *Hooker Chemicals*, 100 Mich App at 206. See also *State Mutual Rodded Fire Ins Co v Engel*, 269 Mich 348, 349; 257 NW2d 839 (1934) ("The bill of complaint, styled a bill of peace, sets forth at some length the previous litigation between the insurance company and the defendants").

This Court declines to issue a bill of peace for two reasons. First, Veronica has not filed an action seeking a bill of peace, either as a counterclaim or as an original action. Instead, Veronica has asked for the issuance of a bill of peace as a sanction for plaintiff's violation of MCR 1.109(E) and MCL 600.2591. The Court finds that a bill of peace may not be issued by a court as a sanction. Second, of the four cases listed by Veronica as justifying the issuance of a bill of peace, only one — *Callahan v Hulsing*[9] — involves the same right at law as that involved in the case at bar, namely, the right to the issuance of the PPOs. The second case, *Callahan v Muskegon County*,[10] was an action brought pursuant to 42 USC 1983 alleging civil right violations. The two other cases cited by Veronica[11] both involve actions by plaintiff against the media company MLive.com. Veronica has failed to identify the subject matter of either of these cases.[12] Due to Veronica's failure to properly request a bill of peace, it is denied at this time.

---

[9] 1:18 CV 1185 (United States District Court for the Western District of Michigan, Southern Division) (issued November 2, 2018).

[10] 1:16 CV 00208-PJG (United States District Court for the Western District of Michigan, Southern Division) (issued June 22, 2017).

[11] *Callahan v MLive*, 17-00685-NO (17th Circuit Court) (Kent County) (issued May 3, 2017), and *Callahan v MLive*, 17-03103-NO (17th Circuit Court) (Kent County) (issued July 3, 2017).

[12] Veronica also cites *Chastang v Sandles*, unpublished opinion per curiam of the Court of Appeals, released January 22, 2015 (Docket No. 318640) (2015 WL 302756). In *Chastang*, the chief judge of the Third Circuit enjoining plaintiff "from filing any complaint or pleading ... without ... obtaining an order from the Chief Judge approving the filing of any complaint or pleading." Plaintiff in *Chastang* filed a complaint for supervisory control pursuant to MCR 8.110(C)(3)(a) — the so-called "Chief Judge Rule" — which provides, in pertinent part: "a chief judge shall have ... superintending power and control over the judges of the court ... with authority ... to ... supervise caseload management and monitor disposition of the judicial work of the court." An unpublished opinion of the Court of Appeals is not precedentially binding under the rule of stare decisis. MCR 7.215(C)(1). Precedentially binding or not, *Chastang* does not compel a different result than that reached by the Court in the case at bar. The litigation injunction in *Chastang* was issued as the result of the filing of an original action: the injunction was not issued as a

FILED 6/4/2019
Justin F. Roebuck
20th Circuit Court

Rec:6/4/2019CClerk450480

Plaintiff's motion for reconsideration is DENIED.  Plaintiff's motion to disqualify the undersigned judge is DENIED.

Veronica's motion for sanctions is GRANTED.  Sanctions in the form of costs and attorney fees are imposed on the plaintiff pursuant to both MCR 1.109(E) and MCL 600.2591: $20.60 in costs and $12,321.85 in attorney fees.

*It is so ordered.*

Dated: ____6/4/19_____, 2019        _____
                                            Karen J. Miedema, Circuit Judge

---

sanction.  Requiring the filing of an original action as a predicate to the issuance of a bill of peace addresses due process concerns — concerns that were recognized by the *Chastang* panel.  See *Chastang*, pp 3-4 (WL).

# APPENDICES 13

Approved, SCAO

| | | | Original - Court |
|---|---|---|---|
| | | | 1st copy - Plaintiff |
| | | | 2nd copy - Defendant |

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>20th JUDICIAL CIRCUIT | JUDGMENT<br>Civil | CASE NO.<br><br>18-5555-NZ |
|---|---|---|

Court address 414 Washington Ave.
Grand Haven, MI 49417

Court telephone no.
(616)846-8315

| Plaintiff(s)<br><br>Daniel Callahan | v | Defendant(s)<br><br>Veronica Marota |
|---|---|---|

| Plaintiff's/Plaintiff's attorney name, address, and telephone no.<br><br>Daniel Callahan<br>380 Lake St.<br>Fruitport, MI 49415 | ☒ JUDGMENT<br><br>For: __Defendant__<br><br>Against: __Plaintiff__ |
|---|---|

☐ Trial            ☐ Consent
☐ Summary Disposition     ☐ Default*

| Defendant's/Defendant's attorney name, address, and telephone no.<br><br>Judy E. Bregman (P32252)<br>Bregman & Welch<br>P.O. Box 885<br>Grand Haven, MI 49417       (616) 846-3145 |
|---|

☐ DISMISSAL
☐ Without prejudice    ☐ With prejudice
☐ No cause of action

*For a defendant on active military duty, default judgment shall not be entered except as provided by the Servicemembers Civil Relief Act.

## ORDER OF JUDGMENT NOT INCLUDING STATUTORY INTEREST

Damages:                                                                $ _____
Costs (fees): filing $ _____ jury $ _____ motion $ 20.60 service $ _____     $ 20.60
Attorney fee:   ☐ statutory  ☐ other (specify) _____                  $ 12,321.85
Total judgment amount (This judgment will earn interest at statutory rates, computed from the filing date of the complaint.): $ 12,342.45

☐ The defendant shall pay the judgment in installment payments of $ _____ each _____ starting _____ until the judgment is paid in full. The plaintiff shall not issue a periodic garnishment as long as payment is made.

Other conditions, if any:

☐ Approved as to form, notice of entry waived.
**IT IS ORDERED** that this judgment is granted.
This judgment resolves the last pending claim and closes the case unless checked here. ☒

6/4/19
Judgment date

Judge/Court clerk  Karen J. Miedema            Bar no.  7/26/19

Plaintiff/Attorney

Defendant/Attorney  Judy E. Bregman

Judgment has been entered and will be final unless within 21 days of judgment date a motion for new trial or an appeal is filed.

## STATUTORY INTEREST

The judgment interest accrued from the filing of the complaint to judgment is $ _____ and is based on:
(If additional rates apply, attach a separate sheet.)
☐ the statutory rate of _____% from _____ to _____.
☐ the statutory 6-month rate(s) of _____% from _____ to _____ and
_____% from _____ to _____.

## CERTIFICATE OF MAILING
I certify that on this date I served a copy of this judgment on the parties or their attorneys by first-class mail addressed to their last-known addresses as defined in MCR 2.107(C)(3).

Date _____

Signature _____

MC 10  (3/13)  JUDGMENT, CIVIL    MCL 600.2441, MCL 600.5759, MCL 600.6013, MCL 600.8375, MCR 2.601, MCR 2.602, MCR 2.603, 50 USC 521

# APPENDICES 14

```
3/19/19 OPINION AND ORDER
3/19/19 ENOTICE: PROOF OF SERVICE
3/19/19 ENOTICE: PROOF OF SERVICE
3/19/19 DISMISSAL NON SERVICE/NO PROGRESS
3/19/19 Reporting Disposition; Dismissed by Court
3/19/19 Closing Disposition; Dismissed by Court
3/19/19 NOTICE TO PARTIES/ATTORNEYS OF RECORD OF FINAL ORDER
3/19/19 ENOTICE: PROOF OF SERVICE
3/19/19 ENOTICE: PROOF OF SERVICE
3/20/19 MOTION set for 4/8/19 @ 10:00
3/20/19 RE: SANCTIONS   (BREGMAN)
3/26/19 MOTION for 4/8/19 has been adjourned
3/26/19 ADJ BY COURT FOR GOOD CAUSE
3/26/19 MOTION set for 4/8/19 @ 10:00
3/26/19 RE: SANCTIONS   (BREGMAN)
3/27/19 Defense Motion
3/27/19   DEFENDANT VERONICA MAROTA'S MOTION FOR SANCTIONS
3/27/19 NOTICE OF HEARING
3/27/19 DEFENDANT BRIEF (LOCATED IN BRIEF FOLDER)
3/27/19   BRIEF IN SUPPORT OF DEFENDANT VERONICA MAROTA'S MOTION FOR
3/27/19   SANCTIONS
3/27/19 PROOF OF SERVICE
3/27/19 PROOF OF SERVICE
3/27/19 PROOF OF SERVICE
4/01/19 NOTICE OF DEFECTIVE SERVICE
4/01/19 Plaintiff Motion
4/01/19   PLAINTIFF MOTION TO DENY DEFENDANT(S) MOTION FOR SANCTIONS
4/01/19 CORRECTED PROOF OF SERVICE
4/01/19 PROOF OF SERVICE
4/01/19 PROOF OF SERVICE
4/01/19 PROOF OF SERVICE
4/03/19 Plaintiff Motion
4/03/19   PLAINTIFF MOTION TO CONSIDER DISQUALIFICATION OF A JUDGE
4/03/19 MOTION FOR RECONSIDERATION
4/03/19   PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DATED
4/03/19   MARCH 19, 2019 DISMISSING ACTION UPON DEFENDANT VERONICA
4/03/19   MAROTA
4/03/19 PROOF OF SERVICE
4/03/19 PROOF OF SERVICE
4/03/19 PROOF OF SERVICE
4/03/19 Plaintiff Fee Waiver
4/03/19 Plaintiff Fee Waiver
4/04/19 ENOTICE: PROOF OF SERVICE
4/07/19 PROOF OF SERVICE
4/07/19 PROOF OF SERVICE
4/08/19 Plaintiff Fee Waiver
4/08/19 Plaintiff Motion
4/08/19   PLAINTIFF MOTION TO DENY DEFENDANT(S) MOTION FOR SANCTIONS
6/04/19 OPINION AND ORDER
6/05/19 NOTICE OF OPINION AND ORDER
6/05/19 ENOTICE: PROOF OF SERVICE
6/05/19 ENOTICE: PROOF OF SERVICE
```

Judgment  VERONICA ANN MAROTA

Judge: _____

By: _____

Judgment  VINCENT FRED MAROTA

3/19/19  Dismissal; No Service

Judge: _____

By: _____

| Case Number |
|---|
| 18-005555-NZ | 2 |

```
1/07/19   MOTION TO DISMISS DEFENSE SUMMARY DISPOSITION
1/07/19 PROOF OF SERVICE
1/07/19 ENOTICE: PROOF OF SERVICE
1/09/19 MOTION AND VERIFICATION FOR ALTERNATE SERVICE
1/09/19 PROOF OF SERVICE
1/16/19 PLAINTIFF BRIEF (LOCATED IN BRIEF FOLDER)
1/16/19   BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE
1/16/19   AMENDED COMPLAINT
1/16/19 PROOF OF SERVICE
1/17/19 MOTION set for 1/25/19 @ 1:00
1/17/19 RE: AMEND COMPLAINT/DISMISS PL SUM DISP
1/18/19 NOTICE TO APPEAR--CERTIFICATE OF SERVICE/MAILING
1/18/19 ENOTICE: PROOF OF SERVICE
1/18/19 PROOF OF SERVICE
1/18/19 DEFENDANT BRIEF (LOCATED IN BRIEF FOLDER)
1/18/19   BRIEF IN SUPPORT OF DEFENDANT VERONICA MAROTA'S MOTION FOR
1/18/19   SANCTIONS
1/21/19 ENOTICE: PROOF OF SERVICE
1/22/19 Plaintiff Motion
1/22/19   PLAINTIFF MOTION TO DENY DEFENDANT(S) MOTION FOR SANCTIONS
1/22/19 DEFENDANT RESPONSE
1/22/19   DEFENDANT VERONICA MAROTA'S RESPONSE TO MOTION TO AMEND
1/22/19 PROOF OF SERVICE
1/22/19 PROOF OF SERVICE
1/25/19 PLAINTIFF RESPONSE
1/25/19   PLAINTIFF RESPONSE TO DEFENDANTS MOTION OPPOSING AN
1/25/19   AMENDED COMPALINT
1/25/19 PROOF OF SERVICE
1/25/19 Hearing held
1/25/19   HEARING ON MOTIONS:
1/25/19   1. DEFENDANT'S MOTION FOR SUMMARY DISPOSITION
1/25/19   2. PLAINTIFF'S MOTION TO AMEND
1/25/19   3. DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S RSPONSE
1/26/19 Plaintiff Motion
1/26/19   MOTION AND VERIFICATION FOR ALTERNATE SERVICE
1/26/19 PROOF OF SERVICE
1/27/19 Plaintiff Motion
1/27/19   PLAINTIFF'S MOTION TO STRIKE RECORD PERTAINING TO HEARING
1/27/19   1/25/2019
1/27/19 PROOF OF SERVICE
1/28/19 DEFENDANT RESPONSE
1/28/19   DEFENDANT VERONICA MAROTA'S ANSWER TO PLAINTIFF'S MOTION
1/28/19   TO STRIKE
1/28/19 PROOF OF SERVICE
1/29/19 Plaintiff Motion
1/29/19   PLAINTIFF'S MOTION TO STRIKE DEFENSE PLEADINGS MOTION
1/29/19   DATED 1/28/19
1/29/19 PROOF OF SERVICE
2/06/19 MOTION set for 2/25/19 @ 10:30
2/06/19 RE: ALTERNATE SERVICE/STRIKE RECORD
2/07/19 NOTICE TO APPEAR--CERTIFICATE OF SERVICE/MAILING
2/07/19 PROOF OF SERVICE
2/21/19 DEFENDANT RESPONSE
2/21/19   DEFENDANT VERONICA MAROTA'S RESPONSE TO MOTION FOR
2/21/19   ALTERNATE SERVICE
2/21/19 PROOF OF SERVICE
2/22/19 PROOF OF SERVICE
2/22/19 Defense Motion
2/22/19   MOTION TO DISALLOW DEFENDANTS MOTION RESPONSE DATED
2/22/19   FEBRUARY 21, 2019 IN RESPONSE TO PLAINTIFFS MOTION FOR
2/22/19   ALTERNATE SERVICE
2/25/19 Hearing held
2/25/19   PLAINTIFF'S MOTIONS:
2/25/19   1. MOTION FOR ALTERNATE SERVICE
2/25/19   2. MOTION TO STRIKE RECORD OF 1/25/19
2/25/19   TAKEN UNDER ADVISEMENT FOR WRITTEN OPINION.   (KJM)
3/05/19 PLAINTIFF BRIEF (LOCATED IN BRIEF FOLDER)
3/05/19   BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR DUPLICATE
3/05/19   SUMMONS
3/05/19 PLAINTIFF BRIEF (LOCATED IN BRIEF FOLDER)
3/05/19   BRIEF IN SUPPORT OF PLAINTIFF'S MOTION EX PARTE AFFIDAVIT
3/05/19   FOR A COURT APPOINTED PROCESS SERVER AS ALLOWED PER
3/05/19   APPROVED FEE WAIVER
3/05/19 PROOF OF SERVICE
3/05/19 PROOF OF SERVICE
3/05/19 PROOF OF SERVICE
3/05/19 PROOF OF SERVICE
3/19/19 NOTICE OF OPINION AND ORDER
```

| Case Number | |
| --- | --- |
| 18-005555-NZ | 1 |

Appearance Schedule

| | | | |
| --- | --- | --- | --- |
| 1/21/19 | 2:45 PM | DEF MOTION FOR SUMMARY DISPOSITION (BREGMAN) | Adjourned |
| 1/25/19 | 1:00 PM | DEF MOTION FOR SUMMARY DISPOSITION | |
| 1/25/19 | 1:00 PM | MOTION RE: AMEND COMPLAINT/DISMISS PL SUM DISP | |
| 2/25/19 | 10:30 AM | MOTION RE: ALTERNATE SERVICE/STRIKE RECORD | |
| 4/08/19 | 10:00 AM | MOTION RE: SANCTIONS   (BREGMAN) | Adjourned |
| 4/08/19 | 10:00 AM | MOTION RE: SANCTIONS   (BREGMAN) | |

Case Event

| | |
| --- | --- |
| 10/31/18 | Case filed with Circuit Court |
| 10/31/18 | PLAINTIFF COMPLAINT |
| 10/31/18 | Summons Issued |
| 10/31/18 | EXPIRES 1/30/2019, RE: VERONICA ANN & VINCENT MAROTA |
| 10/31/18 | Plaintiff Fee Waiver |
| 11/16/18 | APPEARANCE |
| 11/16/18 | ATTORNEY JUDY E. BREGMAN ON BEHALF OF VERONICA ANN MAROTA |
| 11/16/18 | PROOF OF SERVICE |
| 11/26/18 | Answer Filed |
| 11/26/18 | ANSWER, AFFIRMATIVE DEFENSES, AND PROOF OF SERVICE |
| 11/29/18 | DEFENDANT RESPONSE |
| 11/29/18 | RESPONSE TO BREGMAN & WELCH DATED NOVEMBER 21, 2018 |
| 11/29/18 | PLAINTIFF WITNESS LIST |
| 11/29/18 | PROOF OF SERVICE |
| 11/29/18 | CERTIFICATE OF MAILING |
| 12/04/18 | Proof of Service on Complaint |
| 12/04/18 | AFFIDAVIT OF SERVICE OF VERONICA ANN & VENCENT FRED |
| 12/04/18 | MAROTA BY CERTIFIED MAIL ON 11/5/2018 |
| 12/04/18 | PROOF OF SERVICE |
| 12/12/18 | AMENDED Proof of Service on Complaint |
| 12/12/18 | AFFIDAVIT OF SERVICE OF VERONICA MAROTA ON 11/5/2018 |
| 12/12/18 | PROOF OF SERVICE |
| 12/13/18 | DEF MOTION FOR SUMMARY DISPOSITION set for 1/21/19 @ 2:45 |
| 12/13/18 | (BREGMAN) |
| 12/19/18 | ORDER |
| 12/19/18 | ORDER OF DISQUALIFICATION/REASSIGNMENT |
| 12/20/18 | Defense Motion |
| 12/20/18 | DEFENDANT VERONICA MAROTA'S MOTION FOR SANCTIONS |
| 12/20/18 | Defense Motion |
| 12/20/18 | MOTION FOR SUMMARY DISPOSITION |
| 12/20/18 | Defense Motion |
| 12/20/18 | MOTION TO STRIKE |
| 12/20/18 | NOTICE OF HEARING |
| 12/20/18 | PROOF OF SERVICE |
| 12/20/18 | PROOF OF SERVICE |
| 12/20/18 | PROOF OF SERVICE |
| 12/20/18 | PROOF OF SERVICE |
| 12/20/18 | PROOF OF SERVICE |
| 12/21/18 | PROOF OF SERVICE |
| 12/21/18 | Proof of Service on Complaint |
| 12/24/18 | Plaintiff Motion |
| 12/24/18 | MOTION TO RECONSIDER JUDGE AND JURISDICTIONAL ASSIGNMENT |
| 12/24/18 | TO ALLOW REASSIGNMENT BY THE STATE COURT OF ADMINITRATIVE |
| 12/24/18 | OFFICE FOR A MANDATED REASSIGNMENT FOR AN ALTERNATE VENUE |
| 12/24/18 | OUTSIDE THE 20TH CIRCUIT COURT |
| 12/24/18 | PROOF OF SERVICE |
| 12/26/18 | PROOF OF SERVICE |
| 12/26/18 | NOTICE OF OPINION AND ORDER |
| 12/26/18 | NOTICE OF ORDER DENYING MOTION FOR RECONSIDERATION AS TO |
| 12/26/18 | REASSIGNMENT |
| 12/26/18 | OPINION AND ORDER |
| 12/26/18 | ORDER DENYING MOTION FOR RECONSIDERATION AS TO |
| 12/26/18 | REASSIGNMENT |
| 12/26/18 | PROOF OF SERVICE |
| 12/26/18 | PROOF OF SERVICE |
| 1/02/19 | DEF MOTION FOR SUMMARY DISPOSITION set for 1/25/19 @ 1:00 |
| 1/02/19 | DEF MOTION FOR SUMMARY DISPOSITION for 1/21/19 has been adjo |
| 1/02/19 | ADJ BY COURT FOR GOOD CAUSE |
| 1/02/19 | RENOTICE OF HEARING |
| 1/02/19 | PROOF OF SERVICE |
| 1/07/19 | Plaintiff Motion |

# STATE OF MICHIGAN 20TH JUDICIAL CIRCUIT
## Docket Entries

| Case Number: 18-005555-NZ | Judge: KAREN MIEDEMA | | Claim Amount: | |
|---|---|---|---|---|
| Date Issued: 10/31/18 | Date Closed: 3/19/19 | | Expiration Date: 1/30/19 | |
| Extended: | New Expiration Date: | | Disposition: Dismissed | |

### DANIEL EDWARD CALLAHAN v VERONICA ANN MAROTA

| Receipt | Paid | Received From | Type | Amount Paid |
|---|---|---|---|---|
| 113948 | 12/26/18 | BREGMAN & WELCH | Motion Fee | 20.00 |
| 103553 | 3/28/19 | BREGMAN & WELCH | Motion Fee | 20.00 |

| Parties | Attorneys |
|---|---|
| Plaintiff<br>DANIEL EDWARD CALLAHAN<br>380 LAKE STREET<br>FRUITPORT MI 49415<br><br>Serv: | PRO PER, IN      P-Num   99998 |
| Defendant<br>VERONICA ANN MAROTA<br>550 FERRY STREET<br>SPRING LAKE MI 49456<br>Serv: 11/05/18 Ans: 11/26/18<br>    Phone: 616/218-8442 | BREGMAN, JUDY<br>PO BOX 885      P-Num   32252<br>GRAND HAVEN MI 49417<br><br>Phone: 616-846-3145   Fax: 616-846-1232 |
| Defendant<br>VINCENT FRED MAROTA<br>PO BOX 206<br>LITCHFIELD CA 96117<br><br>Serv:<br>    Phone: 530/254-1085 | |

# APPENDICES 15

FILED 12/26/2018
Justin F. Roebuck
20th Circuit Court

STATE OF MICHIGAN

IN THE 20TH CIRCUIT COURT FOR THE COUNTY OF OTTAWA

414 Washington Street
Grand Haven, MI 49417
616-846-8315

* * * * * *

DANIEL CALLAHAN,
Plaintiff,

**ORDER DENYING MOTION FOR
RECONSIDERATION AS TO
REASSIGNMENT**

v

Case No.  18-05555-NZ

VERONICA ANN MAROTA and
VINCENT FRED MAROTA,
Defendants.

Hon. Jon A. Van Allsburg

_____/

At a session of said Court, held in the Ottawa County
Courthouse in the City of Grand Haven, Michigan,
on the 26th day of December, 2018:

PRESENT: THE HON. JON A. VAN ALLSBURG, Circuit Judge

Plaintiff filed this civil action on October 31, 2018, and the case was re-assigned to Judge Miedema by Order of the chief judge on December 19, 2018, after the originally assigned judge recused himself based upon the allegation that plaintiff had filed suit against the assigned judge in federal district court. Plaintiff has not stated a case for disqualification of the re-assigned judge, and therefore his motion for reconsideration is premature. The court denies plaintiff's request for oral argument on the above motion pursuant to MCR 2.119 (F)(2), and denies plaintiff's motion. Plaintiff may file a timely motion to disqualify the re-assigned judge pursuant to MCR 2.003 if the facts warrant, or a motion for change of venue pursuant to MCR 2.221 if the facts warrant.

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

Dated: December 26, 2018

Hon. Jon A. Van Allsburg, Circuit Judge

"18005555NZ"

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Daniel Edward Callahan, 380 Lake Street, Fruitport, MI 49415

**DEFENDANTS**

Honorable Jon H. Hulsing and unnamed contributing Judges of The 20th Circuit Court of The State of Michigan in Their Official Capacities

**(b)** County of Residence of First Listed Plaintiff   Muskegon

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Ottawa

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Daniel Edward Callahan -Plaintiff as Pro Per
380 Lake Street, Fruitport, MI 49415 - Phone 616-485-3424

Attorneys *(If Known)*

Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Statute 42 U.S.C. 1983 Deprivation of Rights & Privledges

Brief description of cause:
Defendant prohibits Plaintiffs lifetime career employment and violates U.S.C. 5th, 6th, 7th, 8th & 14th Amendments

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
200,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   10/19/18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

Approved, SCAO

| STATE OF MICHIGAN | ORDER OF | CASE NO. |
|---|---|---|
| JUDICIAL DISTRICT | DISQUALIFICATION/REASSIGNMENT | 18-005555 NZ |
| 20th   JUDICIAL CIRCUIT | | |
| COUNTY PROBATE | | |

Court address                                                                                                  Court telephone no.
414 Washington St., Grand Haven, MI 49417                                                  (616) 846-8230

| Plaintiff name(s) and address(es) | | Defendant name(s) and address(es) |
|---|---|---|
| Daniel Callahan<br>380 Lake Street<br>Fruitport, MI 49415 | v | Veronica Ann Marota and Vincent Fred Marota<br>550 Ferry Street<br>Spring Lake, MI 49456 |
| Plaintiff's attorney, bar no., address, and telephone no.<br><br>Plaintiff in pro per | | Defendant's attorney, bar no., address, and telephone no.<br>Judy E. Bregman (P32252)<br>Bregman & Welch<br>PO Box 88<br>Grand Haven, MI 49417<br>(616) 846-3145 |

In the matter of _____

**IT IS ORDERED:**

I, Hon. _Jon Hulsing_____ _P44682_____, ☐ on motion of _____,
                                        Bar no.          ☑ on my own motion,

am disqualified under MCR 2.003 from hearing this case and I am requesting assignment of another judge for the following reason:

☐ 1. I am biased or prejudiced for or against a party or attorney.

☐ 2. I have, based on objective and reasonable perceptions, a serious risk of actual bias impacting the due process rights of a party as enunciated in *Caperton v Massey*, 556 US 868; 129 S Ct 2252; 173 L Ed 2d 1208 (2009).

☐ 3. I believe, based on objective and reasonable perceptions, my continued assignment would create an appearance of impropriety.

☐ 4. I have personal knowledge of disputed evidentiary facts concerning the proceeding.

☐ 5. I have been consulted or employed as an attorney in the matter in controversy.

☐ 6. I was a partner of a party, attorney for a party, or a member of a law firm representing a party within the preceding two years.

☐ 7. I know that I, individually or as a fiduciary, or my spouse, parent, or child wherever residing, or any other member of my family residing in my household, have more than a de minimis economic interest in the subject matter in controversy that could be substantially impacted by the proceeding.

☐ 8. I or my spouse, or a person within the third degree of relationship to either of us, or the spouse of such a person: (i) is a party to the proceeding, or an officer, director, or trustee of a party; (ii) is acting as a lawyer in the proceeding; (iii) is known by me to have a more than de minimis interest that could be substantially affected by the proceeding; or (iv) is to my knowledge likely to be a material witness in the proceeding.

☑ 9. Other: (specify)   The Plaintiff herein has reportedly filed a lawsuit against this Judge in the Federal District Court.

_12/19/2018_____                                                                                   _P44682____
Date                                               Judge                                           Bar no.

MC 264 (3/12)   ORDER OF DISQUALIFICATION/REASSIGNMENT                          MCR 2.003, MCR 8.111(C)

FILED 12/19/2018
Justin F. Roebuck
20th Circuit Court
Approved, SCAC

| STATE OF MICHIGAN | | ORDER OF DISQUALIFICATION/REASSIGNMENT | CASE NO. 12-073990 PP |
|---|---|---|---|
| 20th | JUDICIAL DISTRICT JUDICIAL CIRCUIT COUNTY PROBATE | | |

Court address
414 Washington St., Grand Haven, MI 49417

Court telephone no.
(616) 846-8230

| Plaintiff name(s) and address(es) | | Defendant name(s) and address(es) |
|---|---|---|
| Veronica Marota 550 Ferry Street Spring Lake, MI 49456 | v | Daniel Callahan 380 Lake Street Fruitport, MI 49415 |
| Plaintiff's attorney, bar no., address, and telephone no. | | Defendant's attorney, bar no., address, and telephone no. |
| Judy E. Bregman (P32252) Bregman & Welch PO Box 88 Grand Haven, MI 49417 (616) 846-3145 | | Matthew R. Kacel (P73528) 1 E. Apple Avenue, Suite C Muskegon, MI 49442 (231) 747-9663 |

In the matter of _____

IT IS ORDERED:

I, Hon. __Jon Hulsing__ __P44682__   ☐ on motion of _____,
Bar no.   ☑ on my own motion,

am disqualified under MCR 2.003 from hearing this case and I am requesting assignment of another judge for the following reason:

☐ 1. I am biased or prejudiced for or against a party or attorney.

☐ 2. I have, based on objective and reasonable perceptions, a serious risk of actual bias impacting the due process rights of a party as enunciated in *Caperton v Massey*, 556 US 868; 129 S Ct 2252; 173 L Ed 2d 1208 (2009).

☐ 3. I believe, based on objective and reasonable perceptions, my continued assignment would create an appearance of impropriety.

☐ 4. I have personal knowledge of disputed evidentiary facts concerning the proceeding.

☐ 5. I have been consulted or employed as an attorney in the matter in controversy.

☐ 6. I was a partner of a party, attorney for a party, or a member of a law firm representing a party within the preceding two years.

☐ 7. I know that I, individually or as a fiduciary, or my spouse, parent, or child wherever residing, or any other member of my family residing in my household, have more than a de minimis economic interest in the subject matter in controversy that could be substantially impacted by the proceeding.

☐ 8. I or my spouse, or a person within the third degree of relationship to either of us, or the spouse of such a person: (i) is a party to the proceeding, or an officer, director, or trustee of a party; (ii) is acting as a lawyer in the proceeding; (iii) is known by me to have a more than de minimis interest that could be substantially affected by the proceeding; or (iv) is to my knowledge likely to be a material witness in the proceeding.

☑ 9. Other: (specify) The Plaintiff herein has reportedly filed a lawsuit against this Judge in the Federal District Court.

__12/19/2018__
Date

"12073990PP"

Judge _____   P44682
Bar no.

MC 264 (3/12)  ORDER OF DISQUALIFICATION/REASSIGNMENT

MCR 2.003, MCR 8.111(C)

## ADDITIONAL DISQUALIFICATIONS

NOTE:  If there are not enough signature slots, attach additional sheets.

The undersigned judge(s) is/are also disqualified and refer by number to the reason printed on the front of this form.
NOTE:  IF REASON 9 IS ENTERED, THE COMMENT SECTION **MUST** BE COMPLETED.

| REASON 1-9 | DATE | SIGNATURE | COMMENT |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## REQUEST FOR REFERRAL TO SCAO

All of the judges of this court have disqualified themselves and have signed this order, indicating their reason for disqualification pursuant to MCR 2.003.

The designated Visiting Judge Clerk shall submit a copy of this order, **ALONG WITH THE REQUEST FOR ASSIGNMENT**, to the appropriate State Court Administrative Office to have another judge assigned to hear this case pursuant to MCR 2.003(D)(4).

_____          _____          Bar no. _____
Date                                                          Chief Judge

## INTERNAL REASSIGNMENT REQUEST

Judge _Karen J. Miedema_____          _P34879_____ has been chosen by lot or local administrative order from the judges not
                                                                      Bar no.
disqualified in this case. I request that this case be reassigned to this judge.

_12/19/2018_____          _Susan M. Franklin_____
Date                                                          Court Administrator or Clerk of the Court

Reassignment approved as requested.

_12-19-18_____          _____          Bar no. _____
Date                                                          Chief Judge

# APPENDICES 16A

Approved, SCAO

Original - Court
1st copy - LEIN (if applicable)
2nd copy - Respondent
3rd copy - Petitioner

| STATE OF MICHIGAN 20TH JUDICIAL CIRCUIT OTTAWA COUNTY | ORDER ON MOTION TO MODIFY, EXTEND, TERMINATE PERSONAL PROTECTION ORDER | CASE NO. 05-52037-PP WESLEY J. NYKAMP |
|---|---|---|

Court address
414 Washington, Room 301-A, Grand Haven, MI   49417     Court telephone no.   616-846-8315

Petitioner's name
*VERONICA HOLTROP*
Address and telephone no. where court can reach petitioner DO607
*550 FERRY STREET* *345 lot*
*FRUITPORT, MI 49415* *3rd 04815G*

v

Respondent's name, address, and telephone no.
*DANIEL EDWARD CALLAHAN*
*380 LAKE STREET*
*FRUITPORT, MI 49415*

Date: *8 May 2005*        Judge: *Wesley Nykamp p.*        Bar no.

☒ 1   This order is entered after hearing.

THE COURT FINDS:

2. A motion was filed to
   ☐ a. modify the personal protection order dated_____
   ☐ b. extend the expiration date of the personal protection order dated_____
   ☒ c. terminate the personal protection order dated   *4/26/05*_____

ATTEST TRUE
*[signature]*
DEP. OTTAWA COUNTY CLERK

3. ☐ a. Circumstances continue to exist which would require extension/modification of the order.
   ☐ b. Circumstances do not exist which would require extension/modification of the order.
   ☒ c. Circumstances do not exist which would require continuation of the term of the order. *as petitioner failed to appear*

IS ORDERED:

☐ 4. The motion to modify the personal protection order is granted   ☐ in full   ☐ in part.   An amended personal protection order shall be issued.

☐ 5. The personal protection order is extended from _____ to _____
                                                    Current expiration date              New expiration date

   The court clerk shall file this order with _____
                                              Name of law enforcement agency

   who shall enter the new expiration date in the LEIN system. The conditions of the existing personal protection are continued except as to the new expiration date. The respondent may, within 14 days of being served with a copy of this order, file a motion to modify or terminate this order.

☒ 6. The motion to terminate the personal protection order is granted. The court clerk shall complete and file the Removal or Entry from LEIN (form MC 239) with the law enforcement agency named in the last order.

☐ 7. The motion to modify/extend/terminate the personal protection order is denied and the existing personal protection order will expire on the date of that order.

This order is effective when signed.

Date *5/10/05*        Judge *[signature]*

CERTIFICATE OF MAILING

*Instruction to moving party: you must mail this order to the other party, date and sign below and file a copy of this certificate of mailing with the court clerk as soon as possible.*

I certify that on this date I mailed a copy of this order to the other party *Petitioner* at his/her last known address.

Date *5/10/05*        Moving party *[signature] Dep ottawa County clerk*

CC 385   (6/03)   ORDER ON MOTION TO MODIFY, EXTEND, TERMINATE PERSONAL PROTECTION ORDER          MCR 3.707

Approved, SCAO

| | |
|---|---|
| Original - Court | 3rd copy - Petitioner (pink) |
| 1st copy - Law enforcement agency (file) (green) | 4th copy - Return (yellow) |
| 2nd copy - Respondent (blue) | 5th copy - Return (goldenrod) |

STATE OF MICHIGAN
20TH JUDICIAL CIRCUIT
OTTAWA COUNTY

(A)

PERSONAL PROTECTION ORDER
☒ EX PARTE
(DOMESTIC RELATIONSHIP)

(B) CASE NO.

05-52037-PP

WESLEY J. NYKAMP

Court address: 414 Washington, Room 301-A, Grand Haven, MI  49417   Court telephone no. 616-846-8315
ORI MI- 700025J

Petitioner's name Ann
Jeronne Holtus

Address and telephone no. where court can reach petitioner
P.O. Box 345   616 566-6550
Spring Lake MI 49456
580 Perry St Spring Lake MI-A 49456

Respondent's name, address, and telephone no.
Daniel Callahan   616 485-3424
380 Lake
Fruitport, MI 49415

Full name of respondent (type or print)
Daniel Edward Callahan

Social security no. (if known)   Driver's license number (if known)

| Height | Weight | Race | Sex | Date of birth or Age | Hair color | Eye color | Other identifying information |
|---|---|---|---|---|---|---|---|
| 5'6" | 160 | White | M | 1/3/64 | light brown | blue | |

These items must be filled in for the police/sheriff to enter on LEIN; the other items are not required but are helpful. *needed for NCIC entry

Date: May 26-05   Judge: Kris Klein   Bar no.

1. This order is entered ☒ without a hearing. ☐ **after hearing.

☒2. A petition requested respondent be prohibited from entry onto the premises, and either the parties are married, petitioner has property interest in the premises, or respondent does not have a property interest in the premises.

☒3. Petitioner requested an ex parte order which should be entered without notice because irreparable injury, loss, or damage will result from the delay required to give notice or notice itself will precipitate adverse action before the order can be issued.

☐4. Respondent poses a credible threat to the physical safety of the petitioner and/or a child of the petitioner.

☒5. Petitioner and respondent have a domestic relationship other than dating.

IT IS ORDERED:

6. Daniel Callahan is prohibited from:

☒a. entering onto property where petitioner lives.

☒b. entering onto property at 580 Perry St Spring Lake

☒c. assaulting, attacking, beating, molesting, or wounding [name]

☒d. removing minor children from petitioner who has legal custody, except as allowed by custody or parenting time order provided removal of the children does not violate other conditions of this order. An existing custody order is dated 05-03-02. An existing parenting time order is dated 05-03-03.

☐e. stalking as defined under MCL 750.411h and MCL 750.411i which includes but is not limited to:
☐ following petitioner or appearing within his/her sight. ☐ appearing at petitioner's workplace or residence.
☐ sending mail or other communications to petitioner. ☐ contacting petitioner by telephone.
☐ approaching or confronting petitioner in a public place or on private property.
☐ entering onto or remaining on property owned, leased, or occupied by petitioner.
☐ placing an object on or delivering an object to property owned, leased, or occupied by petitioner.

☒f. interfering with petitioner's efforts to remove his/her children/personal property from premises solely owned/leased by respondent.

☒g. threatening to kill or physically injure [name]

☒h. interfering with petitioner at his/her place of employment or education or engaging in conduct that impairs his/her employment or educational relationship or environment.

☒i. having access to information in records concerning a minor child of petitioner and respondent that will reveal petitioner's address, telephone number, or employment address or that will reveal the child's address or telephone number.

☒j. purchasing or possessing a firearm.

7. Violation of this order subjects respondent to immediate arrest and to the civil and criminal contempt powers of the court. If found guilty, respondent shall be imprisoned for not more than 93 days and may be fined not more than $500.00.

8. This order is effective when signed, enforceable immediately, and remains in effect until 4-26-2006. This order is enforceable anywhere in this state by any law enforcement agency when signed by a judge, and upon service. may also be enforced by another state, an Indian tribe, or a territory of the United States. If respondent violates this order in a jurisdiction other than this state, respondent is subject to enforcement and penalties of the state, Indian tribe, or United States territory under whose jurisdiction the violation occurred.

9. The court clerk shall file this order with Ottawa County Sheriff Dept who will enter it into the LEIN.

10. Respondent may file a motion to modify or terminate this order. For ex parte orders, the motion must be filed within 14 days after being served with or receiving actual notice of the order. Forms and instructions are available from the clerk of court.

11. A motion to extend the order must be filed 3 days before the expiration date in item 8 or else a new petition must be filed.

April 7-05; 4:20

Date and time issued

Judge

SIGNED IN THE ABSENCE OF
MCL 600.2950, MCL 600.2950a
18 USC 2265(3)(b)

CC 375 (6/03) PERSONAL PROTECTION ORDER (Domestic Relationship)

# APPENDICES 16B

Approved, SCAO

| | Original - Court<br>1st copy - Law enforcement agency (file) (green)<br>2nd copy - Respondent (blue) | 3rd copy - Petitioner (pink)<br>4th copy - Return (yellow)<br>5th copy - Return (goldenrod) |

**STATE OF MICHIGAN**
20th **JUDICIAL CIRCUIT**
**OTTAWA COUNTY**

(A)

**PERSONAL PROTECTION ORDER**
**EX PARTE**
**(DOMESTIC RELATIONSHIP)**

(B) CASE NO.
Hulsing
2006-056252

Court address
ORI
MI- 700025J

414 Washington Street, Room 301-A, Grand Haven, MI 49417

Court telephone no.
616-846-8315

(C) Petitioner's name
Veronica Ann Holtrop

Address and telephone no. where court can reach petitioner
P.O. Box 345
Spring Lake, MI 49456

550 Ferry

v

Respondent's name, address, and telephone no.
Daniel Edward Callahan
380 Lake St.
Fruitport, MI 49415

(D) Full name of respondent (type or print)
Daniel Edward Callahan

| Height | Weight | Race | Sex | Date of birth or Age* | Hair color | Eye color | Other identifying information |
|---|---|---|---|---|---|---|---|
| 5'5" | 170 | White | M | 01/03/64 | Lt. brown | Blue | |

Social security no. (if known) | Driver's license number (if known)

*these items must be filled in for the police/sheriff to enter on LEIN; the other items are not required but are helpful  **needed for NCIC entry

Date: 8-30-06

Judge: Jon A VanAllsburg

1. This order is entered ☒ without a hearing. ☐ **after hearing.

Bar no.

☒ 2. A petition requested respondent be prohibited from entry onto the premises, and either the parties are married, petitioner has property interest in the premises, or respondent does not have a property interest in the premises.

☒ 3. Petitioner requested an ex parte order which should be entered without notice because irreparable injury, loss, or damage will result from the delay required to give notice or notice itself will precipitate adverse action before the order can be issued.

** ☒ 4. Respondent poses a credible threat to the physical safety of the petitioner and/or a child of the petitioner.

** ☒ 5. Petitioner and respondent have a domestic relationship other than dating.

IT IS ORDERED:

6. Daniel Edward Callahan is prohibited from DANIEL C. KRUEGER OTTAWA COUNTY CLERK

☒ a. entering onto property where petitioner lives.

☒ b. entering onto property at 550 Ferry St, Spring Lake, MI 49___

** ☒ c. assaulting, attacking, beating, molesting, or wounding Veronica Ann Holtrop

☒ d. removing minor children from petitioner who has legal custody, except as allowed by custody or parenting time order, provided removal of the children does not violate other conditions of this order. An existing custody order is dated ____. An existing parenting time order is dated ____

** ☒ e. stalking as defined under MCL 750.411h and MCL 750.411i which includes but is not limited to:
☒ following petitioner, or appearing within his/her sight.
☒ sending mail or other communications to petitioner.
☒ approaching or confronting petitioner in a public place or on private property.
☒ entering onto or remaining on property owned, leased, or occupied by petitioner.
☒ placing an object on or delivering an object to property owned, leased, or occupied by petitioner.
☒ appearing at petitioner's workplace or residence.
☒ contacting petitioner by telephone.

☐ f. interfering with petitioner's efforts to remove his/her children/personal property from premises solely owned/leased by respondent.

** ☒ g. threatening to kill or physically injure Veronica Ann Holtrop

☒ h. interfering with petitioner at his/her place of employment or education or engaging in conduct that impairs his/her employment or educational relationship or environment.

☐ i. having access to information in records concerning a minor child of petitioner and respondent that will reveal the child's address, telephone number, or employment address or that will reveal the child's address.

** ☐ j. purchasing or possessing a firearm.

*06056252PP*

7. Violation of this order subjects respondent to immediate arrest and to the civil and criminal contempt powers of the court. If found guilty, respondent shall be imprisoned for not more than 93 days and may be fined not more than $500.00.

8. **This order is effective when signed, enforceable immediately, and remains in effect until** 6/30/07. This order is enforceable anywhere in this state by any law enforcement agency when signed by a judge, and upon service, may also be enforced by another state, an Indian tribe, or a territory of the United States. If respondent violates this order in a jurisdiction other than this state, respondent is subject to enforcement and penalties of the state, Indian tribe, or United States territory under whose jurisdiction the violation occurred.

9. The court clerk shall file this order with Ottawa County Sheriff's Dept who will enter it into the LEIN.

10. Respondent may file a motion to modify or terminate this order. For ex parte orders, the motion must be filed within 14 days after being served with or receiving actual notice of the order. Forms and instructions are available from the clerk of court.

11. A motion to extend the order must be filed 3 days before the expiration date in item 8 or else a new petition must be filed.

8-30-06 at 1:55 pm
Date and time issued

Judge

CC 376 (6/04) **PERSONAL PROTECTION ORDER (Domestic Relationship)**

MCL 600.2950, MCR 3.705, MCR 3.706,
18 USC 922(g)(8)(c)

SIGNED IN THE ABSENCE OF
JON HULSING, CIRCUIT JUDGE

FILED
AUG 30 2006
DANIEL C. KRUEGER
OTTAWA COUNTY CLERK

# APPENDICES 16C

Original - Court
1st copy - Other party
2nd copy - Moving party

3rd copy - Friend of the court
4th copy - Proof of service
5th copy - Proof of service

Approved, SCAO

| STATE OF MICHIGAN | **EX PARTE** | Ⓐ | CASE NO. |
|---|---|---|---|
| 20th JUDICIAL CIRCUIT | ORDER REGARDING PARENTING TIME | | 00-37443-DS |
| Ottawa COUNTY | | | |

Court address   414 Washington Ave, Grand Haven, MI 49417   Court telephone no.

Ⓑ Plaintiff's name, address, and telephone no.

Veronica Holtrop
PO Box 345
Spring Lake, MI 49456

v

Defendant's name, address, and telephone no.

Daniel Callahan
380 Lake Street
Fruitport, MI 49456

Third party's name, address, and telephone no.

Ⓒ Date: _____ 6-14-10 _____

Judge: _____ J. Lim _____ 44672
Bar no.

Ⓓ 1. This order is entered   ☐ after hearing.   ☐ on consent of the parties.   ☐ on stipulation of the parties.

**THE COURT FINDS:**

Ⓔ ☐ 2. A motion requesting parenting time/change of parenting time was filed.

Ⓕ ☐ 3. A response to the motion was filed.

Ⓖ ☑ 4. It   ☑ is   ☐ is not   in the best interests of the child(ren) to   ☐ establish   ☐ change   parenting time.

Ⓗ ☐ 5. It is in the best interests of the child(ren) to dismiss the motion.

**IT IS ORDERED:**

Ⓘ ☐ 6. The motion is dismissed. Parenting time is unchanged and the existing order remains in effect.

Ⓙ ☑ 7. Parenting time is   ☐ established   ☑ changed   ☐ to be made up   as follows:
Explain in detail what the court has ordered.

Defendant's Parenting time is suspended.

8. Except as changed in this order, the prior order (if there is one) remains in effect.

Ⓚ Plaintiff's signature (consent/stipulation)          Defendant's signature (consent/stipulation)

Third party's signature (consent/stipulation)

Ⓛ Approved as to form: _____
Friend of the court signature (only if required)

Date   6-14-10

Judge

CERTIFICATE OF MAILING

I certify that on this date I served a copy of this order on the other party(ies) or their attorneys by first-class mail addressed to their last-known addresses as defined in MCR 3.203.

Ⓜ Date                    Signature

FOC 67 (3/09)   ORDER REGARDING PARENTING TIME                    MCL 552.14, MCR 2.119

| STATE OF MICHIGAN 20TH Judicial Circuit Ottawa County | RECOMMENDED ORDER ESTABLISHING PARENTING TIME | Case No.: 2000-037443-DS Judge: KENT D ENGLE |
|---|---|---|

Court Address: 414 Washington Ave, Suite 225, Grand Haven, MI 49417        Court Telephone: (616) 846-8210

| Plaintiff: VERONICA HOLTROP Address confidential | Defendant: DANIEL CALLAHAN Address confidential |
|---|---|

An Order was entered by this Court on 1/18/11, referring the issue of parenting time to the Ottawa County Friend of the Court for determination. The Friend of the Court has since reviewed the matter and it appears to the Court that an Order should now be entered:

**THE COURT FINDS:**

It is in the best interest of the child(ren) to establish parenting time.

**IT IS ORDERED:**

Parenting time will be scheduled once a week, per the availability of the therapist, as specified below.

Parenting time will initially take place in a supervised, therapeutic setting and should focus on improving Danielle's relationship with her father, while maintaining her security and safety. The Defendant may choose a therapist willing to supervise the visits, as long as this therapist is approved by the Friend of the Court and able to perform the required therapy and supervision. It is the Defendant's responsibility to propose an acceptable therapist as specified above.

The Defendant must then receive approval from the Friend of the Court psychologist, Ben Burgess, before scheduling appointments with the therapist.

The Defendant must notify the Plaintiff of the appointments no less than three (3) days prior to any scheduled appointments to allow for her to arrange her schedule to transport the child to and from the appointments.

**The Friend of the Court recommends parenting time be ordered as above. If you disagree with this recommendation, you must file a written objection with the Friend of the Court on or before 21 (twenty-one) days from the date this order is mailed. If you do not file a timely objection, this order will be presented to the Court for entry.**

Except as changed in this order, the prior order remains in effect.

Prepared and submitted by:

*Jennell L. Challa*        1/25/2011
                                          2:50 PM

JENNELL CHALLA P-54219
FRIEND OF THE COURT
OTTAWA COUNTY - E-SIGNATURE

Jennell Challa (P54219)
Friend of the Court

*Kent D. Engle*        2/21/2011
                                          2:23 PM

KENT D. ENGLE - P30288 - 20TH CIRCUIT COURT JUDGE
OTTAWA COUNTY - E-SIGNATURE

Hon Kent D Engle

## CERTIFICATE OF MAILING

I certify that on this date, I served a copy of this order on the parties, by first class mail, addressed to their last known addresses as defined in MCR 3.203.

*Brenda Kamphuis*        01/26/2011
                                          1:45 PM

BRENDA KAMPHUIS - JUDICIAL CLERK II
OTTAWA COUNTY - FRIEND OF THE COURT

.

# APPENDICES 16D

White/ File     Green/Defendant     Yellow /Defense. Atty     Pink/Prosecutor     Gold/Department

| STATE OF MICHIGAN 60TH JUDICIAL DISTRICT COUNTY OF MUSKEGON | DISPOSITION AND/OR NOTICE TO APPEAR | Case No(s) 10119256SM |
|---|---|---|

HALL OF JUSTICE, 990 TERRACE, MUSKEGON, MI 49442
Court Telephone No. (231) 724-6258

Charges: **A&B-DV 1ST**

**CALLAHAN/DANIEL/EDWARD**
Defendant                    ☐ Video Arm.  ☐ Personal Service

**PRO PER,*,**
Defense Attorney                              ☐ Personal Service

**FRUITPORT TOWNSHIP POLICE DEPARTMENT**
Department

**TAGUE,TONY,** _Baker_
Prosecutor  ☐ Personal Service  /  Probation Officer  ☐ Personal Service

**YOU ARE DIRECTED TO APPEAR FOR:**

| | Date | Time | Courtroom (1st Floor Main Hallway) |
|---|---|---|---|
| Pre-Prelim Exam | | | |
| Preliminary Exam | | | |
| Pretrial Conf | | | (1st Floor Main Hallway) |
| Trial Jury/Judge | | | |
| Probation Viol Hrg/Sent | | | |
| Plea | | | |
| Sentencing | | | |

ASSIGNED JUDGE:
☐ Harold F. Closz, III     ☐ Maria Ladas Hoopes
☐ Michael J. Nolan         ☐ Andrew Wierengo, III

Miscellaneous Orders: _____

**IMPORTANT: READ THIS CAREFULLY**
1. Bring this notice with you. **BE ON TIME.**
2. No case may be adjourned except by authority of the judge for good cause shown.
3. **FAILURE TO APPEAR** may subject you to the penalty for contempt of the court.
4. If you intend to employ a lawyer, he/she should be notified of the date at once.
5. FINES, COSTS, AND FEES NOT PAID WITHIN 56 DAYS OF THE DATE OWED ARE SUBJECT TO A 20% LATE PENALTY ON THE AMOUNT OWED.
6. You MUST notify the Court of any change of address or phone number.

**CERTIFICATE OF SERVICE**
I certify that on this date copies of this notice were given to the parties or their attorneys.

_____
Recorder / Magistrate

Date **04/01/10**  Time **10.32**

ARR: ☐ Closz ☐ Ladas Hoopes ☐ Nolan ☐ Wierengo ☐ VanEpps ☐ Wiewiora ☐

☐ Arm   PV   BW   OSC   ☐ Plea   ☐ BT   ☐ JT   ☐ Sent   ☐ PE
☐ _____ **JURY TRIAL** _____  ☐ Waive ☐ Demand
☐ Held  ☐ Adjourn  ☐ Petition Attorney  ___ Granted ___ Denied
Wit / Def ☐ FTA  Issue  OSC / BW on: _____
M  NC (NG) Guilty _____ Dismiss _____
B/O to Circuit Court _____  ☐ Waive C.C. Arm
Bond $ _____ Cont'd C/S 10% PR OR FS Estreat Reinstated
Conditions _____

No Contact: ☐ Lifted  ☐ Ordered
Victim: _____

**SENTENCE**
License: ☐ Revoke ☐ Suspend _____ Da/Mo/Yr ☐ Restricted

I- Jail _____ days; Serve _____ Credit _____, Susp _____
II-Jail _____ days; Serve _____ Credit _____, Susp _____
III-Jail _____ days; Serve _____ Credit _____, Susp _____
☐ Concurrent ☐ Contempt ☐ Work Release ☐ School Release

☐ Probation _____ Mo/Yr ☐ SAS ☐ 7411 ☐ HYTA ☐ MIP

☐ Vehicle Immobilization _____

☐ Community Service _____ Hours / By _____ or _____ Jail days

| | I | II | III |
|---|---|---|---|
| Fine | | | |
| Costs | | | |
| BW Fee | | | |
| Probation Fee | | | |
| Assessment Fee | | | |
| Crime Victims Act | | | |

TOTAL DUE $ _____ pay by _____ or _____ jail days

Restitution $ _____ To: _____

☐ Apply Bond _____

**REPORT TO:** ☐ Probation ☐ Collections ☐ Community Service
☐ District Court Records
☐ Immediately ☐ Immediately Upon Jail Release

2010000359 jh

| STATE OF MICHIGAN<br>60TH JUDICIAL DISTRICT<br>14TH JUDICIAL CIRCUIT | COMPLAINT<br>MISDEMEANOR | DISTRICT:<br><br>CIRCUIT: |
|---|---|---|

District Court ORI: MI610025J
990 Terrace Street, Muskegon, MI 49442 231-724-6283

Circuit Court ORI: MI610015J
990 Terrace Street Muskegon, MI 49442

| THE PEOPLE OF THE<br>STATE OF MICHIGAN | Defendant's name and address<br>V DANIEL EDWARD CALLAHAN<br>380 LAKE STREET<br>SPRING LAKE, MI 49456 | Victim or complainant |
|---|---|---|
| | | Complaining Witness |

| Co-defendant(s) | | | Date: On or about<br>01/17/2010 |
|---|---|---|---|

| City/Twp./Village<br>Fruitport Twp. 380 Lake Street | County in Michigan<br>Muskegon | Defendant TCN | Defendant CTN<br>61-10000359-01 | Defendant SID | Defendant DOB<br>M/W<br>01/03/1964 |
|---|---|---|---|---|---|

| Police agency report no.<br>FPPD 2010-248 | Charge<br>See below | DLN Type: | Vehicle Type | Defendant DLN | |
|---|---|---|---|---|---|

**STATE OF MICHIGAN, COUNTY OF MUSKEGON**

The complaining witness says that on the date and at the location described, the defendant, contrary to law,

**COUNT 1:** DOMESTIC VIOLENCE
did, make an assault or an assault and battery upon Veronica Holtrop , an individual with whom he had a child in common; contrary to MCL 750.81(2). [750.812]
MISDEMEANOR: 93 Days and/or $500.00

The complaining witness asks that the defendant be apprehended and dealt with according to law.

(*Peace Officers Only* ) I declare that the statements above are true to the best of my information, knowledge and belief.

| | |
|---|---|
| Warrant authorized on _____<br><br>Date<br>by: _____<br>    James L. Corbett, P59312 | Complaining Witness Signature _____<br><br>Subscribed and sworn to before me on _____<br>                                            Date<br><br>_____<br>Judge/Magistrate/Clerk            Bar no. |

# APPENDICES 16E

| STATE OF MICHIGAN | NOTICE TO APPEAR | CASE NO. |
|---|---|---|
| 20TH Circuit | | 00-037443-DS |

**YOU ARE DIRECTED TO APPEAR AT:**       **BEFORE:**

20TH Circuit Court
414 Washington St.
Grand Haven MI 49417

Honorable JON HULSING

**APPEARANCE TYPE:**

change domicile

**DATE**
Friday July 23, 2010

**TIME**
11:30 AM

VERONICA ANN HOLTROP
550 FERRY STREET
SPRING LAKE MI 49456

**COMMENTS**

Plaintiff      -VS-      ☐ Personal service

DANIEL EDWARD CALLAHAN
380 LAKE ST.
FRUITPORT MI 49415

Defendant      ☐ Personal service

**TO:**

DANIEL EDWARD CALLAHAN
380 LAKE ST.
FRUITPORT MI 49415

**IMPORTANT: READ THIS CAREFULLY**

1. Bring this notice with you.

2. No case may be adjourned except by authority of the judge for good cause shown.

3. FAILURE OF THE DEFENDANT TO APPEAR in a civil case may cause a default judgment to be entered. FAILURE OF THE PLAINTIFF TO APPEAR may result in a dismissal of the case.

4. FAILURE TO APPEAR in a criminal case may subject you to the penalty for contempt of court, and a bench warrant may be issued for your arrest.

5. If you intend to employ a lawyer, s/he should be notified of the date at once.

_____Kelly Aylsworth_____
Assignment Clerk/Director

**CERTIFICATE OF SERVICE/MAILING**

I certify that on this date, copies of this notice were served upon the parties or their attorney's indicated above by ordinary mail addressed to the address shown unless otherwise indicated.

_____6/25/10_____
Date

_____Kelly Aylsworth_____
Assign. Clerk

F003

Received 6/16/20

DEFENDANT'S
EXHIBIT

PENGAD-Bayonne, N. J.

D-8697

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OTTAWA
FAMILY DIVISION

Veronica Holtrop , Plaintiff

vs.

Daniel Callahan , Defendant

FILE NO: 00-37443-DS

MOTION REQUESTING
CHANGE OF DOMICILE

NOW COMES THE ☒ Plaintiff ☐ Defendant, Veronica Holtrop , in pro per and
hereby requests this Court to grant change of domicile for the minor child(ren) in this case. In support
therefore, petitioner says as follows:

1.  The petitioner, Veronica Holtrop , be allowed to move with his or her child(ren) to
    the state of California .

2.  That the minor child(ren) is/are in the custody of the ☒ Plaintiff ☐ Defendant and have been
    since April 4, 2000

3.  That the reason for this request for a change of domicile is:

    I am engaged to be married. My Fiance
    has a well-established career. He has
    been employed by the same company for
    over 30 years, and will be retiring in March, 2011.
    I own a Habitat for Humanity home, therefore after Danielle
    Finishes the 2010/2011 School year, we will be considering
    moving back.
Dated 06/14/10          Signature Veronica Holtrop      If we are
                                                        granted permission
                                                        to leave the
                                                        state of Michigan.

NOTICE OF HEARING

PLEASE BE ADVISED that hearing on a motion requesting change of domicile will be held in the Circuit

Court Courtroom in the Ottawa County Building, 414 Washington Ave, Grand Haven MI, on Friday ,

the 25th day of June , 2010, at 10:15 o'clock ☒ a.m. ☐ p.m.

*00037443DS*

STATE OF MICHIGAN

IN THE 20TH CIRCUIT COURT FOR THE COUNTY OF OTTAWA

---

VERONICA ANN HOLTROP,

              Plaintiff,

v                                 File No. 00-37443-DS

DANIEL EDWARD CALLAHAN,

              Defendant.

_____/

MOTION TO CHANGE DOMICILE

BEFORE THE HONORABLE JON HULSING, CIRCUIT JUDGE

Grand Haven, Michigan - Friday, June 25, 2010

APPEARANCES:
For the Plaintiff:           In Pro Per
                        550 Ferry Street
                        Spring Lake, Michigan  49456

For the Defendant:           In Pro Per
                        380 Lake Street
                        Fruitport, Michigan  49415

RECORDED BY:                Tamera Russell, CER 7906
                        Certified Electronic Reporter
                        (616) 846-8320

1

to be there with him and I wanted to go home.  I kept
calling, they wouldn't answer, it took--when the police
officers from Fruitport came I told (inaudible) and I told
him about this incident.  I said I wanted to go home, I
thought she was going to be arrested and she's there or I
would've been home.

THE COURT:  Getting back to Mr. Porter, have you
ever told anybody that you had some sort of romantic or
sexual relationship with a Mr. Porter?

MS. HOLTROP:  Not that I remember.

THE COURT:  Not that you remember?  Could you
have said that?

MS. HOLTROP:  I knew that he was attracted to
me, he's my son's friend, that's it, you know he was my
son's--

THE COURT:  From your knowledge is there a
belief right or wrong amongst your family and friends that
you had some sort of an intimate relationship with Mr.
Porter?

MS. HOLTROP:  Is there a belief, there is a
belief, yes that's correct.

THE COURT:  How did that belief arise if you
know?

MS. HOLTROP:  Mr. Callahan has told everybody,
everybody that he knows this, about this thing about

28

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OTTAWA

VERONICA HOLTROP,
              Plaintiff,                          **File No. 00-37443-DS**

v                                                 **ORDER TO ALLOW AN**
                                                  **INCARCERATED PERSON TO**
DANIEL CALLAHAN,                                  **PARTICIPATE IN A TELEPHONIC**
              Defendant,                          **HEARING**


At a session of said Court held on the ___9ᵗʰ___ day of _____, 2010;
        PRESENT:   HONORABLE JON HULSING, Circuit Judge


        Pursuant to MCR 2.004, effective January 1, 2003, a party incarcerated under the
jurisdiction of the Department of Corrections is entitled to participate by telephone in domestic
relations hearings involving minor children.  Therefore;

        **IT IS HEREBY ORDERED** That Ryan Porter inmate #733214 who is a witness in the
above titled case shall be allowed access to a telephone for a non-collect and unmonitored call to
participate in a hearing on the following date and time:  August 20, 2010 at 8:30 a.m.

        The Court will initiate this call.  Please provide the Court with the telephone number by
calling 616-846-8318 or faxing to 616-846-8302 (Attn: Tammy or Theresa) before August 16,
2010.


                                        _____
                                        Jon Hulsing, Circuit Court Judge

# APPENDICES 16F

Received:11/19/2012 OCClerk

Approved, SCAO

| Original - Court | |
| 1st copy - Law enforcement agency (file) (green) | 3rd copy - Petitioner (pink) |
| 2nd copy - Respondent (blue) | 4th copy - Return (yellow) |
| | 5th copy - Return (goldenrod) |

**STATE OF MICHIGAN**
20th **JUDICIAL CIRCUIT**
OTTAWA **COUNTY** (A)

**PERSONAL PROTECTION ORDER**
☒ **EX PARTE**
(DOMESTIC RELATIONSHIP)

(B) CASE NO.
12-73990-PP
JON HULSING

Court address 414 WASHINGTON AVE, ROOM 320, GRAND HAVEN, MI 49417
ORI
MI- 700025J

Court telephone no.
(616) 846-8315

(C) Petitioner's name
Veronica Ann Marota
Address and telephone no. where court can reach petitioner
550 Ferry Street 616-638-9806
Spring Lake, MI 49456

v

Respondent's name, address, telephone no., and DLN
Daniel Edward Callahan
380 Lake Street 616-485-3424
Fruitport, MI 49415

(D)
| Height 5'6" | Weight 175 | Race White | Sex M | Date of birth or age 01/08/64 | Hair color Dark Blond | Eye color Blue | Other identifying information Sometime wears glasses - (mug shot Attached) |

*These items must be filled in for the police/sheriff to enter on LEIN; the other items are not required but are helpful. **Needed for NCIC entry.

Date: 11-19-12     Judge: [signature] Jon Hulsing

☒ no hearing. ☐ **after hearing.

☒ 1. A petition requested respondent be prohibited from entry onto the premises, and either the parties are married, petitioner has property interest in the premises, or respondent does not have a property interest in the premises.

☒ 2. Petitioner requested an ex parte order, which should be entered without notice because irreparable injury, loss, or damage will result from the delay required to give notice or notice itself will precipitate adverse action before the order can be issued.

☒ 3. Respondent poses a credible threat to the physical safety of the petitioner and/or a child of the petitioner.

☒ 4. Respondent ☐ **is the spouse or former spouse of the petitioner, had a child in common with the petitioner, or is residing or had resided in the same household as the petitioner. ☐ has or had a dating relationship with the petitioner.

**IT IS ORDERED:**

5. Daniel Edward Callahan is prohibited from:

☒ a. entering onto property where petitioner lives.

☐ b. entering onto property at

☒ c. assaulting, attacking, beating, molesting, or wounding Veronica Marota, Vince Marota or Any of Their Children

☒ d. removing minor children from petitioner who has legal custody, except as allowed by custody or parenting-time order, provided removal of the children does not violate other conditions of this order. An existing custody order is dated 8-21-2000 . An existing parenting-time order is dated 3-29-2012 .

☒ e. stalking as defined under MCL 750.411h and MCL 750.411i that includes but is not limited to:
☒ following petitioner or appearing within his/her sight.  ☒ appearing at petitioner's workplace or residence.
☒ sending mail or other communications to petitioner.  ☒ contacting petitioner by telephone.
☒ approaching or confronting petitioner in a public place or on private property.
☒ entering onto or remaining on property owned, leased, or occupied by petitioner.
☒ placing an object on or delivering an object to property owned, leased, or occupied by petitioner.

☒ f. interfering with petitioner's efforts to remove his/her children/personal property from premises solely owned/leased by respondent.

☒ g. threatening to kill or physically injure Veronica Marota, Vince Marota or Any of Their Children

☒ h. interfering with petitioner at his/her place of employment or education or engaging in conduct that impairs his/her employment or educational relationship or environment.

☒ i. having access to information in records concerning a minor child of petitioner and respondent that will reveal petitioner's address, telephone number, or employment address or that will reveal the child's address or telephone number.

☒ j. purchasing or possessing a firearm.

☒ k. other: May not be within 1,000 yards of any of The individuals named unlisted above

6. As a result of this order, federal and/or state law may prohibit you from possessing or purchasing ammunition or a firearm.

7. Violation of this order subjects respondent to immediate arrest and to the civil and criminal contempt powers of the court. If found guilty, respondent shall be imprisoned for not more than 93 days and may be fined not more than $500.00.

8. This order is effective when signed, enforceable immediately, and remains in effect until 11/19/13 . This order is enforceable anywhere in this state by any law enforcement agency when signed by a judge, and upon service, may also be enforced by another state, an Indian tribe, or a territory of the United States. If respondent violates this order in a jurisdiction other than this state, respondent is subject to enforcement and penalties of the state, Indian tribe, or United States territory under whose jurisdiction the violation occurred.

9. The court clerk shall file this order with Ottawa County Sheriff who will enter it into the LEIN.

10. Respondent may file a motion to modify or terminate this order. For ex parte orders, the motion must be filed within 14 days after being served with or receiving actual notice of the order. Forms and instructions are available from the clerk of court.

11. A motion to extend the order must be filed 3 days before the expiration date in item 8 or a new petition must be filed.

11-19-12 @ 2:10 pm
Date and time issued

Judge [signature]

Bar no. P44687

CC 376 (3/12) PERSONAL PROTECTION ORDER (Domestic Relationship)   MCL 600.2950, MCR 3.705, MCR 3.706, 18 USC 922(g)(8)(c)

NOV 19 2012

FAXED

# APPENDICES 17

## CHILD ABUSE/NEGLECT – CENTRAL REGISTRY EXPUNCTION ACTION
### Michigan Department of Health and Human Services

| Requester Name | | |
|---|---|---|
| Daniel  Callahan | | |

| Case Number SWSS/MiSACWIS 5518201 | | MiSACWIS Person ID 5608492 |
|---|---|---|
| County 70 | District | Section | Unit | Worker |
| Recip ID (As required) | | Date 3/23/18 |

DANIEL CALLAHAN
380 LAKE STREET
Fruitport, MI 49415

After review of your request for a hearing, Children's Protective Services has expunged information in the State Child Abuse and Neglect Central Registry as follows:

Your information was removed from Central Registry for the placement date(s) of  __10/21/99 , 3/27/12__

| CPS Supervisor Signature | Printed Name | County | Telephone Number | Fax Number |
|---|---|---|---|---|
|  | T. Butkus | Ottawa | 616 394-7200 | 616 394-0029 |

As a result of the above action, a hearing will not be scheduled at this time. If, however, you believe that a basis for a hearing still exists, you may contact the local MDHHS office to request that a hearing be scheduled; this request must be made within the time period stated in the Notice of Placement on Central Registry.

| AUTHORITY: P.A. 238 of 1975.<br>RESPONSE: Voluntary.<br>PENALTY: None | The Michigan Department of Health and Human Services (MDHHS) does not discriminate against any individual or group because of race, religion, age, national origin, color, height, weight, marital status, genetic information, sex, sexual orientation, gender identity or expression, political beliefs or disability. |
|---|---|

DISTRIBUTION: Client
Case File

**INCIDENT/INVESTIGATION REPORT**

| Agency Name: Fruitport Police Department | | Case# 2013-00567 |
|---|---|---|
| ORI MI 6141200 | | Date / Time Reported 02/06/2013 10:3 We |
| Location of Incident 380 Lake St, Fruitport Village MI 49415- | Premise Type Residence/home   Zone/Tract | Last Known Secure 02/06/2013 10:3 We |
| | | At Found 02/06/2013 10:3 We |

**NC IDEN DATA**

| #1 | Crime Incident(s) Sexual Contact Forcible (csc 2) 11007 | (Co ) | Weapon / Tools Personal Weapon | | |
|---|---|---|---|---|---|
| | | | Entry | Exit | Security   Activity N |
| #2 | Crime Incident | ( ) | Weapon / Tools | | |
| | | | Entry | Exit | Security   Activity |
| #3 | Crime Incident | ( ) | Weapon / Tools | | |
| | | | Entry | Exit | Security   Activity |

MO

| # of Victims 1 | Type: INDIVIDUAL/ NOT LAW | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Victim/Business Name (Last, First, Middle) CALLAHAN, DANIELLE ERICA | Victim of Crime # 1 | DOB Age | Race W | Sex F | Relationship To Offender 199 | Resident Status | Military Branch/Status | Injury: None |
| Home Address | | | | | | | | |
| Employer Name/Address | | | | | | Home Phone | | |

| VYR | Make | Model | Style | Color | Lic/Lis | | Business Phone | Mobile Phone |
|---|---|---|---|---|---|---|---|---|
| | | | | | | VIN | | |

CODES: V- Victim (Denote V2, V3)   O = Owner (if other than victim)   R = Reporting Person (if other than victim)

**OTHERS INVOLVED**

| Type: INDIVIDUAL/ NOT LAW ENFORCEMENT | | | | | | | Injury: | |
|---|---|---|---|---|---|---|---|---|
| Code PR | Name (Last, First, Middle) MAROTA, VERONICA ANN | Victim of Crime # | DOB Age | Race W | Sex F | Relationship To Offender | Resident Status | Military Branch/Status |
| Home Address | | | | | | | | |
| Employer Name/Address | | | | | Business Phone | | Home Phone | |
| | | | | | | | Mobile Phone 231- | |

| Type: | | | | | | | Injury: | |
|---|---|---|---|---|---|---|---|---|
| Code | Name (Last, First, Middle) | Victim of Crime # | DOB Age | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
| Home Address | | | | | | | | |
| Employer Name/Address | | | | | Business Phone | | Home Phone | |
| | | | | | | | Mobile Phone | |

1 = None   2 = Burned   3 = Counterfeit / Forged   4 = Damaged / Vandalized   5 = Recovered   6 = Seized   7 = Stolen   8 = Unknown
("OJ" = Recovered for Other Jurisdiction)

**PROPERTY**

| VI # | Code | Status Frm/To | Value | OJ | QTY | Property Description | Make/Model | Serial Number |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| Officer/ID# RYPSTRA, BRYAN J (FPPDBJRJ) | | |
|---|---|---|
| Invest ID# RYPSTRA, BRYAN J (FPPDBJRJ) | | |
| Status   Complainant Signature | | Supervisor MORNINGSTAR, BRUCE A |
| | Case Status Closed   01/21/2016 | Case Disposition: |
| Printed By: FPPDJFW1, | Sys#: 376782 | Page 1 |
| | | 07/18/2016 15:49:30 |

## REPORTING OFFICER NARRATIVE

| Fruitport Police Department | | OCA |
|---|---|---|
| Victim<br>CALLAHAN, DANIELLE ERICA | Offense<br>SEXUAL CONTACT FORCIBLE (CSC 2) | 2013-00567 |
| | | Date / Time Reported<br>Wed 02/06/2013 10:39 |

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

INFORMATION:

On 02/06/13 I received a fax report from Ottawa CPS in regards to a CSC complaint which was alleged to have occurred at 380 Lake St. in Fruitport township.

The report advised that 12 year old Danielle Callahan was reporting that she had been sexually molested at the home by her father Daniel Callahan. The abuse was said to have occurred approximately 1 year prior during Danielle's last visit to the Lake St. home.

The allegations in the report included Daniel making Danielle sit on his lap, Daniel trying to coerce Danielle to come into his room, and Daniel coming into Danielle's room, and " touching her where he was not supposed to".

CONTACT WITH OTTAWA CPS:

I made contact with Karyn Miller (CPS) and discussed the report with her. she advised me that she would set up an interview at the Ottawa CAC, for Danielle to be interviewed further about the allegations.

She advised me later that the interview had been scheduled for Monday February 11th, at 1000 hrs.

Investigation continues

#22209 B. Rypstra
Reviewed: BAM

Fruitport Police Department                    Incident Report Suspect List

OCA: 2013-00567

| Name (Last, First, Middle) | | | | | | | Also Known As | | Home Address |
|---|---|---|---|---|---|---|---|---|---|
| 1 | CALLAHAN, DANIEL EDWARD | | | | | | | | 380 LAKE ST |

Business Address DCI
616-485-3424, BOAT SALES, 380 LAKE ST

Home Address
380 LAKE ST
FRUITPORT VILLAGE, MI 49415-9643
616-485-3424

| DOB. | Age | Race | Sex | Eth | Hgt | Wgt | Hair | Eye | Skin | Driver's License / State. |
|---|---|---|---|---|---|---|---|---|---|---|
| 01/03/196 | 49 | W | M | U | 507 | 160 | BR | BL | FA | C450135189010 MI |

Scars, Marks, Tattoos, or other distinguishing features

| Reported Suspect Detail | | Suspect Age | | Race | Sex | Eth | Height | | Weight | | SSN |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Weapon, Type | Feature | | Make | | Model | | Color | | Caliber | | |
| VehYr/Make/Model | | | Drs | Style | | Color | | Lic/St | | Dir of Travel | |
| | | | | | | | | | | Mode of Travel | VIN |

Notes

Physical Char
Build. MEDIUM
Hands. RIGHT HANDED

## CASE SUPPLEMENTAL REPORT

Printed: 07/18/2016 15:49

*Fruitport Police Department*

OCA: *201300567*

THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY

Case Status: *CLOSED*          Case Mng Status: *CLOSED*

Offense: *SEXUAL CONTACT FORCIBLE (CSC 2)*          Occurred: *02/06/2013*

Investigator: *RYPSTRA, BRYAN J   (FPPDBJR1)*          Date / Time: *02/11/2013 13:31:48, Monday*

Supervisor: *MORNINGSTAR, BRUCE A ...*          Supervisor Review Date / Time: *02/14/2013 18:12:42, Thursday*

Contact:          Reference: *Supplement*

---

Supplemental report to #2013-00567

CAC INTERVIEW DANIELLE CALLAHAN:

On 02/11/13 i attended a CAC interview of Danielle Callahan at the Ottawa County Child Advocacy Center.

During the interview Danielle made no disclosure that she was touched inappropriately by Daniel Callahan, or by anyone else.

Danielle did exhibit some signs of fear, and became very anxious during the interview, but when asked if she had ever been touched by anyone on her private areas, or if she had ever been asked to touch anyone on theirs, she stated "no".

Case is closed as Unfounded

#22209 B. Rypstra
Reviewed: BAM

Investigator Signature                    Supervisor Signature